**Hearing Date & Time: September 20, 2023 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: September 6, 2022 at 4:00 p.m. (prevailing Eastern Time)**

Samuel A. Khalil, Esq.
Lauren C. Doyle, Esq.
Brain Kinney, Esq.
Edward R. Linden, Esq.
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219

*Proposed Counsel to all Debtors and Debtors
in Possession other than the Participation
Debtors*[1]

Cameron A. Gee, Esq.
Michael J. Edelman, Esq.
William W. Thorsness, Esq. (*pro hac vice pending*)
**VEDDER PRICE P.C.**
1633 Broadway, 31st Floor
New York, New York 10019
Telephone:    (212) 407-7700
Facsimile:    (212) 407-7799

*Proposed Counsel to the Participation Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Voyager Aviation Holdings, LLC *et al.*, | Case No. 23-11177 (JPM) |
| Debtors.[2] | (Jointly Administered) |

**NOTICE OF HEARING ON DEBTORS' MOTION**
**FOR ENTRY OF AN ORDER (I) APPROVING (A) THE**
**DISCLOSURE STATEMENT AND (B) SOLICITATION**
**AND NOTICE MATERIALS; (II) ESTABLISHING SOLICITATION**
**AND VOTING PROCEDURES, (B) PROCEDURES FOR ALLOWING**

---

[1]    "Participation Debtors" means, collectively, Aetios Aviation Leasing 1 Limited, Aetios Aviation Leasing 2 Limited, Panamera Aviation Leasing XII Designated Activity Company, and Panamera Aviation Leasing XIII Designated Activity Company.

[2]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Voyager Aviation Holdings, LLC (8601); A330 MSN 1432 Limited (N/A); A330 MSN 1579 Limited (N/A); Aetios Aviation Leasing 1 Limited (N/A); Aetios Aviation Leasing 2 Limited (N/A); Cayenne Aviation LLC (9861); Cayenne Aviation MSN 1123 Limited (N/A); Cayenne Aviation MSN 1135 Limited (N/A); DPM Investment LLC (5087); Intrepid Aviation Leasing, LLC (N/A); N116NT Trust (N/A); Panamera Aviation Leasing IV Limited (N/A); Panamera Aviation Leasing VI Limited (N/A); Panamera Aviation Leasing XI Limited (N/A);  Panamera Aviation Leasing XII Designated Activity Company (N/A); Panamera Aviation Leasing XIII Designated Activity Company (N/A); Voyager Aircraft Leasing, LLC (2925); Voyager Aviation Aircraft Leasing, LLC (3865); Voyager Aviation Management Ireland Designated Activity Company (N/A); and Voyager Finance Co. (9652).  The service address for each of the Debtors in these cases is 301 Tresser Boulevard, Suite 602, Stamford, CT 06901.

**CLAIMS FOR VOTING PURPOSES AND (C) NOTICE AND OBJECTION
PROCEDURES; AND (III) SCHEDULING CONFIRMATION HEARING**

PLEASE TAKE NOTICE that a hearing (the "Hearing") to consider the *Motion for Entry of an Order (I) Approving (A) the Disclosure Statement and (B) Solicitation and Notice Materials; and (II) Establishing (A) Solicitation and Voting Procedures, (B) Procedures for Allowing Claims for Voting Purposes and (C) Notice and Objection Procedures; and (III) Scheduling Confirmation Hearing* (the "Motion") will be held at **10:00 a.m. (prevailing Eastern Time) on September 20, 2023**, and will be a hybrid hearing, held either in person or via Zoom for Government before the Honorable John P. Mastando III, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 501, New York, NY 10004.

PLEASE TAKE FURTHER NOTICE that parties wishing to appear at the Hearing, whether making a "in person," "live," or "listen only" appearance before the Court, must make an electronic appearance through the Electronic Appearance located at the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.  Parties who have made their electronic appearance through the Court's website to appear via Zoom for Government will receive an invitation from the Court with the Zoom link that will allow them to attend the Hearing.  Parties wishing to appear at the Hearing must submit an electronic appearance through the Court's website and not by emailing or otherwise contacting the Court.  Further information on the use of Zoom for Government can be found at the Court's website at https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

PLEASE TAKE FURTHER NOTICE that any objections or responses to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders

2

applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with this Court on the docket of *In re Voyager Aviation Holdings, LLC*, Case 23-11177 (JPM) by registered users of this Court's electronic filing system and in accordance with the General Order M-399 (which is available on this Court's website at http://www.nysb.uscourts.gov) by **September 6, 2023 at 4:00 p.m., prevailing Eastern Time**; and (d) be promptly served on the following parties: (i) the Chambers of the Honorable John P. Mastando III, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004; (ii) the Debtors, c/o Elisabeth McCarthy, Michael Sean Ewing, and Christian Ginez (lisa.mccarthy@vah.aero; sean.ewing@vah.aero; christian.ginez@vah.aero); (iii) Milbank LLP, 55 Hudson Yards, New York, NY 10001 (Attn: Samuel A. Khalil, Esq., Lauren C. Doyle, Esq., Brian Kinney, Esq. and Edward R. Linden, Esq. (skhalil@milbank.com, ldoyle@milbank.com, bkinney@milbank.com and elinden@milbank.com)), counsel for the Debtors; (iv) William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Room 1006, New York, NY 10014 (Attn: Annie Wells, Esq., Daniel Rudewicz, Esq., Brian Masumoto, Esq); and (v) counsel for any official committee appointed in these chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings for subsequent hearings may be can be viewed and/or obtained by: (i) accessing the Courts' website at www.nysb.uscourts.gov, or (ii) on the website of the Debtors' proposed claims and noticing agent, Kurtzman Carson Consultants LLC ("KCC"), at www.kccllc.net/voyageraviation or by contacting KCC directly at (877) 634-7163 (for callers within the United States and Canada) or +1 (424) 236-7219 (for international callers).

**PLEASE TAKE FURTHER NOTICE** that *your rights may be affected*.  **You should read the Motion carefully and discuss it with your attorney, if you have one.  If you do not have an attorney, you may wish to consult with one.**

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

**PLEASE TAKE FURTHER NOTICE** that you need not appear at the Hearing if you do not object to the relief requested in the Motion.

**PLEASE TAKE FURTHER NOTICE** that if you do not want the Court to grant the relief requested in the Motion, or if you want the Court to consider your view on the Motion, then you or your attorney must attend the Hearing.  If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter orders granting the relief requested in the Motion with no further notice or opportunity to be heard.

Dated:  August 4, 2023
New York, New York

/s/ Brian Kinney
Samuel A. Khalil, Esq.
Lauren C. Doyle, Esq.
Brian Kinney, Esq.
Edward R. Linden, Esq.
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219
Email:        skhalil@milbank.com
              ldoyle@milbank.com
              bkinney@milbank.com
              elinden@milbank.com

*Proposed Counsel to all Debtors and Debtors in Possession other than the Participation Debtors*

*/s/ Michael J. Edelman*
Cameron A. Gee, Esq.
Michael J. Edelman, Esq.
William W. Thorsness, Esq. (*pro hac vice pending*)
**VEDDER PRICE P.C.**
1633 Broadway, 31st Floor
New York, NY 10019
Telephone:     (212) 407-7700
Facsimile:     (212) 407-7799
Email:          cgee@vedderprice.com
               mjedelman@vedderprice.com
               wthorsness@vedderprice.com


*Proposed Counsel to the Participation Debtors*

**Hearing Date and Time: September 20, 2023 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: September 6, 2023 at 4:00 p.m. (Prevailing Eastern Time)**

Samuel A. Khalil, Esq.
Lauren C. Doyle, Esq.
Brian Kinney, Esq.
Edward R. Linden, Esq.
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219

*Proposed Counsel to all Debtors and Debtors in Possession other than the Participation Debtors[1]*

Cameron A. Gee, Esq.
Michael J. Edelman, Esq.
William W. Thorsness, Esq. (*pro hac vice pending*)
**VEDDER PRICE P.C.**
1633 Broadway, 31st Floor
New York, New York 10019
Telephone:    (212) 407-7700
Facsimile:    (212) 407-7799

*Proposed Counsel to the Participation Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Voyager Aviation Holdings, LLC *et al.*, | ) | Case No. 23-11177 (JPM) |
|  | ) |  |
| Debtors.[2] | ) | (Jointly Administered) |
|  | ) |  |

**DEBTORS' MOTION FOR ENTRY OF AN**
**ORDER (I) APPROVING (A) THE DISCLOSURE STATEMENT AND**
**(B) SOLICITATION AND NOTICE MATERIALS; (II) ESTABLISHING**
**(A) SOLICITATION AND VOTING PROCEDURES, (B) PROCEDURES FOR**
**ALLOWING CLAIMS FOR VOTING PURPOSES AND (C) NOTICE AND**
**OBJECTION PROCEDURES; AND (III) SCHEDULING CONFIRMATION HEARING**

---

[1]    "Participation Debtors" means, collectively, Aetios Aviation Leasing 1 Limited, Aetios Aviation Leasing 2 Limited, Panamera Aviation Leasing XII Designated Activity Company, and Panamera Aviation Leasing XIII Designated Activity Company.

[2]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Voyager Aviation Holdings, LLC (8601); A330 MSN 1432 Limited (N/A); A330 MSN 1579 Limited (N/A); Aetios Aviation Leasing 1 Limited (N/A); Aetios Aviation Leasing 2 Limited (N/A); Cayenne Aviation LLC (9861); Cayenne Aviation MSN 1123 Limited (N/A); Cayenne Aviation MSN 1135 Limited (N/A); DPM Investment LLC (5087); Intrepid Aviation Leasing, LLC (N/A); N116NT Trust (N/A); Panamera Aviation Leasing IV Limited (N/A); Panamera Aviation Leasing VI Limited (N/A); Panamera Aviation Leasing XI Limited (N/A); Panamera Aviation Leasing XII Designated Activity Company (N/A); Panamera Aviation Leasing XIII Designated Activity Company (N/A); Voyager Aircraft Leasing, LLC (2925); Voyager Aviation Aircraft Leasing, LLC (3865); Voyager Aviation Management Ireland Designated Activity Company (N/A); and Voyager Finance Co. (9652). The service address for each of the Debtors in these cases is 301 Tresser Boulevard, Suite 602, Stamford, CT 06901.

# TABLE OF CONTENTS

**Page**

Background ................................................................................................................. 1

Relief Requested ....................................................................................................... 3

Jurisdiction and Venue ............................................................................................ 6

Plan Summary .......................................................................................................... 6

Basis for Relief ........................................................................................................ 12

I.      The Disclosure Statement Contains Adequate Information and Should Be
Approved ........................................................................................................ 12

      A.      Applicable Legal Standard ................................................................... 12

      B.      The Disclosure Statement Contains Adequate Information .................. 14

II.     The Debtors Have Provided Adequate Notice of the Disclosure Statement
Hearing. ......................................................................................................... 16

III.    The Court Should Approve the Solicitation Packages And Their Distribution. ............... 16

      A.      The Contents and Distribution of the Solicitation Packages ............... 16

      B.      The Court Should Approve the Form of Ballots. ................................... 20

      C.      The Court Should Approve the Opt-Out Form. ..................................... 21

IV.    The Court Should Approve the Various Proposed Dates and Deadlines ......................... 21

V.     The Court Should Approve the Various Proposed Notices. ............................ 24

VI.    The Court Should Approve the Solicitation and Voting Procedures. ............................. 28

      A.      Procedures for Submitting Ballots and Opt-Out Forms. ....................... 28

      B.      Procedures for Tabulating Votes. ......................................................... 29

Motion Practice ........................................................................................................ 37

Notice ....................................................................................................................... 37

No Prior Request ...................................................................................................... 37

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Amfesco Indus., Inc.*,
  No. CV-88-2952 (JBW), 1988 WL 141524 (E.D.N.Y. Dec. 21, 1988) ...................................13

*BSL Operating Corp. v. 125 E Taverns, Inc. (In re BSL Operating Corp.)*,
  57 B.R. 945 (Bankr. S.D.N.Y. 1986)........................................................................13

*In re Dakota Rail, Inc.*,
  104 B.R. 138 (Bankr. D. Minn. 1989) .....................................................................14

*In re Ionosphere Clubs, Inc.*,
  179 B.R. 24 (S.D.N.Y. 1995).................................................................................12

*Kirk v. Texaco, Inc.*,
  82 B.R. 678 (S.D.N.Y. 1988).................................................................................12

*In re Momentum Mfg. Corp.*,
  25 F.3d 1132 (2d Cir. 1994)..................................................................................12

*In re PC Liquidation Corp.*,
  383 B.R. 856 (E.D.N.Y. 2008) ...............................................................................13

*In re Scioto Valley Mortg. Co.*,
  88 B.R. 168 (Bankr. S.D. Ohio 1988)......................................................................14

*In re Source Enters., Inc.*,
  Case No. 06-11707(AJG), 2007 Bankr. LEXIS 4770 (Bankr. S.D.N.Y. July
  31, 2007) ............................................................................................................14

*In re U.S. Brass Corp.*,
  194 B.R. 420 (Bankr. E.D. Tex. 1996) .....................................................................14

**Statutes**

11 U.S.C. § 1125(a)(1).............................................................................................12

11 U.S.C. § 1126(c) ..................................................................................................28

**Other Authorities**

Fed. R. Bankr. P. 2002(b) ..........................................................................................16

Fed. R. Bankr. P. 2002(l) ...........................................................................................25

Fed. R. Bankr. P. 3016(c) ...................................................................................................15

Fed. R. Bankr. P. 3017(a) ...................................................................................................16

Fed. R. Bankr. P. 3017(c) ...................................................................................................24

Fed. R. Bankr. P. 3017(d) .........................................................................................17, 21, 22

Fed. R. Bankr. P. 3017(e) ...................................................................................................17

Fed. R. Bankr. P. 3018(c) ...................................................................................................21

By this motion (the "Motion"), Voyager Aviation Holdings, LLC and its jointly administered debtors and debtors in possession (collectively, the "Debtors") seek entry of an order (the "Disclosure Statement Order"): (i) approving (a) the *Disclosure Statement for Joint Chapter 11 Plan of Voyager Aviation Holdings, LLC et al.* filed contemporaneously herewith (as it may be amended, supplemented or otherwise modified from time to time, the "Disclosure Statement"),[5] (b) the form of solicitation package to be sent to the holders of Claims and Interests (the "Solicitation Package") and (c) forms of various notices to be sent to various parties in interest in connection with the Confirmation Hearing, (ii) establishing (a) solicitation and notice procedures, (b) procedures for temporarily allowing claims for voting purposes, and (c) noticing and objection procedures, and (iii) scheduling the Confirmation Hearing.  In support of the requested relief, the Debtors rely on the *Declaration of Robert A. Del Genio, Chief Restructuring Officer of Voyager Aviation Holdings, LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") (Dkt No. 16), which is incorporated herein by reference, and respectfully state as follows:

## Background

1.      On the date hereof (the "Petition Date"), each Debtor commenced a case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") by filing a voluntary petition for relief in this Court (the "Chapter 11 Cases").  The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered.

2.      The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

---

[5]     Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the *Joint Chapter 11 Plan Voyager Aviation Holdings, LLC et al.*, a copy of which is attached as Exhibit A to the Disclosure Statement (as it may be amended, supplemented, or other modified from time to time, the "Plan").

Code.  No request for the appointment of a trustee or examiner has been made in these cases, and no committees have yet been appointed or designated.

3.      The Debtors, together with their non-Debtor affiliates (collectively, the "Company"), are a privately owned aviation investor and full-service global aircraft leasing platform operating in the highly competitive multinational aircraft leasing industry.  The Company's main leasing operations are led out of Dublin, Ireland, and the Company has corporate offices in Stamford, CT.  It currently has a small team of 13 full-time employees split between Europe and the U.S.  As of the Petition Date, the Company owned 18 aircraft, most of which are widebody aircraft and 16 of which are currently on lease to 7 airline customers.

4.      As further described in the First Day Declaration, the Debtors have commenced these chapter 11 cases to consummate a sale of substantially all of the Company's assets (the "Azorra Transaction") to Azorra Explorer Holdings Limited (the "Purchaser").  The Azorra Transaction is the culmination of months of strategic planning and negotiations, including evaluating various alternatives, extensively marketing the Company's assets, and heavily negotiating transaction terms.  The Debtors have entered into a restructuring support agreement with respect to a prearranged chapter 11 plan (the "Plan") supported by the Company's largest stakeholder, to implement the Azorra Transaction.

5.      After years of managing difficult headwinds, the Azorra Transaction and the Plan together provide the best opportunity for the Company to maximize value for creditors across its capital structure.

6.      Further information regarding the Debtors' business, capital structure, the circumstances leading to the commencement of the Chapter 11 Cases, and the facts and

circumstances supporting the relief requested in this Motion is set forth in the First Day Declaration.

## **Relief Requested**

7.      The Debtors seek entry of the Disclosure Statement Order, substantially in the form attached hereto as **Exhibit 1**:

a. ***The Disclosure Statement.*** Finding that the Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code;

b. ***Solicitation Packages.*** Approving the form of Solicitation Packages to be sent to the holders of Claims and Interests as being in compliance with Bankruptcy Rules 3017(d) and 2002(b);

c. ***Notice.*** Finding notice of the hearing with respect to the approval of the Disclosure Statement (the "Disclosure Statement Hearing") was adequate;

d. ***Solicitation and Voting Procedures.*** Approving the procedures for: (i) distributing the Solicitation Packages; (ii) voting on the Plan; (iii) tabulating votes; and (iv) noticing and objections with respect to the confirmation of the Plan;

e. ***Ballots.*** Approving the forms of ballots for certain noteholders (the "Beneficial Holder Ballots"), ballots of such noteholders' respective nominees (the "Master Ballots") and the ballots for other holders of Claims entitled to vote on the Plan (together with the Beneficial Holder Ballots and the Master Ballots, the "Ballots"), in the respective forms attached to the Disclosure Statement Order as **Exhibits 2A, 2B, 2C** and **2D**;

f. ***Non-Voting Status Notices.*** Approving the notices, substantially in the respective forms attached to the Disclosure Statement Order as **Exhibit 3** and **Exhibit 4**, to be distributed to: (i) the holders of Claims and Interests that are Unimpaired under the Plan and who are, accordingly, conclusively presumed to accept the Plan pursuant to

section 1126(f) of the Bankruptcy Code (the "Unimpaired Non-Voting Status Notice")
and (ii) the holders of Claims and Interests that are Impaired under the Plan and who
will neither receive nor retain any property under the Plan and are, consequently,
conclusively deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy
Code (the "Impaired Non-Voting Status Notice" and, together with the Unimpaired
Non-Voting Status Notice, the "Non-Voting Status Notices");

g.  ***Opt-Out Form.***   Approving the form, substantially in the form attached to the
Disclosure Statement Order as **Exhibit 5**, allowing holders of Claims and Interests in
the Non-Voting Classes (as defined below) to opt out of granting certain releases
contained in the Plan (the "Opt-Out Form");

h.  ***Cover Letter.***   Approving the form of the cover letter, substantially in the form attached
to the Disclosure Statement Order as **Exhibit 6**, containing, among other things: (a) a
description of the contents of the Solicitation Packages, and (b) information about how
to obtain the Plan, the Disclosure Statement, the Disclosure Statement Order and paper
copies of any of the documents included in the Solicitation Packages (the "Cover
Letter");

i.  ***Confirmation Hearing Notice.***   Approving the form and manner of notice (the
"Confirmation Hearing Notice"), substantially in the form attached to the Disclosure
Statement Order as **Exhibit 7a**, of the hearing to consider confirmation of the Plan (the
"Confirmation Hearing");

j.  ***Publication Notice*** Approving the form and manner of notice (the "Publication
Notice"), substantially in the form attached to the Disclosure Statement Order as
**Exhibit 7b**, of, among other things, the Disclosure Statement Order, the Voting

4

Deadline, the Confirmation Objection Deadline, and the Confirmation Hearing (the "Publication Notice");

k. ***Plan Supplement Notice.*** Approving the form of notice of the filing of the Plan Supplement, substantially in the form attached to the Disclosure Statement Order as **Exhibit 8**;

l. ***Assumption/Rejection Notices.*** Approving the forms of notice, substantially in the forms attached to the Disclosure Statement Order as **Exhibit 9** and **Exhibit 10**, respectively, to be sent to the counterparties to Executory Contracts and Unexpired Leases that will be either assumed or rejected, as applicable, pursuant to the Plan or any sale under section 363 of the Bankruptcy Code (the "Assumption/Rejection Notices"); and

m. ***Confirmation Timeline.*** Approving, subject to this Court's availability, the following dates and deadlines, with respect to Confirmation of the Plan:

| Event | Date and Time (prevailing Eastern Time), as applicable |
|---|---|
| Disclosure Statement Objection Deadline | September 6, 2023, at 4:00 p.m. |
| Voting Record Date | September 13, 2023 |
| Deadline to File Reply to Disclosure Statement Objection(s) | September 13, 2023, at 12:00 p.m. |
| Disclosure Statement Hearing | September 20, 2023, at 10:00 a.m. |
| Solicitation Commencement Deadline | Five (5) business days following entry of the Disclosure Statement Order |
| Publication Deadline | Five (5) business days following entry of the Disclosure Statement Order |
| Rule 3018(a) Motion Deadlines | October 12, 2023, at 4:00 p.m. |
| Deadline to distribute Notices of Potential Assumption and Assignment and related Cure Costs and Notices of Potential Rejection | October 13, 2023 |
| Plan Supplement Filing Deadline | October 13, 2023 |
| Voting Deadline | October 25, 2023, at 4:00 p.m. |
| Opt-Out Deadline | October 25, 2023, at 4:00 p.m. |
| Deadline to File Voting Report | October 30, 2023 |

| Event | Date and Time (prevailing Eastern Time), as applicable |
|---|---|
| Deadline to Object to Assumption or Rejection | October 27, 2023, at 4:00 p.m. |
| Plan Objection Deadline | October 27, 2023, at 4:00 p.m. |
| Deadline to File Confirmation Brief and Plan Reply | November 1, 2023, at 12:00 p.m. |
| Confirmation Hearing Date | November 8, 2023, at 10:00 a.m. |

## **Jurisdiction and Venue**

8.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.  The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

9.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

10.      The statutory bases for the relief requested herein are sections 105, 1125, 1126 and 1128 of the Bankruptcy Code, rules 2002, 3016, 3017, 3018, 300(c) and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 3017-1, 3018-1, and 3020-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## **Plan Summary**

11.      On the Petition Date, the Debtors filed the Plan to implement the Azorra Transaction.

12.     In particular, the Plan provides for the following class designation and treatment of

the Debtors' holders of Claims and Interests, as summarized below and as further described in the

Disclosure Statement:

| Class | Designation | Voting Status | Treatment | Projected Amount of Claims | Projected Recovery |
|---|---|---|---|---|---|
| 1 | Other Secured Claims | Unimpaired<br><br>Deemed to Accept | On the Effective Date or as soon as reasonably practicable thereafter, each holder of an Allowed Other Secured Claim shall receive, except to the extent that such holder agrees to a less favorable treatment of such Claim, at the option of the Debtors or the Plan Administrator, as applicable:  (i) Cash in an amount equal to the Allowed amount of such Claim on the later of the Effective Date and the date that is ten (10) business days after the date such Other Secured Claim becomes an Allowed Claim; (ii) the return of the collateral securing its Allowed Other Secured Claim (other than the Target Assets); or (iii) such other treatment that would render such Claim Unimpaired. | $[•] | 100% |
| 2 | Priority Non-Tax Claims | Unimpaired<br><br>Deemed to Accept | Each holder of an Allowed Priority Non-Tax Claim shall receive treatment consistent with section 1129(a)(9) of the Bankruptcy Code. | $[•] | 100% |
| 3a | Aircraft Financing Facility Claims against Aircraft Selling Debtors | Unimpaired<br><br>Deemed to Accept | Unless a holder of an Allowed Class 3a Claim agrees to a less favorable treatment of its Claim or has received satisfaction of its Claim prior to the Effective Date, on the Completion Date (or applicable sale date for aircraft that are not Target Assets) for the applicable aircraft owned by such Aircraft Selling Debtor, or as soon as reasonably practicable thereafter, each holder of an Allowed Aircraft Financing Facility Claim against an Aircraft Selling Debtor shall receive, in full and final satisfaction, settlement, release, and discharge and in exchange for such allowed Claim, payment in full in Cash from the applicable Allocated Purchase Price.  Prior to the applicable Completion Date, holders of Allowed Aircraft Financing Facility Claims against Aircraft Selling Debtors will continue to receive the adequate protection payments provided for by the Cash Collateral Order. | $[•] | 100% |
| 3b | Aircraft Financing Facility Claims against Participation Debtors | Impaired<br><br>Entitled to Vote | In the event a holder of an Allowed Class 3b Claim has executed a Participation Consent (or otherwise agreed to a proposed treatment with the Debtors, but subject to the terms of the Participation Agreement) each such holder shall receive the treatment provided in such Participation Consent or agreement. In the event a holder of an Allowed Class 3b Claim | $[•] | [•]% |

| Class | Designation | Voting Status | Treatment | Projected Amount of Claims | Projected Recovery |
|---|---|---|---|---|---|
| | | | has not executed a Participation Consent, and has not otherwise agreed to a proposed treatment with the Debtors, then such holder shall receive treatment that satisfies section 1129(b) of the Bankruptcy Code. | | |
| 4 | Secured Notes Claims | Impaired<br><br>Entitled to Vote | **a.** On the Effective Date or as soon as practicable thereafter, and at such subsequent times that there are Remaining Distributable Assets, as determined by the Plan Administrator, each holder of an Allowed Secured Notes Claim shall receive, except to the extent such holder agrees to a less favorable treatment of such Claim, in full and final satisfaction, settlement, release, and discharge and in exchange for such allowed Secured Notes Claim, and subject to Section II.F of the Plan, its *pro rata* share of the Remaining Distributable Assets of each Debtor liable on the Secured Notes Claims. | $[•] | [•]% |
| 5 | Convenience/ Go-Forward Trade Claims | Impaired<br><br>Entitled to Vote | Except to the extent that a holder of an Allowed Convenience/Go-Forward Trade Claim agrees to a less favorable treatment, on or as soon as is reasonably practicable after the Effective Date, in full and final satisfaction, settlement, release and discharge of each Allowed Convenience/ Go-Forward Trade Claim:<br><br>• **If Class 5 votes to accept the Plan**, each holder of an Allowed Class 5 Claim that (A) continues to provide postpetition services to the Debtors and the Winddown Debtors on the same or similar terms as were in effect prepetition and (B) agrees to provide similar services to the Purchaser on the same or similar terms as were provided to the Debtors prepetition, shall receive its pro rata share of the Convenience/ Go-Forward Trade Claims Recovery Pool.<br><br>• **If Class 5 votes to reject the Plan**, each holder of an Allowed Claim in Class 5 shall be treated as a holder of a Class 6b General Unsecured Claim against the Other Debtors.<br><br>In addition, each holder of an Allowed Convenience/Go-Forward Trade Claim that votes to accept the Plan shall receive an Avoidance Action Release. | $[•] | [•]% |
| 6a | General Unsecured Claims against Aircraft | Unimpaired<br><br>Deemed to Accept | Unless a holder of an Allowed Class 6a Claim agrees to a less favorable treatment of its Claim or has received satisfaction of its Claim prior to the Effective Date, each holder of an Allowed General Unsecured Claim against an Aircraft Selling Debtor shall receive, in full | $[•] | 100% |

| Class | Designation | Voting Status | Treatment | Projected Amount of Claims | Projected Recovery |
|---|---|---|---|---|---|
| | Selling Debtors | | and final satisfaction, settlement, release, and discharge and in exchange for such allowed Claim, payment in full in Cash from the applicable Allocated Purchase Price reasonably promptly after the Completion Date (or applicable sale date for aircraft that are not Target Assets) for the applicable aircraft owned by such Aircraft Selling Debtor. | | |
| 6b | General Unsecured Claims against Other Debtors | Impaired<br><br>Deemed to Reject | **b.** Solely to the extent that there are Remaining Distributable Assets available after satisfaction of all senior Claims in accordance with the Plan, then, at such times that there are Remaining Distributable Assets for distribution to Claims in Class 6b, as determined by the Plan Administrator, holders of Claims in Class 6b shall receive, subject to Section II.F of the Plan, a distribution from Remaining Distributable Assets. | $[●] | 0% |
| 6c | General Unsecured Claims against Participation Debtors | Impaired<br><br>Deemed to Reject | Solely to the extent that there are Remaining Distributable Assets available after satisfaction of all senior Claims in accordance with the Plan, then, at such times that there are Remaining Distributable Assets for distribution to Claims in Class 6c, as determined by the Plan Administrator, holders of Claims in Class 6c shall receive, subject to Section II.F of the Plan, a distribution from Remaining Distributable Assets. | $[●] | 0% |
| 7 | Intercompany Claims | Impaired or Unimpaired<br><br>Deemed to Reject or Accept | All Intercompany Claims shall be settled, Reinstated, discharged, or eliminated under the Plan, as determined by the Debtors or Plan Administrator; *provided* that each Participation Debtor Claim (if any) shall be Reinstated, as applicable. | $[●] | [●]% |
| 8 | Intercompany Interests | Impaired or Unimpaired<br><br>Deemed to Reject or Accept | All Intercompany Interests shall be cancelled or Reinstated, as determined by the Debtors or Plan Administrator; *provided* that each Participation Debtor Interest (if any) shall be Reinstated, as applicable. | $[●] | [●]% |
| 9 | Section 510(b) Claims | Impaired<br><br>Deemed to Reject | Solely to the extent that there are Remaining Distributable Assets available after satisfaction of all senior Claims and Interests in accordance with the Plan, then, at such times that there are Remaining Distributable Assets for distribution to Claims in Class 9, as determined by the Plan Administrator, holders of Claims in Class 9 shall receive, subject to Section II.F of the Plan, a distribution from Remaining Distributable Assets. | $[●] | 0% |
| 10 | Cayenne Preferred Interests | Impaired<br><br>Deemed to Reject | On the Effective Date, each holder of a Cayenne Preferred Interest shall receive such holder's pro rata share of the Cayenne Equity Trust Interests, and the Cayenne Preferred | $[●] | 0% |

| Class | Designation | Voting Status | Treatment | Projected Amount of Claims | Projected Recovery |
|---|---|---|---|---|---|
| | | | Interests shall be extinguished and cancelled for all purposes.<br><br>On the Effective Date, the Cayenne Preferred Interests shall be deemed cancelled and of no force and effect and the Exchanged Cayenne Preferred Interests shall be issued in lieu of the Cayenne Preferred Interests. On the date on which the final distribution is made to holders of Allowed Claims and Allowed Interests in accordance with <u>Section VI</u> of the Plan, the Exchanged Cayenne Preferred Interests shall be deemed extinguished and the certificates and all other documents representing such Interests shall be deemed cancelled and of no force and effect. | | |
| 11 | VAH Interests | Impaired<br><br>Deemed to Reject | On the Effective Date, each holder of a VAH Interest shall receive such holder's pro rata share of the VAH Equity Trust Interests, and the VAH Interests shall be extinguished and cancelled for all purposes.<br><br>On the Effective Date, the VAH Interests shall be deemed cancelled and of no force and effect and the Exchanged VAH Interests shall be issued in lieu of the VAH Interests. On the date on which the final distribution is made to holders of Allowed Claims and Allowed Interests in accordance with <u>Section VI</u> of the Plan, the Exchanged VAH Interests shall be deemed extinguished and the certificates and all other documents representing such Interests shall be deemed cancelled and of no force and effect. | $[•] | 0% |

13.    Based on the foregoing and as discussed in greater detail below, the Debtors (a) intend to solicit votes to accept or reject the Plan from holders of Claims in Class 3b, Class 4 and Class 5 (the "<u>Voting Classes</u>"), and (b) do not intend to solicit votes to accept or reject the Plan from holders of unclassified Claims, as well as Claims and Interests in Class 1, Class 2, Class 3a, Class 6a, Class 6b, Class 6c, Class 7, Class 8, Class 9, Class 10 and Class 11 (the "<u>Non-Voting Classes</u>").  Holders of Claims and Interests in both the Voting Classes and the Non-Voting Classes will be given an opportunity to opt out of the Plan provisions releasing certain non-Debtors from certain claims and causes of action (the "<u>Third-Party Releases</u>").

14.     Summarized below are the attachments and exhibits cited throughout this Motion that the holders of Claims and Interests in the Voting Classes and Non-Voting Classes may receive if the relief contemplated hereunder is granted.

| Description | Exhibit |
|---|---|
| Disclosure Statement Order | Exhibit 1 |
| Class 3b (Aircraft Financing Facility Claims against Participation Debtors) Ballot | Exhibit 2A |
| Class 4 (Secured Notes Claims) Master Ballot | Exhibit 2B |
| Class 4 (Secured Notes Claims) Beneficial Holder Ballot | Exhibit 2C |
| Class 5 (Convenience/Go Forward Trade Claims) Ballot | Exhibit 2D |
| Unimpaired Non-Voting Status Notice | Exhibit 3 |
| Impaired Non-Voting Status Notice | Exhibit 4 |
| Opt-Out Form | Exhibit 5 |
| Cover Letter | Exhibit 6 |
| Confirmation Hearing Notice | Exhibit 7a |
| Publication Notice | Exhibit 7b |
| Plan Supplement Notice | Exhibit 8 |
| Assumption Notice | Exhibit 9 |
| Rejection Notice | Exhibit 10 |

**Basis for Relief**

I.    **The Disclosure Statement Contains Adequate Information and Should Be Approved.**

A.    **Applicable Legal Standard.**

15.    Section 1125(b) of the Bankruptcy Code requires the plan proponent to provide holders of impaired claims and interests entitled to vote with "adequate information" regarding the proposed plan.  Section 1125(a)(1) of the Bankruptcy Code provides that:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable . . . a hypothetical investor of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(1).

16.    "Adequate information" is a flexible standard, based on the facts and circumstances of each case.  What constitutes "adequate information" for the purpose of satisfying section 1125 of the Bankruptcy Code resides within the broad discretion of the court.  *See, e.g.*, *Kirk v. Texaco, Inc.*, 82 B.R. 678, 682 (S.D.N.Y. 1988) ("The legislative history could hardly be more clear in granting broad discretion to bankruptcy judges under § 1125(a): 'Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis.  Courts will take a practical approach as to what is necessary under the circumstances of each case.'" (*quoting* H.R. Rep. No. 595, at 408–09 (1977)).  Thus, a disclosure statement must provide information that is "reasonably practicable" to permit creditors and interest holders to make an "informed judgment" with respect to their vote to accept or reject the plan to which the disclosure statement pertains.  *In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994); *see also In re Ionosphere Clubs, Inc.*, 179 B.R. 24, 29 (S.D.N.Y. 1995) (adequacy of a disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of

chapter 11 towards fair settlement through a negotiation process between informed interested parties") (internal citation omitted); *In re PC Liquidation Corp.*, 383 B.R. 856, 865 (E.D.N.Y. 2008) ("The standard for disclosure is, thus, flexible and what constitutes 'adequate disclosure' in any particular situation is determined on a case-by-case basis . . . with the determination being largely within the discretion of the bankruptcy court.") (internal citations omitted); *In re Amfesco Indus., Inc.*, No. CV-88-2952 (JBW), 1988 WL 141524, at *5 (E.D.N.Y. Dec. 21, 1988) (stating that "[u]nder section 1125 of the Bankruptcy Code, a reasonable and typical creditor or equity security holder must be provided 'adequate information' to make an informed judgment regarding a proposed plan."); *BSL Operating Corp. v. 125 E Taverns, Inc. (In re BSL Operating Corp.)*, 57 B.R. 945, 950 (Bankr. S.D.N.Y. 1986) (stating that "[a] disclosure statement . . . is evaluated only in terms of whether it provides sufficient information to permit enlightened voting by holders of claims or interests.").

17.    To make the determination as to the adequacy of information contained in a disclosure statement, courts will consider a number of factors to determine whether a disclosure statement meets the statutory requirement of adequate information.  Relevant factors for evaluating the adequacy of a disclosure statement may include, among others:

    (i)       the circumstances that gave rise to the filing of the bankruptcy petition;

    (ii)      the available assets and their value;

    (iii)    the anticipated future of the debtor;

    (iv)    the sources of the information provided in the disclosure statement;

    (v)     the condition and performance of the debtor while in chapter 11;

    (vi)    the relationship of the debtor with its affiliates;

    (vii)   the claims against the estate;

(viii)    a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

(ix)    the future management of the debtor, including the amount of compensation to be paid to any insiders, directors, and/or officers of the debtor;

(x)    a summary of the plan;

(xi)    the risks being taken by the creditors and interest holders; and

(xii)    the tax consequences of the plan.

*See In re U.S. Brass Corp.*, 194 B.R. 420, 424–25 (Bankr. E.D. Tex. 1996); *see also In re Source Enters., Inc.*, Case No. 06-11707(AJG), 2007 Bankr. LEXIS 4770, *7-8 (Bankr. S.D.N.Y. July 31, 2007) (listing certain factors bankruptcy courts have used to evaluate the sufficiency of disclosures); *In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988) (listing the factors courts have considered in determining the adequacy of information provided in a disclosure statement). Such lists are not meant to be exhaustive, nor must a disclosure statement include all of the foregoing information. *See In re U.S. Brass Corp.*, 194 B.R. at 424; *see also Phoenix Petroleum*, 278 B.R. at 393 (using a similar list, but cautioning that "no one list of categories will apply in every case"); *In re Dakota Rail, Inc.*, 104 B.R. 138, 142 (Bankr. D. Minn. 1989) (using a similar list of information described as "nonexclusive and nonexhaustive").

**B.**    **The Disclosure Statement Contains Adequate Information.**

18.    The Debtors respectfully submit that the Disclosure Statement addresses each of the types of information identified above and will provide the holders of Claims in the Voting Classes with adequate information to allow each such holder to make an informed voting decision. Specifically, the Disclosure Statement contains the following categories of information:

a.    a description of the Debtors' history, prepetition business and capital structure (*see* Disclosure Statement, § II);

b.    a description of the events leading to the Chapter 11 Cases (*see* Disclosure Statement, § III);

c.      a description of the commencement of the Chapter 11 Cases and their objectives (*see* Disclosure Statement, § IV);

d.      a summary of the events during the Chapter 11 Cases (*see* Disclosure Statement, § V);

e.      a summary of the Plan (*see* Disclosure Statement, § VI);

f.      a summary of the classification and treatment of all classes of Claims and Interests (*see* Disclosure Statement, § VI.A);

g.      the means for implementation of the Plan (*see* Disclosure Statement, § VI.B);

h.      certain statutory requirements for Confirmation of the Plan and risk factors to be considered (*see* Disclosure Statement, §§ VII and IX);

i.      certain tax consequences of the Plan (*see* Disclosure Statement, § X); and

j.      a liquidation analysis (*see* Disclosure Statement, Exhibit F).

19.      Furthermore, Bankruptcy Rule 3016(c) requires that, if a plan contains an injunction against conduct not otherwise enjoined under the Bankruptcy Code, the disclosure statement must describe, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction.  Fed. R. Bankr. P. 3016(c).  Section IV.E.4. of the Disclosure Statement describes in detail the Third-Party Releases, including the entities both granting and benefiting from such releases, the claims that are being released, and the acts that the releasing entities are enjoined from pursuing.  The language in both the Plan and Disclosure Statement containing this information is in bold font, making this information conspicuous to anyone who reads either document.

20.      Accordingly, the Debtors submit that the Disclosure Statement complies with Bankruptcy Rule 3016(c) and contains adequate information within the meaning of section 1125 of the Bankruptcy Code and applicable case law, and, therefore, should be approved.

II.     **The Debtors Have Provided Adequate Notice of the Disclosure Statement Hearing.**

21.     Bankruptcy Rule 3017(a) requires parties to receive not less than 28 days' notice of the Disclosure Statement Hearing.  Fed. R. Bankr. P. 3017(a); *see also* Fed. R. Bankr. P. 2002(b) (requiring not less than 28 days' notice of the hearing to consider the approval of a disclosure statement and of the deadline to object to the adequacy of a disclosure statement).

22.     Contemporaneously herewith, the Debtors are filing with the Court, and serving on all known creditors and interest holders, notice of the Disclosure Statement Hearing (the "Disclosure Statement Hearing Notice"), which identifies (i) the date, time, and place of the Disclosure Statement Hearing, (ii) the manner in which a copy of the Disclosure Statement (and any exhibits thereto, including the Plan) can be obtained, and (iii) the deadline and procedures for filing objections to the approval of the Disclosure Statement.

23.     The Debtors are serving the Disclosure Statement Hearing Notice, by first class mail, on all known holders of Claims and Interests and all parties entitled to notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Bankruptcy Rule 2002-1 (the "2002 List").

24.     As the Debtors propose that the Disclosure Statement hearing be held on September 20, 2023, all parties in interest will have had at least 28 days' notice of the Disclosure Statement Hearing and of the deadline to object to the approval of the Disclosure Statement in compliance with Bankruptcy Rules 2002(b) and 3017(a) and Local Bankruptcy Rule 3017-1.  Accordingly, the Debtors request that the Court approve such notice as appropriate and in compliance with the requirements of the Bankruptcy Rules and Local Bankruptcy Rules.

III.    **The Court Should Approve the Solicitation Packages and Their Distribution.**

A.      **The Contents and Distribution of the Solicitation Packages.**

25.     Bankruptcy Rule 3017(d) prescribes the materials that must be served on the holders of claims and interests entitled to vote on a chapter 11 plan to provide them adequate notice

16

of the hearing on the plan confirmation.    Specifically, Bankruptcy Rule 3017(d) provides, in relevant part, that:

> Upon approval of a disclosure statement—except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders—the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1) the plan or a court-approved summary of the plan;
>
> (2) the disclosure statement approved by the court;
>
> (3) notice of the time within which acceptances and rejections of the plan may be filed; and
>
> (4) any other information as the court may direct, including any court opinion approving the disclosure statement or a court- approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

26.    Bankruptcy Rule 3017(e) further provides that "the court shall consider the procedures for transmitting the documents and information required by Bankruptcy Rule 3017(d) to beneficial holders of stock, bonds, debentures, notes, and other securities, determine the adequacy of the procedures and enter any orders the court deems appropriate."  Fed. R. Bankr. P. 3017(e).

27.    There are three Classes of Claims that are impaired and entitled to vote to accept or reject the Plan – Class 3b (Aircraft Financing Facility Claims against Participation Debtors), Class 4 (Secured Notes Claims) and Class 5 (Convenience/Go-Forward Trade Claims).  The Debtors

propose that a Solicitation Package be distributed[6] to the holders of Claims in the Voting Classes

include:

> (i)    the Cover Letter;
>
> (ii)   the Disclosure Statement;
>
> (iii)  the Disclosure Statement Order (excluding exhibits thereto);
>
> (iv)   the applicable Ballot, together with the instructions on how to complete the Ballot including the opt-out, and a pre-paid, pre-addressed return envelope[7];
>
> (v)    the Plan;
>
> (vi)   the Confirmation Hearing Notice; and
>
> (vii)  such other materials as the Court may direct to include in the Solicitation Packages.

28.    The Debtors propose that a Solicitation Package be distributed to the holders of

Claims and Interests in the Non-Voting Classes include:

> (i)    the applicable Notice of Non-Voting Status;
>
> (ii)   the Disclosure Statement Order (excluding exhibits thereto);
>
> (iii)  the Opt-Out Form; and
>
> (iv)   the Confirmation Hearing Notice.

29.    To reduce costs and the impact on the environment, the Debtors propose to send

instructions on how to obtain copies of the Disclosure Statement Order, Disclosure Statement, and

Plan to parties in the Voting Classes instead of printed hard copies.  Only the Ballots, the Cover

---

[6]    As described below in paragraph 29, in lieu of distributing paper copies of the Disclosure Statement Order, Disclosure Statement, and Plan, the Debtors propose to include in the Solicitation Packages instructions on how to obtain copies of such documents.

[7]    Service of the Solicitation Packages to beneficial holders of the Class 4 Secured Notes Claims by their Nominees may be performed electronically, or otherwise in their customary practice, in which case they may not contain pre-addressed stamped return envelopes.

Letter, and the Confirmation Hearing Notice will be provided in paper format. The Plan and Disclosure Statement will also be available at no charge via the Internet at https://www.kccllc.net/voyageraviation. In addition, the Debtors propose that any creditor may request and obtain a paper copy of the Disclosure Statement Order, Disclosure Statement, and Plan, at no cost to the creditor, by contacting Kurtzman Carson Consultants LLC, the Debtors' proposed Solicitation Agent (the "Solicitation Agent"), by email at VoyagerAviationInfo@kccllc.com or by telephone at (877) 634-7163 (U.S./Canada) or +1 (424) 236-7219 (International).

30.     The beneficial owners of the Secured Notes (the "Beneficial Holders") hold such notes at The Depository Trust Company ("DTC") in "street name" through brokers, dealers, commercial banks, trust companies, or other agents or nominees (collectively, "Nominees", which definition also includes the Nominees' agents). As a result, the Debtors propose to distribute (or cause to be distributed) the Solicitation Package to Holders of Class 4 Secured Notes Claims by sending such materials to the Nominees with instructions to forward the Solicitation Package (or otherwise transmit the information contained therein) to Holders of Class 4 Secured Notes Claims as of the Voting Record Date (as defined below) by first class mail or other customary method for forwarding and/or transmitting such materials and information. Moreover, if it is the Nominee's (or Nominee's agent) customary internal practice to provide to Beneficial Holders an electronic link to the Solicitation Package, the Debtors seek authorization to permit the Nominee (or the Nominee's agent) to follow such customary practice in lieu of forwarding the Solicitation Package by mail.

31.     For purposes of serving the solicitation materials, the Debtors and Solicitation Agent seek authorization to rely on the address information (for voting and non-voting parties

alike) maintained by the Debtors and provided by the Debtors to the Solicitation Agent. To that end, the Debtors seek the waiver of any obligation for the Debtors or Solicitation Agent to conduct any additional research for updated addresses based on undeliverable solicitation materials (including undeliverable Ballots) and will not be required to resend Solicitation Packages or other materials, including Confirmation Hearing Notices, that are returned as undeliverable unless the Solicitation Agent is provided with accurate addresses for such parties prior to the Voting Record Date.

32.     To the extent that any Disclosure Statement Hearing Notices are returned by the United States Postal Service as "undeliverable," it would be a waste of the estates' resources to distribute Solicitation Packages (or any other materials or notices) to the addresses to which those Disclosure Statement Hearing Notices were delivered. Therefore, the Debtors seek the authorization not to distribute Solicitation Packages and related materials to those addresses unless, prior to the Solicitation Commencement Deadline (as defined below), the Debtors are provided with accurate addresses for the relevant entity or person.

33.     The Debtors also anticipate that some Solicitation Packages (or other materials or notices) may be returned by the United States Postal Service as "undeliverable." The Debtors request authorization not to re-mail such Solicitation Packages (or such other materials or notices) unless the Debtors are provided with accurate addresses for the relevant entity or person at least seven (7) calendar days prior to the Voting Deadline.

**B.     The Court Should Approve the Form of Ballots.**

34.     Bankruptcy Rule 3018(c) provides, in part, that "[a]n acceptance or rejection [of a plan] shall be in writing, identifying the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent and conform to the appropriate Official Form." Fed. R. Bankr. P. 3018(c).

35.     Bankruptcy Rule 3017(d) requires the Debtors to mail a form of ballot to "creditors and equity security holders entitled to vote on the plan."  Fed. R. Bankr. P. 3017(d).  The Debtors propose to distribute the applicable Ballot to each holder of a Claim in one of the Voting Classes.

36.     The Ballots are based upon Official Form No. 14 but have been modified based on the circumstances particular to these cases.  For instance, each Ballot advises creditors in bold and capitalized print that the creditors who (i) vote in favor of the Plan or (ii) do not elect to opt out of the Third-Party Releases shall be deemed to have unconditionally, irrevocably, and forever released and discharged the Released Parties from the claims and Causes of Action specified in the Plan.  The Ballots also explain the procedures for casting votes and opting out of the Third-Party Releases.

### C.    The Court Should Approve the Opt-Out Form.

37.     The Debtors will also distribute Opt-Out Forms to the holders of Claims in the Non-Voting Classes.  This will enable each such holder to elect to opt out of the Third-Party Releases.  Holders of Claims in the Voting Classes will have the option to elect to opt out of the Third-Party Releases on the Ballot distributed with the Solicitation Packages.

38.     The Debtors submit that both the contents of the Solicitation Packages and their distribution satisfy the requirements of Bankruptcy Rule 3017(d) and other applicable requirements and should be approved.

### IV.    The Court Should Approve the Various Proposed Dates and Deadlines.

39.     <u>The Voting Record Date</u>.  Bankruptcy Rule 3017(d) provides that, for purposes of soliciting votes to confirm a chapter 11 plan, "creditors and equity security holders shall include holders of [claims and equity securities] of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing."  Fed.

R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.

40.     Accordingly, the Debtors request that the Court establish **September 13, 2023**, seven days prior to the date of the Disclosure Statement Hearing, as the record date for purposes of determining which holders of Claims are entitled to vote on the Plan and which holders of Claims and Interests are entitled to receive the Non-Voting Status Notices (the "Voting Record Date"). The establishment of a Voting Record Date is for voting and noticing purposes only and has no effect on who is entitled to receive a Distribution under the Plan.

41.     The Solicitation Commencement Date. The Debtors expect that the Solicitation Agent will commence the distribution of the Solicitation Packages within five (5) business days of the entry of the Disclosure Statement Order (the "Solicitation Commencement Date").

42.     The Voting Deadline. Furthermore, Bankruptcy Rule 3017(c) provides that, in connection with the approval of a disclosure statement, a court must fix the time within which the holders of claims or equity security interests entitled to vote may accept or reject the relevant plan. The Debtors propose that, in order for the vote of a holder of a Claim in a Voting Class to be counted, a properly executed and completed Ballot must be actually received by the Solicitation Agent no later than **4:00 p.m. (prevailing Eastern Time) on October 25, 2023** (the "Voting Deadline"). As the Debtors intend to distribute Solicitation Packages within five (5) days following entry of the Disclosure Statement Order to holders of Claims entitled to vote on the Plan, holders of such Claims will have at least 28 days to return their Ballots to the Solicitation Agent (or to their Nominee so that the Nominee may return a Master Ballot to the Solicitation Agent) before the Voting Deadline.

43.    <u>The Opt-Out Deadline</u>.  In addition, the Debtors propose that, in order to be valid, a properly completed and executed Opt-Out Form must be actually received by the Solicitation Agent no later than **4:00 p.m. (prevailing Eastern Time) on October 25, 2023** (the "<u>Opt-Out Deadline</u>").  Accordingly, holders of Claims and Interests in Non-Voting Classes also will have at least 28 days to return their Ballots to the Solicitation Agent (or to their Nominee so that the Nominee may return a Master Ballot to the Solicitation Agent) before the Voting Deadline.

44.    <u>Rule 3018(a) Motion Deadline</u>.  Bankruptcy Rule 3018(a) provides, in relevant part, that, "notwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."  The Debtors request that the Court, pursuant to section 105(a) of the Bankruptcy Code, (i) fix **4:00 p.m. (prevailing Eastern Time) on October 12, 2023** (the "<u>Rule 3018(a) Motion Deadline</u>"), as the deadline for the filing and serving of motions pursuant to Bankruptcy Rule 3018(a) requesting temporary allowance of a movant's Claim for purposes of voting (the "<u>Rule 3018(a) Motion(s)</u>"), and (ii) require that such Rule 3018(a) Motions be filed with the Bankruptcy Court by no later than the Rule 3018(a) Motion Deadline; *provided, however*, that, if an objection to a Claim is filed on or after the date that is seven (7) days before the Rule 3018(a) Motion Deadline, then the Rule 3018(a) Motion Deadline shall be extended as to such Claim, such that the holder thereof shall have at least seven (7) days to file a Rule 3018(a) Motion after any objection is filed to such holder's Claim.  The Debtors propose that the Court consider only those Rule 3018(a) Motions that have been timely filed in accordance with the provisions of this paragraph.

45.    <u>The Plan Objection Deadline</u>.  The Debtors request that the court schedule the Confirmation Hearing to commence on **November 8, 2023, at 10:00 a.m.** and schedule the Plan Objection Deadline at **4:00 p.m. on October 27, 2023**.

46.    The Debtors request that the Court order that objections to Confirmation of the Plan, if any, must (a) be in writing, (b) comply with the Bankruptcy Rules and the Local bankruptcy Rules, (c) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, (d) state with particularity the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan that would resolve such objection, and (e) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is actually received no later than the Confirmation Objection Deadline by the Notice Parties.  Notwithstanding anything contained herein to the contrary, no objection shall be considered an objection to confirmation of the Plan unless such objection is interposed in accordance with the procedures for objecting to confirmation of the Plan set forth in the Disclosure Statement Order.  The Debtors request this Court to enter the Proposed Order setting November 1, 2023, which is seven (7) days before the proposed commencement of the Confirmation Hearing, as the deadline for the Debtors and any other party supporting the Plan to file any pleading in support of, or in response to any objection to, confirmation of the Plan.

**V.    The Court Should Approve the Various Proposed Notices.**

47.    <u>Confirmation Hearing Notice</u>.  Bankruptcy Rule 3017(c) provides in relevant part that, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c).  In accordance with Bankruptcy Rule 3017(c), and in view of the Debtors' proposed solicitation schedule, the Debtors request that a hearing on confirmation of the Plan be set for **November 8, 2023**, or as soon thereafter as the parties may be

heard subject to the Court's availability. The Confirmation Hearing may be continued from time

to time by the Court or the Debtors without further notice other than adjournments being

announced in open court or through a filing of a notice of adjournment on the Court's docket.

48.    The proposed timing for the Confirmation Hearing complies with the Bankruptcy

Code, the Bankruptcy Rules and the Local Bankruptcy Rules, and will enable the Debtors to pursue

confirmation of the Plan in a timely fashion.

49.    Bankruptcy Code Section 1128(a) provides that "[a]fter notice, the court shall hold

a hearing on confirmation of a plan." Bankruptcy Rules 2002(b) and (d) require not less than

twenty-eight (28) days' notice to all creditors and equity security holders of the time fixed for

filing objections and the hearing to consider confirmation of a chapter 11 plan. In accordance with

Bankruptcy Rules 2002 and 3017(d), and Local Bankruptcy Rule 3017-1, the Debtors propose to

provide to all creditors and equity security holders notice, substantially in the form annexed to the

Disclosure Statement Order as **Exhibit 7a**, setting forth (i) the Voting Record Date, (ii) the Voting

Deadline, (iii) the Opt-Out Deadline, (iv) the time fixed for filing objections to confirmation of the

Plan, (v) notice of the date by which the Debtors will file the Plan Supplement, and (vi) the time,

date and place of the Confirmation Hearing.

50.    Publication Notice. Bankruptcy Rule 2002(l) permits the Court to "order notice by

publication if it finds that notice by mail is impracticable or that it is desirable to supplement the

notice." Fed. R. Bankr. P. 2002(l). In addition to mailing the Confirmation Hearing Notice to all

entities in the creditor matrix, the Debtors propose to publish the Publication Notice (or a notice

substantially similar thereto, substantially in the form annexed to the Disclosure Statement Order

as **Exhibit 7b**, once in *The New York Times* and, in the Debtors' discretion, any appropriate local

or trade periodicals, not less than twenty-eight (28) days before the deadline for Confirmation

objections set forth in the Confirmation Hearing Notice.  Additionally, the Debtors will publish the Publication Notice electronically on the Debtors' case information website (located at https://www.kccllc.net/voyageraviation) and file the same on the Court's docket.

51.     The Debtors believe that the Publication Notice will provide sufficient notice of, among other things, the entry of the Disclosure Statement Order, the Voting Deadline, the Confirmation Objection Deadline, and the Confirmation Hearing to parties who did not otherwise receive notice thereof by mail, email (where applicable), or overnight courier service.

52.     <u>The Plan Supplement Notice</u>.  The Plan defines "Plan Supplement" to mean the compilation of documents and forms of documents that constitute exhibits, appendices, and schedules to the Plan to be filed no later than seven (7) days before the Voting Deadline, including, without limitation:  (a) the schedule of Executory Contracts and Unexpired Leases to be assumed or assumed and assigned to the Purchaser, (b) the schedule of Executory Contracts and Unexpired Leases to be rejected, (c) the Retained Causes of Action Schedule, (d) the Transition Services Agreement, and (e) either (i) the Plan Administrator Agreement or (ii) the Liquidating Trust Agreement.  Subject to the provisions of the Restructuring Support Agreement, the Purchase Agreement and/or the Participation Agreement, as applicable, the Debtors will have the right to alter, amend, modify, or supplement the documents contained in the Plan Supplement through the Effective Date, in each case, subject to the terms of the Restructuring Support Agreement.

53.     To ensure that all known holders of Claims or Interests, the U.S. Trustee, and the 2002 List (regardless of whether such parties are entitled to vote on the Plan) receive notice of the Debtors' filing of the Plan Supplement, the Debtors propose to send the Plan Supplement Notice on the date the Debtors file the Plan Supplement, or as soon as practicable thereafter.  Accordingly, the Plan Supplement Notice should be approved.

54.     <u>The Rejection/Assumption Notices</u>.  Section V.A. of the Plan provides that on or before the Assumption Determination Date, the Purchaser shall designate all Executory Contracts and Unexpired Leases that it wishes the applicable Debtor to assume and assign to the Purchaser. As soon as practicable following the Assumption Determination Date, the Debtors or the Winddown Debtors, as applicable, shall serve notices of the proposed assumption and assignment and the proposed rejection, as applicable, on all counterparties to the Executory Contracts and Unexpired Leases (the "<u>Counterparties</u>").  The Assumption Notice shall contain the proposed Cure Claim with respect to each Executory Contract and Unexpired Lease designated for assumption and the deadline by which the Counterparty may object to the proposed assumption and assignment or the proposed Cure Claim (each such objection, the "<u>Assumption Objection</u>").  No less than 30 days prior to the Effective Date, the Debtors shall serve supplemental notices (each, a "<u>Supplemental Notice</u>") of the assumption of the Assumed Contracts and of the rejection of all other Executory Contracts and Unexpired Leases.  *See* Plan at § V.A.

55.     Section V.B of the Plan provides that any Executory Contract and Unexpired Lease (i) designated by the Debtors for rejection in the Supplemental Notice, (ii) that the Purchaser determines not to assume following the resolution of the Assumption Objection by the Bankruptcy Court, or (iii) with respect to which an Assumption Objection (other than solely with respect to a proposed Cure Claim) has been sustained, shall be deemed rejected by the applicable Debtor as of the Effective Date.  *See* Plan at § V.B.  The Rejection Notice will provide notice of any proposed rejection by placing such proposed rejection on the Rejection Schedule and set forth the procedures for resolution of disputes relating to the assumption or assumption and assignment (if applicable) of Executory Contracts or Unexpired Leases by the Court.

**VI.      The Court Should Approve the Solicitation and Voting Procedures.**

56.      The Debtors respectfully request that the Court approve the following solicitation, voting, and tabulating procedures, as such procedures comply with Section 1126(c) of the Bankruptcy Code and Bankruptcy Rule 3018.  Section 1126(c) of the Bankruptcy Code provides that:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under section (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designed under subsection (e) of this section, that have accepted or rejected the plan.

11 U.S.C. § 1126(c).

**A.      Procedures for Submitting Ballots and Opt-Out Forms.**

57.      The Ballots and Opt-Out Forms may be submitted either (i) in hard copy via first class mail, overnight courier and hand delivery at Ballot Processing, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, 3rd Floor, El Segundo, CA 90245 or (ii) via electronic transmissions, but solely through a customized online balloting portal on the Debtors' case website to be maintained by the Solicitation Agent at https://www.kccllc.net/voyageraviation (the "Online Portal").  Except as set forth herein, Ballots and Opt-Out Forms may not be submitted by electronic mail, facsimile or other means of electronic submission and will not be valid if submitted in such manner.  The Ballots and Opt-Out Forms will be deemed delivered only when the Solicitation Agent actually receives the properly executed Ballot or Opt-Out Form, as applicable.

58.      Instructions for electronic, online transmission of Ballots and Opt-Out Forms are set forth on the respective forms of Ballot and Opt-Out Form.  The encrypted Ballot and Opt-Out Form data and audit trail created by such electronic submission shall become part of the record

and the associated electronic signature will be deemed to be immediately legally valid and effective.

**B.**     **Procedures for Tabulating Votes.**

59.     The Debtors propose that any timely received Ballot that contains sufficient information to permit the identification of the claimant and the amount of the Claim and is cast as an acceptance or rejection of the Plan will be counted and will be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan.

60.     The Debtors propose that any party timely filing and serving a Rule 3018(a) Motion be provided a Ballot and be permitted to cast a provisional vote to accept or reject the Plan (assuming such holder is in a Voting Class). To the extent that the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion prior to the Voting Deadline, then at the Confirmation Hearing, this Court shall determine whether the provisional Ballot should be counted as a vote on the Plan. To avoid uncertainty, provide guidance to the Debtors and the Solicitation Agent, and avoid the potential for inconsistent results, the Debtors request that the Court, pursuant to section 105(a) of the Bankruptcy Code, establish the guidelines set forth below for tabulating the vote(s) to accept or reject the Plan:

> a.     <u>Votes Counted</u>. The Debtors propose that any timely received Ballot that contains sufficient information to permit the identification of the holder of the Claim and the amount of its Claim and is cast as an acceptance or rejection of the Plan (and otherwise complies with the instructions set forth in the Ballot) will be counted and will be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan. The foregoing general procedures will be subject to the following exceptions:
>
> > (i)     if a Claim is deemed Allowed in accordance with the Plan, such Claim is Allowed for purposes of voting in the deemed Allowed amount set forth in the Plan;
> >
> > (ii)    if a Claim for which a Proof of Claim has been timely filed is identified as contingent, unliquidated, or disputed, and is not subject to a pending objection, by the Debtors, then such Claim is

temporarily allowed for voting purposes only, and not for purposes of allowance of distribution, at $1.00; *provided* that any Claim filed for $0.00 not be entitled to vote;

(iii)    if a Proof of Claim is filed as partially liquidated and partially unliquidated, then such Claim will be allowed for voting purposes only, and not for purposes of allowance or distribution, in the liquidated amount;

(iv)    if a Claim has been estimated or otherwise allowed for voting purposes by Court order, such Claim will be temporarily allowed in the amount so estimated for voting purposes only, and not for purposes of allowance or distribution;

(v)    if a Claim is listed in the schedules as contingent, unliquidated or disputed, or in the amount of $0.00, and a Proof of Claim with respect to such Claim was not timely filed or deemed timely filed before the Voting Deadline, then, unless the Debtors have consented in writing or the holder of such Claim obtains an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for voting purposes, such Claim will be disallowed for voting purposes as well as for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

(vi)    if a Proof of Claim has been amended by a later-filed Proof of Claim, the later-filed Claim will be entitled to vote, and the earlier-filed Claim will not be entitled to vote;

(vii)    a creditor with multiple Claims in a Voting Class must vote all such Claims either to accept or reject the Plan and may not split its vote; and

(viii)    for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class will be aggregated as if such creditor held one Claim in such Class, and the votes on account of such Claims will be treated as a single vote.

b.    <u>Votes Not Counted</u>.  The Debtors further propose that, without further order of the Court, except as otherwise set forth herein, the following Ballots not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected (unless the Debtors, at their sole discretion, determine otherwise):

(i)    any Ballot that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and rejection of the Plan;

(ii)     any Ballot received by the Solicitation Agent after the Voting Deadline;

(iii)    any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

(iv)    any Ballot cast by a person or entity that does not hold a Claim in a Voting Class;

(v)     any unsigned Ballot or any Ballot transmitted to the Solicitation Agent by facsimile or electronic means other than through the Online Portal;

(vi)    any Ballot sent to any party other than the Solicitation Agent (including the Debtors, the Debtors' agents (other than the Solicitation Agent), and the Debtors' financial and legal advisors);

(vii)   any Ballot cast for a Claim that has been disallowed (for voting purposes or otherwise); and

(viii)  any Ballot cast in a currency other than U.S. Dollars.

61.     The Debtors further propose that any holder of a Claim entitled to vote that has delivered a valid Ballot may withdraw such Ballot, without further order of the Court, in accordance with Bankruptcy Rule 3018(a).

62.     Subject to any contrary order of the Court, the Debtors reserve the right to, in their sole discretion, (i) reject any and all Ballots, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules or (ii) waive any defect or irregularity in any Ballot at any time, whether before or after the Voting Deadline, and without notice.

63.     None of the Debtors, the Solicitation Agent, or any other person or entity will be under any duty to provide notification of defects or irregularities in any Ballot, nor will any of them incur any liability for failure to provide such notification.

64.     Consistent with the requirements of Local Bankruptcy Rule 3018-1, the Debtors will, at least seven (7) days prior to the Confirmation Hearing, file with the Court and serve on the

U.S. Trustee and any statutory committee appointed in these cases by an order of the Bankruptcy Court a certification of votes on the Plan (the "Voting Report"). The Voting Report will, among other things, certify to the Court in writing the amount and number of Allowed Claims of each Class accepting or rejecting the Plan, and list every Ballot that does not comply with the requirements set forth in the Disclosure Statement Order as entered by the Court (each, an "Irregular Ballot"). The Voting Report will indicate the Debtors' intentions with regard to each Irregular Ballot, including any waiver thereof.

65.    The Debtors believe that the foregoing procedures will provide for a fair and equitable voting process and request the Court to approve such procedures.

### C.    Master Ballot Voting and Tabulation Procedures.

66.    In addition to the foregoing generally applicable voting and ballot tabulation procedures, the Debtors seek authority for the following procedures to apply to the Beneficial Holders of Class 4 Secured Notes Claims who hold their position through a Nominee:

(a)    the Solicitation Agent shall distribute or cause to be distributed to each Nominee (i) the number of Solicitation Packages sufficient to be distributed to each Beneficial Holder represented by such Nominee as of the Voting Record Date, which will contain Beneficial Holder Ballots, and (ii) a Master Ballot;

(b)    each Nominee shall immediately, and in any event within three (3) business days after its receipt of the Solicitation Packages, commence the solicitation of votes from its Beneficial Holder through one of the following two methods:

(i)    distribute to each Beneficial Holder the Solicitation Package containing a Beneficial Holder Ballot, voting information form ("VIF"), and/or other customary communication (whether through forwarding paper copies or otherwise) used by such Nominee to collect voting information from its

Beneficial Holders along with instructions to the Beneficial Holder to return its Beneficial Holder Ballot to the Nominee in a timely fashion; or

(ii)    distribute to each Beneficial Holder the Solicitation Package containing a "pre-validated" Beneficial Holder Ballot signed by the Nominee and including the Nominee's DTC participant number, the Beneficial Holder's account number, and the amount of Class 4 Claims held by the Nominee for such Beneficial Holder with instructions to the Beneficial Holder to return its pre-validated Beneficial Holder Ballot to the Solicitation Agent so that it is actually received by the Voting Deadline;

(c)    each Nominee shall compile and validate the votes and other relevant information of all its Beneficial Holders on the Master Ballot; and transmit the Master Ballot to the Solicitation Agent in time for the Solicitation Agent to receive it on or before the Voting Deadline;

(d)    Nominees may submit their Master Ballots via electronic mail at VoyagerBallots@kccllc.com;

(e)    Nominees that submit Master Ballots must keep the original Beneficial Holder Ballots, VIFs, or other communication used by their Beneficial Holders to transmit their votes for a period of one (1) year after the Effective Date of the Plan;

(f)    Nominees that pre-validate Beneficial Holder Ballots must keep a list of Beneficial Holders for whom they pre-validated a Beneficial Holder Ballot along with copies of the pre-validated Beneficial Holder Ballots for a period of one (1) year after the Effective Date of the Plan;

(g)    the Solicitation Agent will not count votes of its Beneficial Holders unless and until they are included on a valid and timely submitted Master Ballot or a valid and timely "pre-validated" Beneficial Holder Ballot;

(h)      if a Beneficial Holder holds its Secured Notes through more than one Nominee or through multiple accounts, such Beneficial Holder may receive more than one Beneficial Holder Ballot and each such Beneficial Holder must execute a separate Beneficial Holder Ballot for each block of Secured Notes that it holds through any one Nominee, vote all its Secured Notes consistently, and return each Beneficial Holder Ballot to the appropriate Nominee;

(i)      votes cast by Beneficial Holders through a Nominee will be applied to the applicable positions held by such Nominees in the Secured Notes as of the Voting Record Date, as evidenced by the record and depository listings.  Votes submitted by a Nominee through a Master Ballot will not be counted in excess of the amount of the Secured Notes held by such Nominee of record as of the Voting Record Date;

(j)      if conflicting votes or "over-votes" are submitted by a Nominee through a Master Ballot, the Solicitation Agent will use reasonable efforts to reconcile discrepancies with the Nominees.  If over-votes on a Master Ballot are not reconciled prior to the preparation of the Voting Report, the Debtors will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and to reject the Plan submitted on the Master Ballot that contained the over-vote, but only to the extent of the applicable Nominee's record position in the Secured Notes;

(k)      a single Nominee may complete and deliver multiple Master Ballots to the Solicitation Agent.  Votes reflected on multiple Master Ballots will be counted only to the extent that they are not duplicative of those cast through any other Master Ballots.

(l)      if two or more Master Ballots submitted by a single Nominee are inconsistent, the latest valid Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior received Master Ballot.  Likewise, if a Beneficial

Holder submits more than one Beneficial Holder Ballot to its Nominee, (i) the latest properly completed valid Beneficial Holder Ballot received before the submission deadline imposed by the Nominee will be deemed to supersede any prior Beneficial Holder Ballot submitted by the Beneficial Holder, and (ii) the Nominee will complete the Master Ballot accordingly; and

(m)     the Debtors will, upon written request, reimburse Nominees for customary mailing and handling expenses incurred by them in forwarding the Solicitation Packages to their Beneficial Holders.  No fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting the votes on the Plan.

**D.     Procedures for Opting Out of Third-Party Releases.**

67.     The Debtors propose that the holders of Claims and Interests have the opportunity to elect to opt out of the Third-Party Releases by checking the appropriate box on the Ballot or the Opt-Out Form, as applicable.  If a holder of any Claim or Interest does not check the appropriate box on the Ballot or Opt-Out Form, as applicable, or if a holder of a Claim in a Voting Class votes to accept the Plan, such holder will be deemed to have granted the Third-Party Releases and will be bound thereby.

68.     With respect to Opt-Out Forms, the Debtors request that when a holder of an unclassified Claim or a Claim or Interest in a Non-Voting Class submits more than one Opt-Out Form, the last properly completed Opt-Out Form received before the Opt-Out Deadline be deemed to reflect the holder's intent and supersede any prior Opt-Out Form.

69.     The Debtors further propose that, without further order of the Court, except as otherwise set forth herein, the following Opt-Out Form not be considered for any purpose:

i.  any Opt-Out Form that does not indicate whether or not the holder chooses to opt out of the Third-Party Releases;

ii.  any Opt-Out Form received by the Solicitation Agent after the Opt-Out Deadline;

iii.  any Opt-Out Form that is illegible or contains insufficient information to permit the identification of the claimant;

iv.  any Opt-Out Form cast by a person or entity that is entitled to vote to accept or reject the Plan;

v.  any unsigned Opt-Out Form or any Opt-Out Form transmitted to the Solicitation Agent by facsimile or electronic means other than through the Online Portal; and

vi.  any Opt-Out Form sent to any party other than the Solicitation Agent.

70.  Subject to any contrary order of the Court, the Debtors, in their sole discretion, reserve the right to waive any defect or irregularity in any Opt-Out Form at any time, whether before or after the Voting Deadline, and without further notice to any party.

71.  None of the Debtors, the Solicitation Agent or any other person or entity will be under any duty to provide notification of defects or irregularities in delivered Opt-Out Forms, nor will any of them incur any liability for failure to provide such notification.  Rather, the Solicitation Agent may disregard, with no further notice, any defective Opt-Out Form as described above.

72.  The Debtors further propose that any person or entity that has delivered a valid Opt-Out Form may withdraw such Opt-Out Form before the Opt-Out Deadline without further order of the Court.

73.  The Debtors believe that the foregoing procedures will provide for a fair and equitable process under which holders of Claims and interests, including those in Non-Voting Classes, may elect to opt out of the Third-Party Releases.

## **Motion Practice**

74.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Bankruptcy Rule 9013-1(a).

## **Notice**

75.     The Debtors will provide notice of this Motion to (a) the Office of the United States Trustee for the Southern District of New York; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Required Consenting Noteholders, Clifford Chance US LLP; (d) counsel to the Aircraft Facility Lenders; (e) counsel to the Indenture Trustee of the Secured Notes; (f) counsel to the Purchaser, Paul, Weiss, Rifkind, Wharton & Garrison LLP and Pillsbury Winthrop Shaw Pittman LLP; (g) the Securities and Exchange Commission; (h) the Internal Revenue Service; (i) the Office of Foreign Assets Control of the United States Department of Treasury; (j) the United States Attorney's Office for the Southern District of New York; (k) the office of the attorneys general for the states in which the Debtors operate; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Debtors respectfully submit that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided.

## **No Prior Request**

76.     No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that this Court (i) enter the Disclosure

Statement Order granting the relief requested herein and (ii) grant such other relief as this Court

deems appropriate under the circumstances.

Dated: August 4, 2023
       New York, New York

*/s/ Brian Kinney*

Samuel A. Khalil, Esq.
Lauren C. Doyle, Esq.
Brian Kinney, Esq.
Edward R. Linden, Esq.
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219
Email:    skhalil@milbank.com
        ldoyle@milbank.com
        bkinney@milbank.com
        elinden@milbank.com

*Proposed Counsel to all Debtors and Debtors in
Possession other than the Participation Debtors*

*/s/ Michael J. Edelman*

Cameron A. Gee, Esq.
Michael J. Edelman, Esq.
William W. Thorsness, Esq. (*pro hac vice pending*)
**VEDDER PRICE P.C.**
1633 Broadway, 31st Floor
New York, NY 10019
Telephone:    (212) 407-7700
Facsimile:    (212) 407-7799
Email:    cgee@vedderprice.com
        mjedelman@vedderprice.com
        wthorsness@vedderprice.com

*Proposed Counsel to the Participation Debtors*

**<u>Exhibit 1</u>**

**Disclosure Statement Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | ) |
| In re: | )    Chapter 11 |
| | ) |
| Voyager Aviation Holdings, LLC *et al.*, | )    Case No. 23-11177 (JPM) |
| | ) |
| Debtors.[1] | )    (Jointly Administered) |
| | ) |

**ORDER (I) APPROVING (A) THE DISCLOSURE STATEMENT AND
(B) SOLICITATION AND NOTICE MATERIALS; (II) ESTABLISHING
(A) SOLICITATION AND VOTING PROCEDURES, (B) PROCEDURES FOR
ALLOWING CLAIMS FOR VOTING PURPOSES AND (C) NOTICE AND
OBJECTION PROCEDURES; AND (III) SCHEDULING CONFIRMATION HEARING**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (collectively,

the "Debtors") in the above-captioned cases, for entry of an order: (i) approving (a) the Disclosure

Statement for *Joint Chapter 11 Plan of Voyager Aviation Holdings, LLC et al.* filed

contemporaneously herewith (as it may be amended, supplemented or otherwise modified from

time to time, the "Disclosure Statement"), (b) the solicitation packages to be sent to the holders of

Claims entitled to vote to accept or reject the Plan (the "Solicitation Packages") and (c) forms of

various notices to be sent to various parties in interest in connection with the Confirmation

Hearing, (ii) establishing (a) solicitation and notice procedures, (b) procedures for temporarily

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Voyager Aviation Holdings, LLC (8601); A330 MSN 1432 Limited (N/A); A330 MSN 1579 Limited (N/A); Aetios Aviation Leasing 1 Limited (N/A); Aetios Aviation Leasing 2 Limited (N/A); Cayenne Aviation LLC (9861); Cayenne Aviation MSN 1123 Limited (N/A); Cayenne Aviation MSN 1135 Limited (N/A); DPM Investment LLC (5087); Intrepid Aviation Leasing, LLC (N/A); N116NT Trust (N/A); Panamera Aviation Leasing IV Limited (N/A); Panamera Aviation Leasing VI Limited (N/A); Panamera Aviation Leasing XI Limited (N/A);  Panamera Aviation Leasing XII Designated Activity Company (N/A); Panamera Aviation Leasing XIII Designated Activity Company (N/A); Voyager Aircraft Leasing, LLC (2925); Voyager Aviation Aircraft Leasing, LLC (3865); Voyager Aviation Management Ireland Designated Activity Company (N/A); and Voyager Finance Co. (9652). The service address for each of the Debtors in these cases is 301 Tresser Boulevard, Suite 602, Stamford, CT 06901.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

allowing claims for voting purposes, and (c) noticing and objection procedures, and (iii) scheduling the Confirmation Hearing, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012; and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Motion is appropriate under the circumstances and that no other or further notice need be provided; and upon the record of the hearing held before this Court; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY FOUND AND DETERMINED THAT**:

A.     The Disclosure Statement Hearing Notice filed at Docket No. [●] was served in accordance with the Motion, any case management order entered in these Chapter 11 Cases, and all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules on all known creditors and interest holders and constitutes due and proper notice of the Disclosure Statement Hearing, objection deadline, and the relief requested in the Motion, and it appears that no other or further notice need be provided.

B.     The Disclosure Statement (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, including in connection with the Disclosure Statement Hearing) contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

2

C.      The proposed procedures for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

D.      The Ballots, in the form annexed hereto as **Exhibits 2A**, **2B**, **2C** and **2D** are substantially consistent with Official Form No. 14, adequately address the particular needs of these cases, and are appropriate for the holders of Claims in Voting Classes.

E.      Each holder of a Class  in Class 3b (Aircraft Financing Facility Claims against Participation Debtors), Claim Class 4 (Secured Notes Claims), and Class 5 (Convenience/Go-Forward Trade Claims) shall receive a Ballot and shall be entitled to vote to accept or reject the Plan.

F.      Ballots will not be provided to the holders of Claims in Class 1 (Other Secured Claims), Class 2 (Priority Non-Tax Claims), Class 3a (Aircraft Financing Facility Claims against Aircraft Selling Debtors), and Class 6a (General Unsecured Claims against Aircraft Selling Debtors) because the Plan provides that the Claims in such Classes are unimpaired and, therefore, the holders of Claims in such Classes are conclusively presumed to accept the Plan.

G.      Ballots will not be provided to the holders of Claims in Class 6b (General Unsecured Claims against Other Debtors), Class 6c (General Unsecured Claims against Participation Debtors), Class 9 (Section 510(b) Claims), Class 10 (Cayenne Preferred Interests) and Class 11 (VAH interests) because the Plan provides that the holders of Claims and Interests in these Classes will not receive or retain any property under the Plan on account of such Claims or Interests, and, therefore, the holders of such Claims and Interests are deemed to reject the Plan.

H.      Ballots will not be provided to holders of Claims and Interests in Class 7 (Intercompany Claims) and Class 8 (Intercompany Interests) because the Plan provides that (i) the

Claims and Interests in such Classes are unimpaired and deemed to accept and, therefore, the holders of Claims and interests in such Classes are conclusively presumed to accept the Plan, or (ii) the holders of Claims and Interests in these Classes will not receive or retain any property under the Plan on account of such Claims or Interests, and, therefore, the holders of such Claims and Interests are deemed to reject the Plan.

       I.     The proposed period during which the Debtors may solicit acceptances of the Plan is a reasonable and adequate period of time for creditors to make an informed decision to accept or reject the Plan.

       J.     The Confirmation Hearing Notice and the Publication Notice and the procedures for providing such notice to creditors and equity security holders comply with Bankruptcy Rules 2002 and 3017 and Local Bankruptcy Rule 3017-1 and constitute sufficient notice.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

      1.     The Motion is GRANTED.

      2.     The Disclosure Statement is APPROVED.

      3.     The following dates and times are approved in connection with solicitation and confirmation of the Plan:

| Event | Date and Time (prevailing Eastern Time), as applicable |
|---|---|
| Disclosure Statement Objection Deadline | September 6, 2023, at 4:00 p.m. |
| Voting Record Date | September 13, 2023 |
| Deadline to File Reply to Disclosure Statement Objection(s) | September 13, 2023, at 12:00 p.m. |
| Disclosure Statement Hearing | September 20, 2023, at 10:00 a.m. |
| Solicitation Commencement Deadline | Five (5) business days following entry of the Disclosure Statement Order |
| Publication Deadline | Five (5) business days following entry of the Disclosure Statement Order |
| Rule 3018(a) Motion Deadlines | October 12, 2023, at 4:00 p.m. |

| Event | Date and Time (prevailing Eastern Time), as applicable |
|---|---|
| Deadline to distribute Notices of Potential Assumption and Assignment and related Cure Costs and Notices of Potential Rejection | October 13, 2023 |
| Plan Supplement Filing Deadline | October 13, 2023 |
| Voting Deadline | October 25, 2023, at 4:00 p.m. |
| Opt-Out Deadline | October 25, 2023, at 4:00 p.m. |
| Deadline to File Voting Report | October 30, 2023 |
| Deadline to Object to Assumption or Rejection | October 27, 2023, at 4:00 p.m. |
| Plan Objection Deadline | October 27, 2023, at 4:00 p.m. |
| Deadline to File Confirmation Brief and Plan Reply | November 1, 2023, at 12:00 p.m. |
| Confirmation Hearing Date | November 8, 2023, at 10:00 a.m. |

4.      The solicitation and voting procedures, including the procedures for tabulating votes to accept or reject the Plan are approved.

5.      The Solicitation Packages to be distributed to the holders in the Voting Classes shall contain (i) the Cover Letter; (ii) the Disclosure Statement; (iii) the Disclosure Statement Order (excluding exhibits thereto); (iv) the applicable Ballot, together with the instructions on how to complete the Ballot, and a pre-paid, pre-addressed return envelope; (v) the Plan; (vi) the Confirmation Hearing Notice; and (vii) such other materials as the Court may direct to include in the Solicitation Packages.

6.      The Solicitation Packages to be distributed to the holders of Claims and Interests in Non-Voting Classes shall contain (i) the applicable Non-Voting Statue Notice; (ii) the Disclosure Statement Order (excluding the exhibits thereto); (iii) an Opt-Out Form instructions on how to complete the same, and a pre-paid, pre-addressed return envelope; and (iv) Confirmation Hearing Notice.

7.      The Debtors are directed to distribute (or cause to be distributed) the Solicitation Packages (containing the materials set forth in the immediately preceding paragraph)

to the holders of Claims in the Voting Classes and holders of Claims and Interests in the Non-Voting Classes.

8.      Nominees are required to forward the Beneficial Holder Ballots to Beneficial Holders within three (3) days of receiving the Beneficial Holder Ballots.  To the extent the Nominees incur out-of-pocket expenses in connection with distribution of the Beneficial Holder Notices, the Debtors are authorized, but not directed, to reimburse such Nominees for their reasonable and customary expenses incurred in this regard.

9.      The Debtors shall send, by first class mail, the Confirmation Hearing Notices to all other parties included in the Debtors' creditor matrix that do not fall within any of the categories described above.

10.     The forms of Ballots and Master Ballot, substantively in the form attached hereto as **Exhibit 2A**, **Exhibit 2B**, **Exhibit 2C**, and **Exhibit 2D** respectively, are approved.

11.     The Unimpaired Non-Voting Status Notice, substantially in the form annexed hereto as **Exhibit 3**, and an Impaired Non-Voting Status Notice, substantially in the form annexed hereto as **Exhibit 4**, are approved.

12.     The Opt-Out Form, substantially in the form annexed hereto as **Exhibit 5**, is approved.

13.     The Cover Letter, substantially in the form annexed hereto as **Exhibit 6**, is approved.

14.     The Confirmation Hearing Notice, substantially in the form annexed hereto as **Exhibit 7a**, and the procedures for providing such notice to creditors and equity security holders are approved.

15.    The Publication Notice, substantially in the form annexed hereto as **Exhibit 7b**, is approved.

16.    The Plan Supplement Notice, substantially in the form annexed hereto as **Exhibit 8**, is approved.

17.    The Assumption Notice, substantially in the form annexed hereto as **Exhibit 9**, and the Rejection Notice, substantially in the form annexed hereto as **Exhibit 10**, are approved.

18.    For addresses where a Disclosure Statement Hearing Notice was distributed and returned by the United States Postal Service as undeliverable, the Debtors are excused from distributing Solicitation Packages, Ballots, Non-Voting Status Notices, or any similar materials to the entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities before the Solicitation Commencement Date.

19.    The Debtors need not re-mail Solicitation Packages or any other undeliverable solicitation-related materials that were returned as undeliverable by the United States Postal Service unless the Debtors are provided with accurate addresses for the relevant persons or entities at least seven (7) calendar days prior to the Voting Deadline.

20.    To be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed and the original thereof delivered to the Solicitation Agent so as to be actually received by the Solicitation Agent no later than the Voting Deadline, *i.e.*, **4:00 p.m. (prevailing Eastern Time) on October 25, 2023**.

21.    To be counted as an election to opt-out of the Third-Party Releases, each Opt-Out Form must be properly executed, completed and the original thereof delivered to the

Solicitation Agent so as to be actually received by the Solicitation Agent no later than the Opt-Out Deadline, *i.e.*, **4:00 p.m. (prevailing Eastern Time) on October 25, 2023**.

22.    Ballots and Opt-Out Forms shall be submitted and accepted via first class mail, overnight courier, hand delivery at Ballot Processing, c/o Kurtzman Carson Consultants LLC, or electronic, online transmission through the Online Portal.  Ballots and Opt-Out Forms may not be submitted by electronic mail, facsimile or other means of electronic submissions and shall not be valid if submitted in such manner.  An executed Ballot or Opt-Out Form shall be submitted by the entity submitting such Ballot or Opt-Out Form.  Each entity submitting a Ballot or Opt-Out Form shall bear the risk of submission to the Solicitation Agent.  Ballots and Opt-Out Forms shall be deemed delivered only when the Solicitation Agent actually receives the properly executed Ballot or Opt-Out Form submitted via the approved methods of submission.

23.    The Debtors propose that any timely received Ballot that contains sufficient information to permit the identification of the claimant and the amount of the Claim and is cast as an acceptance or rejection of the Plan will be counted and will be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan.  The foregoing general procedures will be subject to the following exceptions:

(i)    if a Claim is deemed Allowed in accordance with the Plan, such Claim is Allowed for purposes of voting in the deemed Allowed amount set forth in the Plan;

(ii)    if a Claim for which a Proof of Claim has been timely filed is identified as contingent, unliquidated, or disputed, and is not subject to a pending objection, by the Debtors, then such Claim is temporarily allowed for voting purposes only, and not for purposes of allowance of distribution, at $1.00 *provided* that any Claim filed for $0.00 not be entitled to vote;

(iii)    if a Proof of Claim is filed as partially liquidated and partially unliquidated, then such Claim will be allowed for voting purposes only, and not for purposes of allowance or distribution, in the liquidated amount;

(iv)    if a Claim has been estimated or otherwise allowed for voting purposes by Court order, such Claim will be temporarily allowed in the amount so estimated for voting purposes only, and not for purposes of allowance or distribution;

(v)    if a Claim is listed in the schedules as contingent, unliquidated or disputed, or in the amount of $0.00, and a Proof of Claim with respect to such Claim was not timely filed or deemed timely filed before the Voting Deadline, then, unless the Debtors have consented in writing or the holder of such Claim obtains an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for voting purposes, such Claim will be disallowed for voting purposes as well as for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

(vi)    if a Proof of Claim has been amended by a later-filed Proof of Claim, the later-filed Claim will be entitled to vote, and the earlier-filed Claim will not be entitled to vote;

(vii)    a creditor with multiple Claims in a Voting Class must vote all such Claims either to accept or reject the Plan and may not split its vote; and

(viii)    for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class will be aggregated as if such creditor held one Claim in such Class, and the votes on account of such Claims will be treated as a single vote.

24.    Subject to the Debtors' discretion, no Ballot shall be counted that is (i) properly completed, executed, and timely returned to the Solicitation Agent but does not indicate an acceptance or rejection of the Plan or indicates both an acceptance and a rejection of the Plan, (ii) received by the Solicitation Agent after the Voting Deadline, unless the Debtors granted in writing (including by email or other informal means) an extension of the Voting Deadlines for such Ballot, (iii) illegible or contains insufficient information to permit the identification of the claimant, (iv) cast by a person or entity that does not hold a Claim in a Voting Class, (v) not signed or not originally signed, including any Ballot transmitted to the Solicitation Agent by facsimile or electronic means, other than through the Online Portal, (vi) sent directly to any of the Debtors, their agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors or to any party other than the Solicitation Agent, (vii) cast for a Claim that has been

disallowed (for voting purposes or otherwise), and (viii) any Ballot that has been submitted in a currency other than U.S. Dollars.

25.     Without further order of this Court, any Ballot transmitted to the Solicitation Agent by facsimile or other electronic means (other than the Online Portal) shall not be counted.

26.     A holder of a Claim entitled to vote that has delivered a valid Ballot may withdraw such Ballot solely in accordance with Bankruptcy Rule 3018(a).

27.     Subject to any contrary order of this Court, the Debtors may reject any and all Ballots the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules.

28.     Subject to any contrary order of this Court, the Debtors may, without notice, waive any defect or irregularity in any Ballot at any time, whether before or after the Voting Deadline.

29.     None of the Debtors, the Solicitation Agent, or any other person or entity shall be under any duty to provide notification of defects or irregularities in submitted Ballots, nor shall the Debtors, the Solicitation Agent or any other person or entity incur any liability for failure to provide such notification.

30.     The Debtors shall distribute, by first class mail and/or electronic mail Opt-Out Forms to all holders of unclassified Claims and all Claim and Interests in a Non-Voting Class. If a holder of an unclassified Claim or a Claim or Interest in a Non-Voting Class submits more than one Opt-Out Form, the last properly completed Opt-Out Form received before the Voting Deadline shall be deemed to reflect such holder's intent and thus supersede any prior Opt-Out Form.

31.     Without further order of this Court, no Opt-Out Form shall be considered that: (i) does not indicate whether or not the Claimant chooses to opt out of the Third-Party Releases, (ii) is received by the Solicitation Agent after the Voting Deadline, unless the Debtors shall have granted in writing (including by email or other informal means) an extension of the Voting Deadline for the applicable holder, (iii) is illegible or contains insufficient information to permit the identification of the claimant, (iv) is cast by a person or entity that is not a holder of a Claim in a Non-Voting Class, (v) is unsigned or not originally signed, including any Opt-Out Form transmitted to the Solicitation Agent by facsimile or other electronic means, other than through the Online Portal, and (vi) is sent directly to any party other than the Solicitation Agent.

32.     Subject to any contrary order of this Court, the Debtors may, without notice, waive any defect or irregularity in an Opt-Out Form at any time, whether before or after the Opt-Out Deadline.

33.     None of the Debtors, the Solicitation Agent, or any other person or entity shall be under any duty to provide notification of defects or irregularities in delivered Opt-Out Forms, nor shall the Debtors, the Solicitation Agent or any other person or entity incur any liability for failure to provide such notification.

34.     The Confirmation Hearing shall be held at **10:00 a.m. (prevailing Eastern Time) on November 8, 2023**; *provided*, *however*, that the Confirmation Hearing may be adjourned from time to time by the Court or the Debtors without further notice other than a notice filed on the Court's docket or an announcement at the Confirmation Hearing or any adjourned Confirmation Hearing.

35.     Five (5) business days following entry of the Disclosure Statement Order, the Debtors shall publish the Publication Notice once in *The New York Times* and, in the Debtors'

discretion, any appropriate local or trade periodicals and electronically on the Debtors' case information website (located at https://www.kccllc.net/voyageraviation) and shall file the same on this Court's docket, with no other or further service of such announcement being required other than the electronic notice provided through this Court's CM/ECF system.

36.     Objections to confirmation of the Plan or proposed modifications to the Plan, if any, must (i) be in writing, (ii) conform to the Bankruptcy Rules and the Local Bankruptcy Rules, (iii) state the name and address of the objecting party and the amount and nature of such party's Claim or Interest, (iv) state with particularity the basis and nature of any objection(s) to the Plan, and if practicable, a proposed modification to the Plan that would resolve such objection, and (v) be filed, together with proof of service, with the Court electronically and in accordance with any case management order entered in these Chapter 11 Cases, and served on the parties listed in the Confirmation Hearing Notice, in each case so as to be actually received on or before **October 27, 2023 (prevailing Eastern Time) on 4:00, 2023**.  Objections to confirmation of the Plan not timely filed and served in the manner set forth above shall not be considered and shall be overruled.

37.     The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

38.     The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballots, the Opt-Out Form, the Non-Voting Status Notices, the Confirmation Hearing Notice, and all exhibits to any of the foregoing without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors

and to make conforming changes to any other materials in the Solicitation Package before distribution, in each case, subject to the terms of the Restructuring Support Agreement.

39.     No other or further notice of the Motion or the entry of this Order shall be required.

40.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Dated: _____, 2023

_____
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 2**

**Ballots**

**<u>Exhibit 2A to Proposed Disclosure Statement Order</u>**

**Form of Ballot for Class 3b**
**(Aircraft Financing Facility Claims against Aircraft Selling Debtors)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Voyager Aviation Holdings, LLC *et al.*, | ) | Case No. 23-11177 (JPM) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

## BALLOT FOR VOTING TO ACCEPT OR REJECT DEBTORS' JOINT CHAPTER 11 PLAN

BALLOT FOR VOTING
CLASS 3b– AIRCRAFT FINANCING FACILITY CLAIMS
AGAINST PARTICIPATION DEBTORS

---

**You should review the Disclosure Statement, the Plan and the Disclosure Statement Order before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim(s) under the Plan.**

**VOTING DEADLINE IS: 4:00 P.M. (PREVAILING EASTERN TIME) ON October 25, 2023.**

**If your Ballot is not received by the Debtors' Solicitation Agent (as defined herein) on or before the Voting Deadline (unless such deadline is extended), your vote will not count as either an acceptance or rejection of the Plan.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors") have filed the *Joint Chapter 11 Plan of Voyager Aviation Holdings, LLC et al.* (the "Plan"), which is attached as **Exhibit A** to the Disclosure Statement (the "Disclosure Statement"). Both documents are included in the materials (the "Solicitation Package") you have received together with this ballot (the "Ballot") and have also been posted on the Debtors' case information website (https://www.kccllc.net/voyageraviation).

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Voyager Aviation Holdings, LLC (8601); A330 MSN 1432 Limited (N/A); A330 MSN 1579 Limited (N/A); Aetios Aviation Leasing 1 Limited (N/A); Aetios Aviation Leasing 2 Limited (N/A); Cayenne Aviation LLC (9861); Cayenne Aviation MSN 1123 Limited (N/A); Cayenne Aviation MSN 1135 Limited (N/A); DPM Investment LLC (5087); Intrepid Aviation Leasing, LLC (N/A); N116NT Trust (N/A); Panamera Aviation Leasing IV Limited (N/A); Panamera Aviation Leasing VI Limited (N/A); Panamera Aviation Leasing XI Limited (N/A);   Panamera Aviation Leasing XII Designated Activity Company (N/A); Panamera Aviation Leasing XIII Designated Activity Company (N/A); Voyager Aircraft Leasing, LLC (2925); Voyager Aviation Aircraft Leasing, LLC (3865); Voyager Aviation Management Ireland Designated Activity Company (N/A); and Voyager Finance Co. (9652). The service address for each of the Debtors in these cases is 301 Tresser Boulevard, Suite 602, Stamford, CT 06901.

You are receiving this Ballot because you a holder of a Claim in Class 3b (Aircraft Financing Facility Claims against Participation Debtors) as of September 13, 2023 (the "<u>Voting Record Date</u>").  Accordingly, you have the right to vote to accept or reject the Plan.  Please use a separate Ballot to cast your vote to accept or reject the Plan as to each Debtor against which you have a separate Class 3b Claim; *provided* that you cannot split your Claim into separate Claims that fit the definition of a Class 3b Claim and assert it against multiple Debtors.

If you received the Solicitation Package in electronic format and desire paper copies of all or some of the materials, or if you need to obtain additional Solicitation Packages, you may obtain them from Kurtzman Carson Consultants LLC (the "<u>Solicitation Agent</u>") at no charge by (i) calling the Solicitation Agent at (877) 634-7163 (U.S./Canada) or +1 (424) 236-7219 (International), (ii) emailing the Solicitation Agent at VoyagerAviationInfo@kccllc.com or (iii) visiting the case website at https://www.kccllc.net/voyageraviation.

This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than (i) to cast a vote to accept or reject the Plan and (ii) to opt out of the Third-Party Release contained in Section X.D.2 of the Plan and set forth in full below.  If you believe you have received this Ballot in error or that you have received the wrong Ballot, or if you need additional Ballots, please contact the Solicitation Agent immediately as set forth above.

## <u>HOW TO VOTE</u>

1.    **PLEASE COMPLETE ITEMS 1 AND 2.**

2.    **YOU MUST VOTE THE FULL AMOUNT OF EACH CLASS 3b CLAIM (OR, IF YOU HAVE MULTIPLE CLASS 3b CLAIMS, ALL OF SUCH CLAIMS) *EITHER* TO ACCEPT *OR* TO REJECT THE PLAN.  YOU MAY NOT SPLIT YOUR VOTE.**

3.    **IF YOU VOTE TO ACCEPT THE PLAN YOU WILL BE DEEMED TO HAVE GRANTED THE THIRD-PARTY RELEASE SET FORTH BELOW.**

4.    **IF YOU DO NOT VOTE TO EITHER ACCEPT OR REJECT THE PLAN OR VOTE TO REJECT THE PLAN AND WISH TO OPT OUT OF GRANTING THE THIRD-PARTY RELEASE, CHECK THE BOX IN ITEM 3.**

5.    **REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4.**

6.    **SIGN AND DATE THE BALLOT.**

7.    **ANY EXECUTED BALLOT THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED.**

8.    **IN ORDER FOR YOUR VOTE TO BE COUNTED, YOUR ORIGINALLY SIGNED AND PROPERLY COMPLETED BALLOT MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT NO LATER**

**THAN OCTOBER 25, 2023] AT 4:00 P.M. (PREVAILING EASTERN TIME).**

9.    **TO SUBMIT YOUR BALLOT, YOU MAY:**

    A.    **USE THE POSTAGE-PAID ENVELOPE PROVIDED, OR SEND YOUR BALLOT TO THE ADDRESS SET FORTH BELOW:**
        **VOYAGER AVIATION HOLDINGS, LLC ET AL.**
        **BALLOT PROCESSING**
        **C/O KURTZMAN CARSON CONSULTANTS LLC**
        **222 N. PACIFIC COAST HIGHWAY, 3RD FLOOR**
        **SEGUNDO, CA 90245**

              **OR**

    B.    **USE THE ONLINE PORTAL BY FOLLOWING THE INSTRUCTIONS SET FORTH IN THE BOX BELOW:**

---

**To submit your Ballot via the Online Portal, visit https://https://www.kccllc.net/voyageraviation and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

    **Unique E-Ballot ID#:** _____

**The Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only the Claim described in <u>Item 1</u> of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.**

**<u>CREDITORS WHO CAST A BALLOT USING THE ONLINE PORTAL SHOULD NOT ALSO SUBMIT A PAPER BALLOT.</u>**

**If your Ballot is not received by the Solicitation Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors, your vote will not be counted.**

---

    Item 1.    **Amount of Class 3b Claim Voted.** The undersigned certifies that, as of September 13, 2023, the undersigned held a 3b (Aircraft Financing Facility Claim against Participation Debtors), which arose before the Petition Date, in the following unpaid amount:

<div style="border:1px solid black; display:inline-block; padding:4px 80px;">$</div>

**Item 2.**     **Vote.** The holder of the Class 3b Claim identified in Item 1 votes as follows (check one box only—if you do not check a box or if you check both boxes, your vote will not be counted):

☐ **Accept** the Plan          OR          ☐ **Reject** the Plan

**Item 3.**     **Important information regarding the Debtor Release, Third Party Release, and Injunction.**

**<u>Section X.D.1 of the Plan provides for a debtor release (the "Debtor Release")</u>:** [2]

EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE DEBTORS, THE WINDDOWN DEBTORS, AND THEIR ESTATES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH, UNDER, OR FOR THE FOREGOING ENTITIES, FROM ANY AND ALL CAUSES OF ACTION, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, THAT THE DEBTORS WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM/INTEREST THAT IS TREATED IN THE RESTRUCTURING SUPPORT AGREEMENT AND/OR IN THE PLAN, THE BUSINESS OR CONTRACTUAL

---

[2]    "Released Parties" means, collectively, and in each case in its capacity as such: (a) each Debtor; (b) each Winddown Debtor; (c) each non-Debtor Affiliate, including any non-Debtor Company Managed Entity; (d) each Consenting Noteholder; (e) each Consenting Equityholder; (f) the Purchaser; (g) the Participant; (h) the Guarantor; (i) each current and former Affiliate of each Entity in clause (a) through clause (h); and (j) each Related Party of each Entity in clause (a) through clause (i); provided that in each case, an Entity shall not be a Released Party if it: (x) elects to opt out of the release contained in Section IX.D of the Plan; or (y) timely objects to the releases contained in Section XI.D of the Plan, either by means of (i) a formal objection filed on the docket of these cases or (ii) an informal objection provided to the Debtors in writing, including by electronic mail, and such objection is not withdrawn before confirmation of the Plan; provided, further, that each Consenting Noteholder and each Consenting Equityholder may not object or opt-out of the release contained in Section X.D of the Plan.

**ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE CHAPTER 11 CASES, THE SECURED NOTES, THE AIRCRAFT FINANCING FACILITIES, THE ASSERTION OR ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE DEBTORS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR OR THE COMPANY MANAGED ENTITIES, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT, OR ANY OF THE TRANSACTION DOCUMENTS, OR ANY RESTRUCTURING TRANSACTIONS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT OR THE TRANSACTION DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE RESTRUCTURING TRANSACTIONS, THE CONSUMMATION OF THE TRANSACTIONS CONTEMPLATED BY THE PURCHASE AGREEMENT OR THE PARTICIPATION AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE; *PROVIDED* THAT, NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE SHALL NOT RELEASE, PREJUDICE, LIMIT, IMPACT, OR OTHERWISE IMPAIR (I) ANY RETAINED CAUSE OF ACTION AGAINST ANY PERSON OR ENTITY IDENTIFIED IN THE RETAINED CAUSES OF ACTION SCHEDULE, (II) SUBJECT TO THE TERMS OF THE PURCHASE AGREEMENT OR THE PARTICIPATION AGREEMENT, AS APPLICABLE, ANY RIGHTS, CLAIMS, OR CAUSES OF ACTION OF THE DEBTORS, THE WINDDOWN DEBTORS, OR THEIR ESTATES UNDER THE PURCHASE AGREEMENT OR THE PARTICIPATION AGREEMENT, AS APPLICABLE, OR (III) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE RESTRUCTURING SUPPORT AGREEMENT, ANY DEFINITIVE DOCUMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT), OR OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN.**

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to applicable bankruptcy law, of the releases described in <u>Section X.D.1</u> and shall constitute the Bankruptcy Court's finding that such releases (1) are an essential means of implementing the Plan; (2) are an integral and non-severable element of the Plan and the transactions incorporated therein; (3) confer substantial benefits on the Debtors' Estates; (4) are in exchange for the good and valuable consideration provided by the Released Parties; (5) are a good-faith settlement and compromise of the Claims and Causes of Action released by <u>Section X.D</u> of the Plan; (6) are in the best interests of the Debtors, their Estates, and all holders of Claims and Interests; (7) are fair, equitable, and reasonable; and (8) are given and made after due notice and opportunity for hearing.  The releases described in <u>Section X.D</u> shall, on the Effective Date, have the effect of *res judicata* (a matter adjudged),

to the fullest extent permissible under applicable laws of any jurisdiction in which the Debtors operate.

**Section X.D.2 of the Plan provides for releases by Holders of Claims or Interests ("Third-Party Release"):**

EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH, UNDER, OR FOR THE FOREGOING ENTITIES, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE RESTRUCTURING SUPPORT AGREEMENT AND/OR THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE SECURED NOTES, THE AIRCRAFT FINANCING FACILITIES, THE ASSERTION OR ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE DEBTORS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR OR THE COMPANY MANAGED ENTITIES, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT, THE TRANSACTION DOCUMENTS, OR ANY RESTRUCTURING TRANSACTIONS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT OR THE TRANSACTION DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE RESTRUCTURING TRANSACTIONS, THE CONSUMMATION OF THE TRANSACTIONS CONTEMPLATED BY THE PURCHASE

**AGREEMENT OR THE PARTICIPATION AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE; *PROVIDED* THAT, NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE SHALL NOT RELEASE, PREJUDICE, LIMIT, IMPACT, OR OTHERWISE IMPAIR (I) ANY RETAINED CAUSE OF ACTION AGAINST ANY PERSON OR ENTITY IDENTIFIED IN THE RETAINED CAUSES OF ACTION SCHEDULE, (II) SUBJECT TO THE TERMS OF, AS APPLICABLE, THE PURCHASE AGREEMENT OR THE PARTICIPATION AGREEMENT, ANY RIGHTS, CLAIMS, OR CAUSES OF ACTION OF THE DEBTORS, THE WINDDOWN DEBTORS OR THE PURCHASER OR THE GUARANTOR UNDER THE PURCHASE AGREEMENT OR THE DEBTORS, THE WINDDOWN DEBTORS OR THE PARTICIPANT UNDER THE PARTICIPATION AGREEMENT, OR (III) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE RESTRUCTURING SUPPORT AGREEMENT, ANY DEFINITIVE DOCUMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT), OR OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to applicable bankruptcy law, of the releases described in this <u>Section X.D.2</u> and shall constitute the Bankruptcy Court's finding that such releases (a) are an essential means of implementing the Plan; (b) are an integral and non-severable element of the Plan and the transactions incorporated therein; (c) confer substantial benefits on the Debtors' Estates; (d) are in exchange for the good and valuable consideration provided by the Released Parties; (e) are a good-faith settlement and compromise of the Claims and Causes of Action released by this <u>Section X.D.2</u> of the Plan; (f) are in the best interests of the Debtors, their Estates, and all holders of Claims and Interests; (g) are fair, equitable, and reasonable; (h) are given and made after due notice and opportunity for hearing; and (i) are a bar to any of the parties deemed to grant the releases contained in this <u>Section X.D.2</u> of the Plan asserting any Claim or Cause of Action released by the releases contained in this <u>Section X.D.2</u> of the Plan against any of the Released Parties.**

**The releases described in <u>Section X.D.2</u> shall, on the Effective Date, have the effect of *res judicata* (a matter adjudged), to the fullest extent permissible under applicable laws of any jurisdiction in which the Debtors operate.**

<u>**Section X.C of the Plan provides for an exculpation (the "Exculpation"):**</u>

**EFFECTIVE AS OF THE EFFECTIVE DATE, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW AND WITHOUT AFFECTING OR LIMITING EITHER THE "RELEASES BY THE DEBTORS" OR THE "RELEASES BY HOLDERS OF CLAIMS OR INTERESTS", AND EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN, NO EXCULPATED PARTY SHALL HAVE OR INCUR, AND EACH EXCULPATED PARTY IS RELEASED AND EXCULPATED FROM ANY CAUSE OF ACTION FOR ANY ACT OR OMISSION IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, THESE CHAPTER 11 CASES, THE**

**FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, ANY PLAN DOCUMENTS, ANY RESTRUCTURING TRANSACTION, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION OF THE PLAN, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE SOLICITATION OF VOTES ON THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT (INCLUDING, FOR THE AVOIDANCE OF DOUBT, PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY EXCULPATED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION), EXCEPT FOR CAUSES OF ACTION RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER OF A COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE; *PROVIDED* THAT, NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE EXCULPATION AND RELEASES SET FORTH ABOVE DO NOT APPLY TO (I) ANY RETAINED CAUSE OF ACTION AGAINST ANY PERSON OR ENTITY IDENTIFIED IN THE RETAINED CAUSES OF ACTION SCHEDULE, (II) SUBJECT TO THE TERMS OF, AS APPLICABLE, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT, OR ANY OTHER AZORRA TRANSACTION DOCUMENT, ANY RIGHTS, CLAIMS OR CAUSES OF ACTION OF THE PURCHASER, THE GUARANTOR, OR THE PARTICIPANT, AS APPLICABLE, UNDER THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT, OR ANY OTHER AZORRA TRANSACTION DOCUMENT, OR (III) SUBJECT TO THE TERMS OF THE RESTRUCTURING SUPPORT AGREEMENT, ANY RIGHTS, CLAIMS OR CAUSES OF ACTION OF THE REQUIRED CONSENTING STAKEHOLDERS UNDER THE RESTRUCTURING SUPPORT AGREEMENT.   IN ALL RESPECTS THE EXCULPATED PARTIES SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES.   THE EXCULPATED PARTIES HAVE, AND UPON CONSUMMATION OF THE PLAN SHALL BE DEEMED TO HAVE, PARTICIPATED IN GOOD FAITH AND IN COMPLIANCE WITH THE APPLICABLE LAWS WITH REGARD TO THE SOLICITATION OF VOTES AND DISTRIBUTION OF CONSIDERATION PURSUANT TO THE PLAN AND, THEREFORE, ARE NOT, AND ON ACCOUNT OF SUCH DISTRIBUTIONS SHALL NOT BE, LIABLE AT ANY TIME FOR THE VIOLATION OF ANY APPLICABLE LAW, RULE, OR REGULATION GOVERNING THE SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PLAN OR SUCH DISTRIBUTIONS MADE PURSUANT TO THE PLAN.**

<u>Section X.E of the Plan provides for an injunction (the "Injunction"):</u>

**EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY**

**HOLD CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES THAT: (A) ARE SUBJECT TO COMPROMISE AND SETTLEMENT PURSUANT TO THE TERMS OF THE PLAN; (B) HAVE BEEN RELEASED PURSUANT TO THE "RELEASES BY THE DEBTORS" SET FORTH IN THE PLAN; (C) HAVE BEEN RELEASED PURSUANT TO "RELEASES BY THE HOLDERS OF CLAIMS OR INTERESTS" SET FORTH IN THE PLAN; (D) ARE SUBJECT TO EXCULPATION PURSUANT TO THE PLAN; (E) ARE AGAINST THE AZORRA TRANSACTION ASSETS, THE PURCHASER, OR THE PARTICIPANT; OR (F) ARE OTHERWISE DISCHARGED, SATISFIED, STAYED, OR TERMINATED PURSUANT TO THE TERMS OF THE PLAN, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE, FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY ACTION OR OTHER PROCEEDING, INCLUDING ON ACCOUNT OF ANY CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES THAT HAVE BEEN COMPROMISED OR SETTLED AGAINST THE DEBTORS, THE WINDDOWN DEBTORS, OR ANY ENTITY SO RELEASED OR EXCULPATED (OR THE PROPERTY OR ESTATE OF ANY ENTITY, DIRECTLY OR INDIRECTLY, SO RELEASED OR EXCULPATED) ON ACCOUNT OF, OR IN CONNECTION WITH OR WITH RESPECT TO, ANY DISCHARGED, RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES.  UPON ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND THEIR RESPECTIVE CURRENT AND FORMER DIRECTORS, MANAGERS, EXECUTIVES, OFFICERS, PRINCIPALS, PREDECESSORS, SUCCESSORS, EMPLOYEES, AGENTS, AND DIRECT AND INDIRECT AFFILIATES SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN.  EACH HOLDER OF AN ALLOWED CLAIM OR ALLOWED INTEREST, AS APPLICABLE, BY ACCEPTING, OR BEING ELIGIBLE TO ACCEPT, DISTRIBUTIONS UNDER THE PLAN, SHALL BE DEEMED TO HAVE CONSENTED TO THESE INJUNCTION PROVISIONS.**

* * * * *

**PLEASE TAKE NOTICE THAT SECTION X OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS.  YOU MAY OPT OUT OF THE THIRD-PARTY RELEASE PROVISIONS BY CHECKING THE BOX IN ITEM 3 BELOW AND NOT VOTING IN ITEM 4 TO ACCEPT THE PLAN.**

**For the avoidance of doubt, the only parties that are bound by the Release set forth in Section X.D.2 of the Plan are: (a) the Released Parties; (b) parties who vote in favor of the Plan and do not opt out of the release provided in Section X.D.2 of the Plan in a timely and properly submitted ballot; (c) parties who vote to reject the Plan and do not opt out of the release provided in Section X.D.2 of the Plan in a timely and properly submitted ballot; (d) parties who are entitled to vote but do not vote and do not opt out of the release provided in Section X.D.2 of the Plan in a timely and properly submitted ballot; (e) parties who are deemed to reject the Plan and do not opt out of the release provided in Section X.D.2 of the Plan by submitting a duly completed Opt-Out Form; and (f) parties who are deemed to accept the Plan and do not opt out of the release provided in Section X.D.2 of the Plan by submitting a duly completed Opt-Out Form.**

**Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any individual from any claims or causes of action related to an act or omission that is determined in a final order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence.**

**If you reject the Plan or abstain from voting on the Plan in Item 2 above and want to opt out of the Third-Party Release, you should check the box below**:

☐    By checking this box, the undersigned elects to **opt out** of the Third-Party Release.

**Item 4.**    **Certification.** By returning this Ballot, the holder of the Class 3b Claim identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Class 3b Claim identified in Item 1, (b) it has full power and authority to vote to accept or reject the Plan for the Class 3b Claim identified in Item 1, (c) it was the holder of the Class 3b Claim identified in Item 1 as of September 13, 2023, and (d) it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes on the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and the Plan.

**THE FACT THAT YOUR RECEVED THIS BALLOT DOES NOT MEAN THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED**.

Name of Creditor: _____
(Print or Type)
Social Security or Federal Tax ID No.:_____
Signature:_____
Print Name:_____
Title:_____
(If Appropriate)
Street Address:
_____
City, State, Zip
Code:_____
Telephone Number: ( )_____
Email Address:
_____
Date Completed:
_____

Please check one or both of the below boxes if the above address is a change of address for the purpose(s) of:

☐        Future notices in these Chapter 11 Cases; and/or

☐        Distributions in these Chapter 11 Cases.

This Ballot shall not constitute or be deemed a Proof of Claim, an assertion of a Claim, or the allowance of a Claim.

---

**YOUR VOTE MUST BE SENT IN AMPLE TIME TO BE RECEIVED BY THE SOLICITATION AGENT, KURTZMAN CARSON CONSULTANTS LLC, BY 4:00 P.M. (PREVAILING EASTERN TIME) ON OCTOBER 25, 2023, OR YOUR VOTE WILL NOT BE CCOUNTED.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ANOTHER BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER MATERIALS, PLEASE CONTACT THE SOLICITATION AGENT AT (877) 634-7163 (U.S./CANADA) OR +1 (424) 236-7219 (INTERNATIONAL), OR BY VISITING: HTTPS://WWW.KCCLLC.NET/VOYAGERAVIATION .**

**PLEASE NOTE THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**Exhibit 2B to Proposed Disclosure Statement Order**

**Form of Master Ballot for Class 4 (Secured Note Claims)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Voyager Aviation Holdings, LLC *et al.*, | ) | Case No. 23-11177 (JPM) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

## MASTER BALLOT FOR VOTING CLAIMS IN CLASS 4 TO ACCEPT OR REJECT THE DEBTORS' JOINT CHAPTER 11 PLAN

---

**VOTING DEADLINE: 4:00 P.M. (PREVAILING EASTERN TIME) ON OCTOBER 25, 2023.**

**If this Master Ballot is not received by the Debtors' Solicitation Agent, Kurtzman Carson Consultants, on or before the Voting Deadline, the votes of the beneficial holders of the Secured Notes (as defined herein) for whom you act as a nominee will not be counted as either an acceptance or rejection of the Plan.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting votes on the *Joint Chapter 11 Plan of Voyager Aviation Holdings, LLC et al.* (as it may be amended from time to time, the "Plan")[2] described in the *Disclosure Statement for Joint Chapter 11 Plan of Voyager Aviation Holdings, LLC et al.* (including all exhibits and supplements thereto, the "Disclosure Statement"). The United States Bankruptcy Court for the Southern District of New York (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code by an order dated [•], 2023 (the "Disclosure Statement Order"). The Court's approval of the Disclosure Statement does not indicate its approval of the terms of the Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Voyager Aviation Holdings, LLC (8601); A330 MSN 1432 Limited (N/A); A330 MSN 1579 Limited (N/A); Aetios Aviation Leasing 1 Limited (N/A); Aetios Aviation Leasing 2 Limited (N/A); Cayenne Aviation LLC (9861); Cayenne Aviation MSN 1123 Limited (N/A); Cayenne Aviation MSN 1135 Limited (N/A); DPM Investment LLC (5087); Intrepid Aviation Leasing, LLC (N/A); N116NT Trust (N/A); Panamera Aviation Leasing IV Limited (N/A); Panamera Aviation Leasing VI Limited (N/A); Panamera Aviation Leasing XI Limited (N/A); Panamera Aviation Leasing XII Designated Activity Company (N/A); Panamera Aviation Leasing XIII Designated Activity Company (N/A); Voyager Aircraft Leasing, LLC (2925); Voyager Aviation Aircraft Leasing, LLC (3865); Voyager Aviation Management Ireland Designated Activity Company (N/A); and Voyager Finance Co. (9652). The service address for each of the Debtors in these cases is 301 Tresser Boulevard, Suite 602, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

You are receiving this Master Ballot because you are a broker, bank, or other nominee, or an agent of a broker, bank, or other nominee (each, a "Nominee") or a proxy holder of a Nominee of certain beneficial holders (the "Beneficial Holders") of the 8.500% Senior Secured Notes due 2026 issued under the Secured Notes Indenture (the "Secured Notes") as of September 13, 2023 (the "Voting Record Date").

**This Master Ballot is to be used by you to transmit to the Solicitation Agent (as defined below) (i) the votes of the Beneficial Holders holding the Secured Notes through you to accept or reject the Plan and (ii) their elections to opt-out or not opt-out of certain releases contained in the Plan (the "Third-Party Releases").**

**This Master Ballot may not be used for any other purpose.**

The treatment of the Claims in Class 4 is described in the Disclosure Statement, which is included in the packages (the "Solicitation Packages") you are receiving with this Master Ballot. You should be receiving a sufficient number of Solicitation Packages to transmit to each of your Beneficial Holders. If you received the Solicitation Package in electronic format and desire paper copies of all or some of the materials, or if you need additional Solicitation Packages, you may obtain them at no charge: by accessing the Debtors' restructuring website at https://www.kccllc.net/voyageraviation; or from Kurtzman Carson Consultants LLC (the "Solicitation Agent") by (i) writing to Voyager Ballot Processing Center, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, 3rd Floor, El Segundo, CA 90245; (ii) calling the Solicitation Agent at (U.S./Canada) or +1 (424) 236-7219 (International; or (iii) submitting an inquiry at https://www.kccllc.net/voyageraviation /inquiry; or for a fee via PACER at http://www.nysb.uscourts.gov.

If you believe you have received this Master Ballot in error, please contact the Solicitation Agent immediately at the address, telephone number, or email address set forth above.

You are authorized to collect votes of your Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) Beneficial Holder Ballots, through online voting, by phone, facsimile, or other electronic means.

To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Solicitation Agent actually receives it on or before the Voting Deadline.

**The Voting Deadline is on October 25, 2023, at 4:00 p.m. prevailing Eastern Time.**

<u>Item 1</u>.  **Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

    ☐ Is a Nominee for each of the Beneficial Holders of the aggregate principal amount of the Secured Notes Claims listed in Item 2 below, and is the record holder of the Secured Notes underlying such Claims, or

<div align="center">2</div>

☐ Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate principal amount of the Secured Notes underlying the Secured Notes Claims listed in Item 2 below, or

☐ Has been granted a proxy (an original of which is attached hereto) from a Nominee or a Beneficial Holder that is the registered holder of the aggregate principal amount of the Secured Notes underlying the Secured Notes Claims listed in Item 2 below, and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the Beneficial Holders of such Claims.

**Item 2.** **Votes on the Plan and Opt-Out Elections.**

The undersigned transmits the following votes and opt-out elections of the following Beneficial Holders of Secured Notes Claims in Class 4, identified by their respective customer account numbers, and certifies that such persons or entities are the Beneficial Holders of such Claims as of the Voting Record Date and have delivered to the undersigned, as Nominee, the Beneficial Holder Ballots casting such votes and making such elections.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot (in the same form).  Please note that each Beneficial Holder must vote all such Beneficial Holder's Class 4 Claims to either accept or reject the Plan and may not split its vote.  **Any Beneficial Holder Ballot that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan should not be counted**.

| Customer Account Number and/or Customer Name | Principal Amount Held as of the Voting Record Date | The Beneficial Holders voted as follows: | | | The Following Beneficial Holders Opted Out of the Third-Party Release. |
|---|---|---|---|---|---|
| | | To Accept the Plan | or | To Reject the Plan | |
| 1. | $ | ☐ | | ☐ | ☐ |
| 2. | $ | ☐ | | ☐ | ☐ |
| 3. | $ | ☐ | | ☐ | ☐ |
| 4. | $ | ☐ | | ☐ | ☐ |
| 5. | $ | ☐ | | ☐ | ☐ |
| 6. | $ | ☐ | | ☐ | ☐ |
| TOTALS | $ | | | | |

**Item 3.  Other Ballots Submitted by Beneficial Holders.**

The undersigned certifies that it has transcribed in the following table the information, if any, provided by the Beneficial Holders in Item 5 of the Beneficial Holder Ballot:

| Customer account number and/or Customer Name | *Transcribe from Item 4 of the Beneficial Holder Ballot* | | | |
|---|---|---|---|---|
| | Account Number | Name of the Registered Holder or Nominee | Principal Amount of other Class 4 Claims | CUSIP of other Claims Voted |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |

**Item 4.  Certifications.**

By signing this Master Ballot, the undersigned certifies to the Court and the Debtors as follows:

(a) **I have delivered Solicitation Packages, including the Disclosure Statement, the Plan, and the Beneficial Holder Ballots to each of the Beneficial Holders listed in Item 2 above;**

(b) **I have received a properly completed and signed Beneficial Holder Ballot (or vote submission in accordance with customary procedures) from each Beneficial Holder listed in Item 2 of this Master Ballot;**

(c) **I am the registered holder of all Secured Notes underlying the Claims listed in Item 2 above or I have been authorized by each Beneficial Holder of the Claims listed in Item 2 above to vote on the Plan;**

4

(d) **no other Master Ballots with respect to the Claims identified in Item 2 have been cast or, if any other Master Ballots have been cast with respect to such Claims, then such Master Ballots are hereby revoked;**

(e) **I have properly disclosed: (i) the number of Beneficial Holders who completed the Beneficial Holder Ballots or otherwise conveyed their votes to me; (ii) the respective amounts of the Claims held by each Beneficial Holder that completed a Beneficial Holder Ballot; (iii) each such Beneficial Holder's vote on the Plan; (iv) each such Beneficial Holder's certification as to other Claims voted in Class 4; and (v) the customer account or other identification number for each such Beneficial Holder; and**

(f) **I will maintain the Beneficial Holder Ballots and/or other evidence of the votes cast by my Beneficial Holders (whether properly completed or defective) for at least one (1) year after the Effective Date and will disclose all such information to the Court or the Debtors, if requested.**

| Name of DTC Participant: | |
|---|---|
| | (Print or Type) |
| Participant Number: | |
| Name of Proxy Holder or Agent for DTC Participant (if applicable): | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| Title: | |
| Address: | |
| | |
| Date Completed: | |
| Email Address: | |

**Voyager Aviation Holdings, LLC Ballot Processing Center**
**c/o Kurtzman Carson Consultants LLC**
**222 N. Pacific Coast Highway, Suite 300**
**El Segundo, CA 90245**

**Nominees are also permitted to return this Master Ballot to the**
**Solicitation Agent via email to VoyagerBallots@kccllc.com**

---

**If the Solicitation Agent does not actually receive this Master Ballot on or before <u>October 25, 2023, at 4:00 p.m., prevailing Eastern Time</u> (unless the Voting Deadline is extended), the votes transmitted by this Master Ballot may be counted toward Confirmation of the Plan only in the sole and absolute discretion of the Debtors.**

## <u>INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT</u>

1. The Debtors are soliciting the votes of holders of Claims in Class 4 with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement.

2. You should immediately distribute the Solicitation Packages (including the Beneficial Holder Ballots and/or other materials you customarily use to collect votes) to all your Beneficial Holders and take any action required to enable each such Beneficial Holder to submit its votes/elections in time for you to be able to submit this Master Ballot to the Solicitation Agent before the Voting Deadline.

3. You may distribute the Solicitation Packages to your Beneficial Holders and collect votes to accept or to reject the Plan from your Beneficial Holders in accordance with your customary practices, including the use of "pre-validated" Beneficial Holder Ballots and "voting instruction forms" in lieu of (or in addition to) Beneficial Holder Ballots, through online voting, by phone, facsimile, or other electronic means.

4. If you are transmitting the votes of any Beneficial Holder other than yourself, you may either:

   a. "Pre-validate" each individual Beneficial Holder Ballot by signing the Beneficial Holder Ballot and including your DTC participant number, indicating the account number of the Beneficial Holder and the principal amount of the Secured Notes held by you for such Beneficial Holder. Forward the pre-validated Beneficial Holder Ballot, together with the rest of the Solicitation Package, to each of your Beneficial Holders with the instructions that each such Beneficial Holder must (i) complete the remaining information requested on the Beneficial Holder Ballot, including its voting and opt-out decision, within five (5) Business Days after the Beneficial Holder's receipt of the Solicitation Package, and (ii) return its Beneficial Holder Ballot directly to the Solicitation Agent in the return envelope to be provided in the Solicitation Package, such that it is received by the Solicitation Agent by the Voting Deadline; or

   b. Within five (5) Business Days after receipt of the Solicitation Packages, you should forward a Solicitation Package to each of your Beneficial Holders for voting along with the instruction to each Beneficial Holder to (i) fill in all Items on the Beneficial Holder Ballot and (ii) return its filled-in individual Beneficial Holder Ballot to you in a return envelope provided by and addressed to you. In such case, you will reflect the votes and elections of your Beneficial Holders on a Master Ballot in accordance with these instructions and return the Master Ballot to the Solicitation Agent. You should advise the Beneficial Holders to return their Beneficial Holder Ballots (or otherwise transmit their votes) to you by a date calculated to allow you to prepare and return the Master Ballot to the Solicitation Agent so that it is actually received by the Solicitation Agent on or before the Voting Deadline.

   c. You should maintain the Beneficial Holder Ballots or a list of the Beneficial Holders for whom you "pre-validated" their Beneficial Holder Ballot for inspection for at least one year from the Effective Date.

5.  You must: (a) compile and validate the votes and other relevant information of each Beneficial Holder that returned a Beneficial Holder Ballot to you on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit the Master Ballot to the Solicitation Agent by the Voting Deadline; and (d) retain all Beneficial Holder Ballots, whether in hard copy or by electronic direction, in your files for a period of one (1) year after the Effective Date.  You may be ordered to produce the Beneficial Holder Ballots (or evidence of the vote transmitted to you) to the Debtors or the Court.

6.  If a Master Ballot is received **after** the Voting Deadline and if the Voting Deadline is not extended, it may be counted only at the discretion of the Debtors.  Additionally, the **votes transmitted by the following Master Ballots will <u>not</u> be counted**:

   a.  any Master Ballot to the extent it is illegible or contains insufficient information to permit the identification of the holders of Class 4 Claims;

   b.  any Master Ballot sent by facsimile or any electronic means other than via email at VoyagerBallots@kccllc.com;

   c.  any unsigned Master Ballot;

   d.  any Master Ballot that does not contain an original signature, *provided*, however, that any Master Ballot submitted through the Online Portal shall be deemed to contain an original signature; and

   e.  any Master Ballot submitted by any party that is not entitled to cast a vote on the Plan.

7.  The method of delivery of Master Ballots to the Solicitation Agent is at your election and risk.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent **actually receives** the executed Master Ballot.  In all cases, you should allow sufficient time to assure timely delivery.

8.  If multiple Master Ballots received prior to the Voting Deadline reflect votes with respect to the same Claims, the latest, timely received and properly completed Master Ballot will supersede and revoke any earlier received Master Ballots.

9.  The Master Ballot does **not** constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

10. **<u>Please be sure to sign and date the Master Ballot</u>**.  You should indicate that you are signing the Master Ballot in your capacity as a Nominee and, if required or requested by the Solicitation Agent, the Debtors, or the Court, submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder.

11. If you are both the Nominee and the Beneficial Holder of any of the Claims voted through the Master Ballot and you wish to vote such Claims, you may return a Beneficial Holder Ballot or Master Ballot for such Claims and you must vote your entire Claims in the same Class to either accept or reject the Plan and may not split your vote.

12. The following additional rules apply to Master Ballots:

    a.  Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such Nominee as of the Voting Record Date, as evidenced by the record and depository listings.

    b.  Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, will not be counted in excess of the record amount of the Secured Notes held by such Nominee;

    c.  To the extent that conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, the Solicitation Agent will attempt to reconcile discrepancies with the Nominee;

    d.  To the extent that over-votes on a Master Ballot or pre-validated Beneficial Holder Ballots are not reconcilable prior to the preparation of the vote certification, the Solicitation Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Beneficial Holder Ballots that contained the over-vote, but only to the extent of the Nominee's position in the Secured Notes; and

    e.  For purposes of tabulating votes, each Beneficial Holder holding through a particular account will be deemed to have voted the principal amount of its Secured Notes in that particular account, although the Solicitation Agent may be asked to adjust such principal amount.

**<u>Please return your Master Ballot promptly.</u>**

**If you have any questions regarding this Master Ballot,
these Voting Instructions or the Procedures for Voting, please call
the restructuring hotline at: (877) 499-4509 (U.S./Canada) or +1 (917) 281-4800
(International),or email at VoyagerBallots@kccllc.com**

---

**If the Solicitation Agent does not actually receive this Master Ballot on or before <u>October 25, 2023, at 4:00 p.m., prevailing Eastern Time</u> (unless the Voting Deadline is extended), the votes transmitted by this Master Ballot may be counted toward Confirmation of the Plan only in the sole and absolute discretion of the Debtors.**

---

**Exhibit A**

*Please check ONLY ONE box below to indicate the CUSIP/ISIN to which this Master Ballot pertains (or clearly indicate such information directly on the Master Ballot or on a schedule thereto). If you check more than one box below, the Beneficial Holder votes submitted on this Master Ballot may be invalidated:*

| | BOND DESCRIPTION | CUSIP / ISIN |
|---|---|---|
| | **Class 4 Secured Notes** | |
| ☐ | 8.500% 1st Lien Bond (144A) | CUSIP 92918X AA 3/ ISIN US92918XAA37 |
| ☐ | 8.500% 1st Lien Bond (REGS) | CUSIP U9337Y AA 5/ ISIN USU9337YAA56 |
| ☐ | 8.500% 1st Lien Bond (AI) | CUSIP 92918X AB 1/ ISIN US92918XAB10 |
| ☐ | 8.500% 1st Lien Bond (OCT) | CUSIP U9337YAB 3/ ISIN USU9337YAB30 |

**<u>Exhibit 2C to Proposed Disclosure Statement Order</u>**

**Form of Beneficial Holder Ballot for Class 4 (Secured Notes Claims)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Voyager Aviation Holdings, LLC *et al.*, | ) | Case No. 23-11177 (JPM) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

---

## BALLOT FOR VOTING TO ACCEPT OR REJECT THE DEBTORS'
## JOINT CHAPTER 11 PLAN

BALLOT FOR VOTING
CLAIMS IN CLASS 4 – SECURED NOTES CLAIMS

---

**You should review the Disclosure Statement, the Plan and the Disclosure Statement Order before you vote.  You may wish to seek legal advice concerning the classification and treatment of your Claim(s) under the Plan.**

**VOTING DEADLINE IS: 4:00 P.M. (PREVAILING EASTERN TIME) ON OCTOBER 25, 2023.**

**If your Ballot is not received by Kurtzman Carson Consultants LLC (the "Solicitation Agent") on or before the Voting Deadline, your vote will not be counted as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting votes on the *Joint Chapter 11 Plan of Voyager Aviation Holdings, LLC et al.* (as it may be amended from time to time, the "Plan")[2] described in the *Disclosure Statement for Joint Chapter 11 Plan of Voyager Aviation Holdings, LLC et al.* (including all exhibits and supplements thereto, the "Disclosure Statement").  The United States Bankruptcy Court for the Southern District of New York (the "Court") has approved the Disclosure Statement as containing adequate

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Voyager Aviation Holdings, LLC (8601); A330 MSN 1432 Limited (N/A); A330 MSN 1579 Limited (N/A); Aetios Aviation Leasing 1 Limited (N/A); Aetios Aviation Leasing 2 Limited (N/A); Cayenne Aviation LLC (9861); Cayenne Aviation MSN 1123 Limited (N/A); Cayenne Aviation MSN 1135 Limited (N/A); DPM Investment LLC (5087); Intrepid Aviation Leasing, LLC (N/A); N116NT Trust (N/A); Panamera Aviation Leasing IV Limited (N/A); Panamera Aviation Leasing VI Limited (N/A); Panamera Aviation Leasing XI Limited (N/A);  Panamera Aviation Leasing XII Designated Activity Company (N/A); Panamera Aviation Leasing XIII Designated Activity Company (N/A); Voyager Aircraft Leasing, LLC (2925); Voyager Aviation Aircraft Leasing, LLC (3865); Voyager Aviation Management Ireland Designated Activity Company (N/A); and Voyager Finance Co. (9652). The service address for each of the Debtors in these cases is 301 Tresser Boulevard, Suite 602, Stamford, CT 06901.

[2]    Capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

information pursuant to section 1125 of the Bankruptcy Code by an order dated [•] (the "Disclosure Statement Order"). The Court's approval of the Disclosure Statement does not indicate its approval of the terms of the Plan.

You are receiving this Ballot (the "Beneficial Holder Ballot") because you are a Beneficial Holder of one or more of the 8.500% Senior Secured Notes due 2026 issued under the Secured Notes Indenture (the "Secured Notes") as of **September 13, 2023** (the "Voting Record Date"). Accordingly, you have the right to vote to accept or reject the Plan, but you have to do it through your broker, bank, or other nominee, or the agent of the broker, bank, or other nominee that holds your Secured Notes of record (each, a "Nominee"). You must cast your vote in accordance with the instructions provided to you by your Nominee.

Your rights are described in the Disclosure Statement, which was included in the package (the "Solicitation Package") you are receiving with this Ballot. If you received the Solicitation Package in electronic format and desire paper copies of all or some of the materials, or if you need to obtain additional Solicitation Packages, you may obtain them at no charge by either (a) accessing the Debtors' restructuring website at https://www.kccllc.net/voyageraviation or (b) from your Nominee.

This Beneficial Holder Ballot may not be used for any purpose other than for (i) casting your vote to accept or reject the Plan, (ii) opting out of the Third-Party Release contained in the Plan, and (iii) making certain certifications with respect to your vote. If you believe you have received this Beneficial Holder Ballot in error, or if you believe that you have received the wrong ballot, please contact your Nominee **immediately** at the address, telephone number, or email address set forth above.

Your Claim has been placed in Class 4 under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.

Depending on the instructions you receive from your Nominee, in order for your vote to count, either (i) your pre-validated Beneficial Holder Ballot must be received by the Solicitation Agent on or before the Voting Deadline, which is **October 25, 2023, at 4:00 p.m. prevailing Eastern Time** or (ii) your Nominee must receive your Beneficial Holder Ballot in sufficient time for your Nominee to submit a Master Ballot reflecting your vote in time for the Solicitation Agent to receive it on or before the Voting Deadline. Please allow sufficient time for your vote to be included on the Master Ballot to be completed by your Nominee. If either your pre-validated Beneficial Holder Ballot or a Master Ballot recording your vote is not received by the Solicitation Agent on or before the Voting Deadline (unless the Voting Deadline is extended), your vote will not be counted.

<u>**Item 1**</u>.  **Amount of Claim.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Beneficial Holder of a Claim in Class 4 in the following aggregate unpaid principal amount (insert amount in box below, unless completed by your Nominee):

2

$$\boxed{\$\text{_____}}$$

**Item 2.**  **Important information regarding the Debtor Release, Third-Party Release, and Injunction.**

**Section X.D.1 of the Plan provides for a debtor release (the "Debtor Release"):**[3]

       **EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE DEBTORS, THE WINDDOWN DEBTORS, AND THEIR ESTATES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH, UNDER, OR FOR THE FOREGOING ENTITIES, FROM ANY AND ALL CAUSES OF ACTION, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, THAT THE DEBTORS WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM/INTEREST THAT IS TREATED IN THE RESTRUCTURING SUPPORT AGREEMENT AND/OR IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE CHAPTER 11 CASES, THE SECURED NOTES, THE AIRCRAFT FINANCING FACILITIES, THE ASSERTION OR ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE DEBTORS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR**

---

[3]    "Released Parties" means, collectively, and in each case in its capacity as such: (a) each Debtor; (b) each Winddown Debtor; (c) each non-Debtor Affiliate, including any non-Debtor Company Managed Entity; (d) each Consenting Noteholder; (e) each Consenting Equityholder; (f) the Purchaser; (g) the Participant; (h) the Guarantor; (i) each current and former Affiliate of each Entity in clause (a) through clause (h); and (j) each Related Party of each Entity in clause (a) through clause (i); provided that in each case, an Entity shall not be a Released Party if it: (x) elects to opt out of the release contained in Section IX.D of the Plan; or (y) timely objects to the releases contained in Section XI.D of the Plan, either by means of (i) a formal objection filed on the docket of these cases or (ii) an informal objection provided to the Debtors in writing, including by electronic mail, and such objection is not withdrawn before confirmation of the Plan; provided, further, that each Consenting Noteholder and each Consenting Equityholder may not object or opt-out of the release contained in Section X.D of the Plan.

AND ANOTHER DEBTOR OR THE COMPANY MANAGED ENTITIES, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT, OR ANY OF THE TRANSACTION DOCUMENTS, OR ANY RESTRUCTURING TRANSACTIONS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT OR THE TRANSACTION DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE RESTRUCTURING TRANSACTIONS, THE CONSUMMATION OF THE TRANSACTIONS CONTEMPLATED BY THE PURCHASE AGREEMENT OR THE PARTICIPATION AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE; *PROVIDED* THAT, NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE SHALL NOT RELEASE, PREJUDICE, LIMIT, IMPACT, OR OTHERWISE IMPAIR (I) ANY RETAINED CAUSE OF ACTION AGAINST ANY PERSON OR ENTITY IDENTIFIED IN THE RETAINED CAUSES OF ACTION SCHEDULE, (II) SUBJECT TO THE TERMS OF THE PURCHASE AGREEMENT OR THE PARTICIPATION AGREEMENT, AS APPLICABLE, ANY RIGHTS, CLAIMS, OR CAUSES OF ACTION OF THE DEBTORS, THE WINDDOWN DEBTORS, OR THEIR ESTATES UNDER THE PURCHASE AGREEMENT OR THE PARTICIPATION AGREEMENT, AS APPLICABLE, OR (III) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE RESTRUCTURING SUPPORT AGREEMENT, ANY DEFINITIVE DOCUMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT), OR OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to applicable bankruptcy law, of the releases described in <u>Section X.D.1</u> and shall constitute the Bankruptcy Court's finding that such releases (1) are an essential means of implementing the Plan; (2) are an integral and non-severable element of the Plan and the transactions incorporated therein; (3) confer substantial benefits on the Debtors' Estates; (4) are in exchange for the good and valuable consideration provided by the Released Parties; (5) are a good-faith settlement and compromise of the Claims and Causes of Action released by <u>Section X.D</u> of the Plan; (6) are in the best interests of the Debtors, their Estates, and all holders of Claims and Interests; (7) are fair, equitable, and reasonable; and (8) are given and made after due notice and opportunity for hearing.  The releases described in <u>Section X.D</u> shall, on the Effective Date, have the effect of *res judicata* (a matter adjudged), to the fullest extent permissible under applicable laws of any jurisdiction in which the Debtors operate.

<u>Section X.D.2 of the Plan provides for releases by Holders of Claims or Interests ("Third-Party Release")</u>:

EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH, UNDER, OR FOR THE FOREGOING ENTITIES, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE RESTRUCTURING SUPPORT AGREEMENT AND/OR THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE SECURED NOTES, THE AIRCRAFT FINANCING FACILITIES, THE ASSERTION OR ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE DEBTORS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR OR THE COMPANY MANAGED ENTITIES, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT, THE TRANSACTION DOCUMENTS, OR ANY RESTRUCTURING TRANSACTIONS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT OR THE TRANSACTION DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE RESTRUCTURING TRANSACTIONS, THE CONSUMMATION OF THE TRANSACTIONS CONTEMPLATED BY THE PURCHASE AGREEMENT OR THE PARTICIPATION AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE; *PROVIDED* THAT, NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE SHALL NOT RELEASE,

PREJUDICE, LIMIT, IMPACT, OR OTHERWISE IMPAIR (I) ANY RETAINED CAUSE OF ACTION AGAINST ANY PERSON OR ENTITY IDENTIFIED IN THE RETAINED CAUSES OF ACTION SCHEDULE, (II) SUBJECT TO THE TERMS OF, AS APPLICABLE, THE PURCHASE AGREEMENT OR THE PARTICIPATION AGREEMENT, ANY RIGHTS, CLAIMS, OR CAUSES OF ACTION OF THE DEBTORS, THE WINDDOWN DEBTORS OR THE PURCHASER OR THE GUARANTOR UNDER THE PURCHASE AGREEMENT OR THE DEBTORS, THE WINDDOWN DEBTORS OR THE PARTICIPANT UNDER THE PARTICIPATION AGREEMENT, OR (III) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE RESTRUCTURING SUPPORT AGREEMENT, ANY DEFINITIVE DOCUMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT), OR OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to applicable bankruptcy law, of the releases described in this <u>Section X.D.2</u> and shall constitute the Bankruptcy Court's finding that such releases (a) are an essential means of implementing the Plan; (b) are an integral and non-severable element of the Plan and the transactions incorporated therein; (c) confer substantial benefits on the Debtors' Estates; (d) are in exchange for the good and valuable consideration provided by the Released Parties; (e) are a good-faith settlement and compromise of the Claims and Causes of Action released by this <u>Section X.D.2</u> of the Plan; (f) are in the best interests of the Debtors, their Estates, and all holders of Claims and Interests; (g) are fair, equitable, and reasonable; (h) are given and made after due notice and opportunity for hearing; and (i) are a bar to any of the parties deemed to grant the releases contained in this <u>Section X.D.2</u> of the Plan asserting any Claim or Cause of Action released by the releases contained in this <u>Section X.D.2</u> of the Plan against any of the Released Parties.

The releases described in <u>Section X.D.2</u> shall, on the Effective Date, have the effect of *res judicata* (a matter adjudged), to the fullest extent permissible under applicable laws of any jurisdiction in which the Debtors operate.

<u>Section X.C of the Plan provides for an exculpation (the "Exculpation"):</u>

EFFECTIVE AS OF THE EFFECTIVE DATE, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW AND WITHOUT AFFECTING OR LIMITING EITHER THE "RELEASES BY THE DEBTORS" OR THE "RELEASES BY HOLDERS OF CLAIMS OR INTERESTS", AND EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN, NO EXCULPATED PARTY SHALL HAVE OR INCUR, AND EACH EXCULPATED PARTY IS RELEASED AND EXCULPATED FROM ANY CAUSE OF ACTION FOR ANY ACT OR OMISSION IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, THESE CHAPTER 11 CASES, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, ANY PLAN DOCUMENTS, ANY RESTRUCTURING TRANSACTION, THE FILING OF THE CHAPTER 11 CASES, THE

PURSUIT OF CONFIRMATION OF THE PLAN, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE SOLICITATION OF VOTES ON THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT (INCLUDING, FOR THE AVOIDANCE OF DOUBT, PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY EXCULPATED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION), EXCEPT FOR CAUSES OF ACTION RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER OF A COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE; *PROVIDED* THAT, NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE EXCULPATION AND RELEASES SET FORTH ABOVE DO NOT APPLY TO (I) ANY RETAINED CAUSE OF ACTION AGAINST ANY PERSON OR ENTITY IDENTIFIED IN THE RETAINED CAUSES OF ACTION SCHEDULE, (II) SUBJECT TO THE TERMS OF, AS APPLICABLE, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT, OR ANY OTHER AZORRA TRANSACTION DOCUMENT, ANY RIGHTS, CLAIMS OR CAUSES OF ACTION OF THE PURCHASER, THE GUARANTOR, OR THE PARTICIPANT, AS APPLICABLE, UNDER THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT, OR ANY OTHER AZORRA TRANSACTION DOCUMENT, OR (III) SUBJECT TO THE TERMS OF THE RESTRUCTURING SUPPORT AGREEMENT, ANY RIGHTS, CLAIMS OR CAUSES OF ACTION OF THE REQUIRED CONSENTING STAKEHOLDERS UNDER THE RESTRUCTURING SUPPORT AGREEMENT.    IN ALL RESPECTS THE EXCULPATED PARTIES SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES.    THE EXCULPATED PARTIES HAVE, AND UPON CONSUMMATION OF THE PLAN SHALL BE DEEMED TO HAVE, PARTICIPATED IN GOOD FAITH AND IN COMPLIANCE WITH THE APPLICABLE LAWS WITH REGARD TO THE SOLICITATION OF VOTES AND DISTRIBUTION OF CONSIDERATION PURSUANT TO THE PLAN AND, THEREFORE, ARE NOT, AND ON ACCOUNT OF SUCH DISTRIBUTIONS SHALL NOT BE, LIABLE AT ANY TIME FOR THE VIOLATION OF ANY APPLICABLE LAW, RULE, OR REGULATION GOVERNING THE SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PLAN OR SUCH DISTRIBUTIONS MADE PURSUANT TO THE PLAN.

<u>**Section X.E of the Plan provides for an injunction (the "Injunction"):**</u>

EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES THAT: (A) ARE SUBJECT TO COMPROMISE AND SETTLEMENT PURSUANT TO THE TERMS OF THE PLAN; (B) HAVE BEEN RELEASED PURSUANT TO THE "RELEASES BY THE DEBTORS" SET FORTH IN THE PLAN; (C) HAVE BEEN RELEASED PURSUANT TO "RELEASES BY THE HOLDERS OF CLAIMS OR INTERESTS" SET FORTH IN THE

7

**PLAN; (D) ARE SUBJECT TO EXCULPATION PURSUANT TO THE PLAN; (E) ARE AGAINST THE AZORRA TRANSACTION ASSETS, THE PURCHASER, OR THE PARTICIPANT; OR (F) ARE OTHERWISE DISCHARGED, SATISFIED, STAYED, OR TERMINATED PURSUANT TO THE TERMS OF THE PLAN, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE, FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY ACTION OR OTHER PROCEEDING, INCLUDING ON ACCOUNT OF ANY CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES THAT HAVE BEEN COMPROMISED OR SETTLED AGAINST THE DEBTORS, THE WINDDOWN DEBTORS, OR ANY ENTITY SO RELEASED OR EXCULPATED (OR THE PROPERTY OR ESTATE OF ANY ENTITY, DIRECTLY OR INDIRECTLY, SO RELEASED OR EXCULPATED) ON ACCOUNT OF, OR IN CONNECTION WITH OR WITH RESPECT TO, ANY DISCHARGED, RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES. UPON ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND THEIR RESPECTIVE CURRENT AND FORMER DIRECTORS, MANAGERS, EXECUTIVES, OFFICERS, PRINCIPALS, PREDECESSORS, SUCCESSORS, EMPLOYEES, AGENTS, AND DIRECT AND INDIRECT AFFILIATES SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN. EACH HOLDER OF AN ALLOWED CLAIM OR ALLOWED INTEREST, AS APPLICABLE, BY ACCEPTING, OR BEING ELIGIBLE TO ACCEPT, DISTRIBUTIONS UNDER THE PLAN, SHALL BE DEEMED TO HAVE CONSENTED TO THESE INJUNCTION PROVISIONS.**

* * * * *

**PLEASE TAKE NOTICE THAT SECTION X OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS. YOU MAY OPT OUT OF THE THIRD-PARTY RELEASE PROVISIONS BY CHECKING THE BOX IN ITEM 3 BELOW AND NOT VOTING IN ITEM 4 TO ACCEPT THE PLAN.**

**Item 3.** **Opt Out of the Third-Party Release.**

You may opt out of granting the Third-Party Release set forth above by checking the "Opt- Out" box below and voting to reject the Plan.

**If you vote to accept the Plan, you will be deemed to have consented to the Third-Party Release and any election you make to not grant such release will be invalidated.**

**If (i) you do not vote either to accept or reject the Plan or (ii) you vote to reject the Plan and, in either case, you do not check the box in this Item 3, you will be deemed to have consented to the Third-Party Release, *i.e.*, you will be deemed to have unconditionally, irrevocably, and forever released and discharged the Released Parties (as defined in footnote 3) from, among other things, any and all claims that relate to the Debtors. If you would otherwise be entitled to be a Released Party under the Plan, but you opt not to grant the Third-Party Release, then you will not be a Released Party.**

Check the following box **only** if you wish to opt out of the Third-Party Release set forth above:

☐ **OPT OUT** of the Third-Party Release.

**Item 4**.  **Vote on Plan.**

I hereby vote to (please check <u>one</u>):

| | | | |
|---|---|---|---|
| ☐ | **ACCEPT** (vote FOR) the Plan (You will be bound by Third-Party Releases regardless of whether the "opt out" box in Item 3 has been checked.) | ☐ | **REJECT** (vote AGAINST) the Plan (You will bound by Third-Party Releases unless the "opt out" box in Item 3 has been checked.) |

**Item 5. Other Beneficial Holder Ballots Submitted.**  By returning this Beneficial Holder Ballot, the holder of the Claims identified in Item 1 above certifies that (a) this is the only Beneficial Holder Ballot submitted for Claims identified in Item 1, except as identified in the following table, and (b) all Beneficial Holder Ballots submitted by such holder on account of Claims in Class 4 indicate the same vote to accept or reject the Plan as indicated in Item 3 of this Beneficial Holder Ballot (please use additional sheets of paper if necessary):

**ONLY COMPLETE THIS TABLE IF YOU HAVE VOTED OTHER CLAIMS IN THE
SAME CLASS ON OTHER BENEFICIAL HOLDER BALLOTS**

| Account Number | Name of Registered Holder or Nominee | Principal Amount of Other Claims Voted | CUSIP of Other Claims Voted |
|---|---|---|---|
| | | $ | |
| | | $ | |

**Item 7.  Certifications.**

By signing this Beneficial Holder Ballot, the undersigned certifies to the Court and the Debtors:

    **(a) that, as of the Voting Record Date, it either: (i) is the holder of the Claims being voted on in this Beneficial Holder Ballot; or (ii) is an authorized signatory for the holder of the Claims being voted on in this Beneficial Holder Ballot;**

    **(b) that the undersigned (or in the case of an authorized signatory, the applicable holder) has received a copy of the Solicitation Package, including the Disclosure Statement and the Plan, and acknowledges that the solicitation of votes on the Plan is being made pursuant to the terms and conditions set forth therein;**

    **(c) that the undersigned, if it votes in favor of the Plan, will be deemed to have consented to the Third-Party Release;**

    **(d) that the undersigned has cast the same vote with respect to all Claims in a single Class; and**

    **(e) that no other Beneficial Holder Ballots with respect to the Claims identified in Item 1 have been cast or, if any other Beneficial Holder Ballots have been cast with respect to such Claims, then any such earlier Beneficial Holder Ballots are hereby revoked.**

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| Title: | (If other than holder) |
| Address: | |
| | |
| Date Completed: | |
| Email Address: | |

**Please complete, sign, and date this Ballot and return it promptly in the envelope provided or otherwise in accordance with the instructions of your Nominee.**

**If the Solicitation Agent does not actually receive your pre-validated Beneficial Holder Ballot or the Master Ballot reflecting your vote on or before** <u>October 25, 2023, at 4:00 p.m., prevailing Eastern Time</u> **(unless the Voting Deadline is extended), your vote transmitted by this Beneficial Holder Ballot may be counted toward Confirmation of the Plan only in the sole and absolute discretion of the Debtors.**

## **INSTRUCTIONS FOR COMPLETING THIS BENEFICIAL HOLDER BALLOT**

1. The Debtors are soliciting the votes of holders of Claims in Class 4 with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in the Beneficial Holder Ballot (including these instructions) but not otherwise defined herein have the meanings set forth in the Plan. **Please read the Plan and Disclosure Statement carefully before completing this Beneficial Holder Ballot**.

2. The Voting Deadline is October 25, 2023, at 4:00 p.m., prevailing Eastern Time.

3. Unless otherwise instructed by your Nominee, to ensure that your vote is counted, you must: (a) complete the Beneficial Holder Ballot; (b) check the box in Item 3 of the Beneficial Holder Ballot if you wish to opt out of the Third-Party Releases <u>and are not voting to accept the Plan</u>; (c) indicate your decision either to accept or reject the Plan in the boxes provided in Item 4 of the Beneficial Holder Ballot; and (d) sign and return the Beneficial Holder Ballot to your Nominee in accordance with the instructions provided by your Nominee.  Your completed Beneficial Holder Ballot must be received by your Nominee in sufficient time to permit your Nominee to deliver your votes to the Solicitation Agent on or before the Voting Deadline.

4. If your Nominee provided you with a pre-validated Beneficial Holder Ballot with Item 2 prepopulated with your Class 4 Secured Notes Claim amount, please complete the remaining items on your pre-validated Beneficial Holder Ballot and return it directly to the Solicitation Agent by no later than the Voting Deadline, using the return envelope included in the Solicitation Package with this Beneficial Holder Ballot or, if no return envelope is provided, by regular mail, overnight courier, or hand delivery to the Solicitation Agent's mail address set forth below.

5. You may opt out of granting the Third-Party Release set forth above by checking the "OPT OUT" box in Item 3 <u>and not voting to accept the Plan</u>.  **If you vote to accept the Plan, you will be deemed to have consented to the Third-Party Release and any election you make to not grant such release will be invalidated.  If (i) you do not vote either to accept or reject the Plan or (ii) you vote to reject the Plan, and you do not check the box in Item 3, you will be deemed to have consented to the Third-Party Release. If you would otherwise be entitled to be a Released Party under the Plan, but you opt not to grant the Third-Party Release, then you will not be a Released Party.**

6. **The following Beneficial Holder Ballots will <u>not</u> be counted:**

   a. any Beneficial Holder Ballot that partially rejects and partially accepts the Plan;
   b. any Beneficial Holder Ballot that neither accepts nor rejects the Plan;
   c. any Beneficial Holder Ballot not marked to accept or reject the Plan or any Beneficial Holder Ballot marked both to accept and reject the Plan;
   d. any Beneficial Holder Ballot sent to the Debtors, the Debtors' agents (other than the Solicitation Agent and only with respect to a pre-validated Beneficial Holder Ballot), any indenture trustee, or the Debtors' financial or legal advisors;

    e.   any Beneficial Holder Ballot returned to a Nominee other than in accordance with the Nominee's instructions;

    f.   any Beneficial Holder Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

    g.   any Beneficial Holder Ballot cast by an Entity that does not hold a Claim in Class 4;

    h.   any Beneficial Holder Ballot submitted by a holder not entitled to vote on the Plan;

    i.   any unsigned Beneficial Holder Ballot (except in accordance with the Nominee's instructions); and

    j.   any non-original Beneficial Holder Ballot (except in accordance with the Nominee's instructions).

7.   **Please follow your Nominee's Instructions**.  Your Nominee is authorized to collect your vote to accept or to reject the Plan in accordance with its customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) this Beneficial Holder Ballot, through online voting, by phone, facsimile, or other electronic means.  No Beneficial Holder Ballot should be sent to the Debtors, the Debtors' agents (other than the Solicitation Agent and only with respect to a pre-validated Beneficial Holder Ballot), or the Debtors' financial or legal advisors, and if so sent will not be counted.

8.   If you deliver multiple Beneficial Holder Ballots to your Nominee with respect to the same Claim prior to the Voting Deadline, the last valid Beneficial Holder Ballot timely received will supersede and revoke any earlier received Beneficial Holder Ballots.

9.   You must vote all of your Claims within the same Class either to accept or reject the Plan and may **not** split your vote.  Further, if you have multiple Claims within the same Class, the Debtors may, in their discretion, aggregate all your Claims in the same Class for the purpose of counting votes.

10.  This Beneficial Holder Ballot does **not** constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11.  **Please be sure to sign and date your Beneficial Holder Ballot**.  If you are signing a Beneficial Holder Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder.

12.  If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class. Each Ballot votes **only** your Claims indicated on that Ballot, so please complete and return each Ballot that you receive.

13.  The Beneficial Holder Ballot is not a letter of transmittal.  Accordingly, at this time, you should not surrender certificates or instruments representing or evidencing your Claims, and neither the Debtors nor the Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with a ballot.

**If you have any questions regarding this Beneficial Holder Ballot, these Voting Instructions or the procedures for Voting, please call the restructuring hotline (877) 634-7163 (U.S./Canada) or +1 (424) 236-7219 (International)**

---

**If the Solicitation Agent does not actually receive, by the Voting Deadline, either (i) your "pre-validated" Beneficial Holder Ballot or (ii) a Master Ballot reflecting the vote cast on this Beneficial Holder Ballot on or before <u>October 25, 2023, at 4:00 p.m., prevailing Eastern Time</u> (unless the Voting Deadline is extended), your vote may be counted toward Confirmation of the Plan only in the sole and absolute discretion of the Debtors.**

**Exhibit A**

***Please check one box below to indicate the CUSIP/ISIN to which this Beneficial Holder Ballot pertains.  If you check more than one box below you risk having your vote invalidated.***

|  | BOND DESCRIPTION | CUSIP / ISIN |
|---|---|---|
| | **Class 4 Secured Notes** | |
| ☐ | 8.500% 1st Lien Bond (144A) | CUSIP 92918X AA 3/ ISIN US92918XAA37 |
| ☐ | 8.500% 1st Lien Bond (REGS) | CUSIP U9337Y AA 5/ ISIN USU9337YAA56 |
| ☐ | 8.500% 1st Lien Bond (AI) | CUSIP 92918X AB 1/ ISIN US92918XAB10 |
| ☐ | 8.500% 1st Lien Bond (OCT) | CUSIP U9337YAB 3/ ISIN USU9337YAB30 |

**<u>Exhibit 2D to Proposed Disclosure Statement Order</u>**

**Form of Ballot for Class 5 (Convenience/Go-Forward Trade Claims)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Voyager Aviation Holdings, LLC *et al.*, | ) | Case No. 23-11177 (JPM) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

## BALLOT FOR VOTING TO ACCEPT OR REJECT DEBTORS' JOINT CHAPTER 11 PLAN

BALLOT FOR VOTING
CLASS 5 – CONVENIENCE/GO-FORWARD TRADE CLAIMS

---

**You should review the Disclosure Statement, the Plan and the Disclosure Statement Order before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim(s) under the Plan.**

**VOTING DEADLINE IS: 4:00 P.M. (PREVAILING EASTERN TIME) ON October 25, 2023.**

**If your Ballot is not received by the Debtors' Solicitation Agent (as defined herein) on or before the Voting Deadline (unless such deadline is extended), your vote will not count as either an acceptance or rejection of the Plan.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors") have filed the *Joint Chapter 11 Plan of Voyager Aviation Holdings, LLC et al.* (the "Plan"), which is attached as **Exhibit A** to the Disclosure Statement (the "Disclosure Statement"). Both documents are included in the materials (the "Solicitation Package") you have received together with this ballot (the "Ballot") and have also been posted on the Debtors' case information website (https://www.kccllc.net/voyageraviation).

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Voyager Aviation Holdings, LLC (8601); A330 MSN 1432 Limited (N/A); A330 MSN 1579 Limited (N/A); Aetios Aviation Leasing 1 Limited (N/A); Aetios Aviation Leasing 2 Limited (N/A); Cayenne Aviation LLC (9861); Cayenne Aviation MSN 1123 Limited (N/A); Cayenne Aviation MSN 1135 Limited (N/A); DPM Investment LLC (5087); Intrepid Aviation Leasing, LLC (N/A); N116NT Trust (N/A); Panamera Aviation Leasing IV Limited (N/A); Panamera Aviation Leasing VI Limited (N/A); Panamera Aviation Leasing XI Limited (N/A);   Panamera Aviation Leasing XII Designated Activity Company (N/A); Panamera Aviation Leasing XIII Designated Activity Company (N/A); Voyager Aircraft Leasing, LLC (2925); Voyager Aviation Aircraft Leasing, LLC (3865); Voyager Aviation Management Ireland Designated Activity Company (N/A); and Voyager Finance Co. (9652). The service address for each of the Debtors in these cases is 301 Tresser Boulevard, Suite 602, Stamford, CT 06901.

You are receiving this Ballot because you a holder of a Claim in Class 5 (Convenience/Go-Forward Trade Claims) as of September 13, 2023 (the "Voting Record Date"). Accordingly, you have the right to vote to accept or reject the Plan. Please use a separate Ballot to cast your vote to accept or reject the Plan as to each Debtor against which you have a separate Class 5 Claim; *provided* that you cannot split your Claim into separate Claims that fit the definition of a Class 5 Claim (*i.e.*, are under $[•]) and assert it against multiple Debtors.

If you received the Solicitation Package in electronic format and desire paper copies of all or some of the materials, or if you need to obtain additional Solicitation Packages, you may obtain them from Kurtzman Carson Consultants LLC (the "Solicitation Agent") at no charge by (i) calling the Solicitation Agent at (877) 634-7163 (U.S./Canada) or +1 (424) 236-7219 (International), (ii) emailing the Solicitation Agent at VoyagerAviationInfo@kccllc.com or (iii) visiting the case website at https://www.kccllc.net/voyageraviation.

This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than (i) to cast a vote to accept or reject the Plan and (ii) to opt out of the Third-Party Release contained in Section X.D.2 of the Plan and set forth in full below. If you believe you have received this Ballot in error or that you have received the wrong Ballot, or if you need additional Ballots, please contact the Solicitation Agent immediately as set forth above.

## HOW TO VOTE

1.    **PLEASE COMPLETE ITEMS 1 AND 2.**

2.    **YOU MUST VOTE THE FULL AMOUNT OF EACH CLASS 5 CLAIM (OR, IF YOU HAVE MULTIPLE CLASS 5 CLAIMS, ALL OF SUCH CLAIMS) *EITHER* TO ACCEPT *OR* TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE.**

3.    **IF YOU VOTE TO ACCEPT THE PLAN YOU WILL BE DEEMED TO HAVE GRANTED THE THIRD-PARTY RELEASE SET FORTH BELOW.**

4.    **IF YOU DO NOT VOTE TO EITHER ACCEPT OR REJECT THE PLAN OR VOTE TO REJECT THE PLAN AND WISH TO OPT OUT OF GRANTING THE THIRD-PARTY RELEASE, CHECK THE BOX IN ITEM 3.**

5.    **REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4.**

6.    **SIGN AND DATE THE BALLOT.**

7.    **ANY EXECUTED BALLOT THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED.**

8.    **IN ORDER FOR YOUR VOTE TO BE COUNTED, YOUR ORIGINALLY SIGNED AND PROPERLY COMPLETED BALLOT MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT NO LATER THAN OCTOBER 25, 2023 AT 4:00 P.M. (PREVAILING EASTERN**

TIME).

9.    **TO SUBMIT YOUR BALLOT, YOU MAY:**

**USE THE POSTAGE-PAID ENVELOPE PROVIDED, OR SEND YOUR BALLOT TO THE ADDRESS SET FORTH BELOW:**
**VOYAGER AVIATION HOLDINGS, LLC ET AL.**
**BALLOT PROCESSING**
**C/O KURTZMAN CARSON CONSULTANTS LLC**
**222 N. PACIFIC COAST HIGHWAY, 3RD FLOOR**
**SEGUNDO, CA 90245**

**OR**

**USE THE ONLINE PORTAL BY FOLLOWING THE INSTRUCTIONS SET FORTH IN THE BOX BELOW:**

---

**To submit your Ballot via the Online Portal, visit https://https://www.kccllc.net/voyageraviation and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

   **Unique E-Ballot ID#:_____**

**The Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only the Claim described in <u>Item 1</u> of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.**

**<u>CREDITORS WHO CAST A BALLOT USING THE ONLINE PORTAL SHOULD NOT ALSO SUBMIT A PAPER BALLOT.</u>**

**If your Ballot is not received by the Solicitation Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors, your vote will not be counted.**

---

**Item 1.**       **Amount of Class 5 Claim Voted.** The undersigned certifies that, as of September 13, 2023, the undersigned held a Class 5 Convenience/Go-Forward Trade Claim, which arose before the Petition Date, in the following unpaid amount:

| $ |
|---|

Item 2.          **Vote.** The holder of the Class 5 Claim identified in Item 1
votes as follows (check one box only—if you do not check a
box or if you check both boxes, your vote will not be counted):

☐ **Accept** the Plan          OR          ☐ **Reject** the Plan

Item 3.          **Important information regarding the Debtor Release,
Third Party Release, and Injunction.**

**Section X.D.1 of the Plan provides for a debtor release (the "Debtor Release"):** [2]

**EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE DEBTORS, THE WINDDOWN DEBTORS, AND THEIR ESTATES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH, UNDER, OR FOR THE FOREGOING ENTITIES, FROM ANY AND ALL CAUSES OF ACTION, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, THAT THE DEBTORS WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM/INTEREST THAT IS TREATED IN THE RESTRUCTURING SUPPORT AGREEMENT AND/OR IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE CHAPTER 11 CASES, THE SECURED NOTES, THE AIRCRAFT FINANCING**

---

[2]    "Released Parties" means, collectively, and in each case in its capacity as such: (a) each Debtor; (b) each Winddown Debtor; (c) each non-Debtor Affiliate, including any non-Debtor Company Managed Entity; (d) each Consenting Noteholder; (e) each Consenting Equityholder; (f) the Purchaser; (g) the Participant; (h) the Guarantor; (i) each current and former Affiliate of each Entity in clause (a) through clause (h); and (j) each Related Party of each Entity in clause (a) through clause (i); provided that in each case, an Entity shall not be a Released Party if it: (x) elects to opt out of the release contained in Section IX.D of the Plan; or (y) timely objects to the releases contained in Section XI.D of the Plan, either by means of (i) a formal objection filed on the docket of these cases or (ii) an informal objection provided to the Debtors in writing, including by electronic mail, and such objection is not withdrawn before confirmation of the Plan; provided, further, that each Consenting Noteholder and each Consenting Equityholder may not object or opt-out of the release contained in Section X.D of the Plan.

4

FACILITIES, THE ASSERTION OR ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE DEBTORS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR OR THE COMPANY MANAGED ENTITIES, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT, OR ANY OF THE TRANSACTION DOCUMENTS, OR ANY RESTRUCTURING TRANSACTIONS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT OR THE TRANSACTION DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE RESTRUCTURING TRANSACTIONS, THE CONSUMMATION OF THE TRANSACTIONS CONTEMPLATED BY THE PURCHASE AGREEMENT OR THE PARTICIPATION AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE; *PROVIDED* THAT, NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE SHALL NOT RELEASE, PREJUDICE, LIMIT, IMPACT, OR OTHERWISE IMPAIR (I) ANY RETAINED CAUSE OF ACTION AGAINST ANY PERSON OR ENTITY IDENTIFIED IN THE RETAINED CAUSES OF ACTION SCHEDULE, (II) SUBJECT TO THE TERMS OF THE PURCHASE AGREEMENT OR THE PARTICIPATION AGREEMENT, AS APPLICABLE, ANY RIGHTS, CLAIMS, OR CAUSES OF ACTION OF THE DEBTORS, THE WINDDOWN DEBTORS, OR THEIR ESTATES UNDER THE PURCHASE AGREEMENT OR THE PARTICIPATION AGREEMENT, AS APPLICABLE, OR (III) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE RESTRUCTURING SUPPORT AGREEMENT, ANY DEFINITIVE DOCUMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT), OR OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to applicable bankruptcy law, of the releases described in <u>Section X.D.1</u> and shall constitute the Bankruptcy Court's finding that such releases (1) are an essential means of implementing the Plan; (2) are an integral and non-severable element of the Plan and the transactions incorporated therein; (3) confer substantial benefits on the Debtors' Estates; (4) are in exchange for the good and valuable consideration provided by the Released Parties; (5) are a good-faith settlement and compromise of the Claims and Causes of Action released by <u>Section X.D</u> of the Plan; (6) are in the best interests of the Debtors, their Estates, and all holders of Claims and Interests; (7) are fair, equitable, and reasonable; and (8) are given and made after due notice and opportunity for hearing.  The releases described in <u>Section X.D</u> shall, on the Effective Date, have the effect of *res judicata* (a matter adjudged), to the fullest extent permissible under applicable laws of any jurisdiction in which the Debtors operate.

5

**Section X.D.2 of the Plan provides for releases by Holders of Claims or Interests ("Third-Party Release"):**

**EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH, UNDER, OR FOR THE FOREGOING ENTITIES, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE RESTRUCTURING SUPPORT AGREEMENT AND/OR THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE SECURED NOTES, THE AIRCRAFT FINANCING FACILITIES, THE ASSERTION OR ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE DEBTORS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR OR THE COMPANY MANAGED ENTITIES, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT, THE TRANSACTION DOCUMENTS, OR ANY RESTRUCTURING TRANSACTIONS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT OR THE TRANSACTION DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE RESTRUCTURING TRANSACTIONS, THE CONSUMMATION OF THE TRANSACTIONS CONTEMPLATED BY THE PURCHASE AGREEMENT OR THE PARTICIPATION AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE**

DATE; *PROVIDED* THAT, NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE SHALL NOT RELEASE, PREJUDICE, LIMIT, IMPACT, OR OTHERWISE IMPAIR (I) ANY RETAINED CAUSE OF ACTION AGAINST ANY PERSON OR ENTITY IDENTIFIED IN THE RETAINED CAUSES OF ACTION SCHEDULE, (II) SUBJECT TO THE TERMS OF, AS APPLICABLE, THE PURCHASE AGREEMENT OR THE PARTICIPATION AGREEMENT, ANY RIGHTS, CLAIMS, OR CAUSES OF ACTION OF THE DEBTORS, THE WINDDOWN DEBTORS OR THE PURCHASER OR THE GUARANTOR UNDER THE PURCHASE AGREEMENT OR THE DEBTORS, THE WINDDOWN DEBTORS OR THE PARTICIPANT UNDER THE PARTICIPATION AGREEMENT, OR (III) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE RESTRUCTURING SUPPORT AGREEMENT, ANY DEFINITIVE DOCUMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT), OR OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to applicable bankruptcy law, of the releases described in this <u>Section X.D.2</u> and shall constitute the Bankruptcy Court's finding that such releases (a) are an essential means of implementing the Plan; (b) are an integral and non-severable element of the Plan and the transactions incorporated therein; (c) confer substantial benefits on the Debtors' Estates; (d) are in exchange for the good and valuable consideration provided by the Released Parties; (e) are a good-faith settlement and compromise of the Claims and Causes of Action released by this <u>Section X.D.2</u> of the Plan; (f) are in the best interests of the Debtors, their Estates, and all holders of Claims and Interests; (g) are fair, equitable, and reasonable; (h) are given and made after due notice and opportunity for hearing; and (i) are a bar to any of the parties deemed to grant the releases contained in this <u>Section X.D.2</u> of the Plan asserting any Claim or Cause of Action released by the releases contained in this <u>Section X.D.2</u> of the Plan against any of the Released Parties.

The releases described in <u>Section X.D.2</u> shall, on the Effective Date, have the effect of *res judicata* (a matter adjudged), to the fullest extent permissible under applicable laws of any jurisdiction in which the Debtors operate.

<u>Section X.C of the Plan provides for an exculpation (the "Exculpation"):</u>

EFFECTIVE AS OF THE EFFECTIVE DATE, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW AND WITHOUT AFFECTING OR LIMITING EITHER THE "RELEASES BY THE DEBTORS" OR THE "RELEASES BY HOLDERS OF CLAIMS OR INTERESTS", AND EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN, NO EXCULPATED PARTY SHALL HAVE OR INCUR, AND EACH EXCULPATED PARTY IS RELEASED AND EXCULPATED FROM ANY CAUSE OF ACTION FOR ANY ACT OR OMISSION IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, THESE CHAPTER 11 CASES, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT, THE

DISCLOSURE STATEMENT, THE PLAN, ANY PLAN DOCUMENTS, ANY RESTRUCTURING TRANSACTION, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION OF THE PLAN, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE SOLICITATION OF VOTES ON THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT (INCLUDING, FOR THE AVOIDANCE OF DOUBT, PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY EXCULPATED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION), EXCEPT FOR CAUSES OF ACTION RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER OF A COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE; *PROVIDED* THAT, NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE EXCULPATION AND RELEASES SET FORTH ABOVE DO NOT APPLY TO (I) ANY RETAINED CAUSE OF ACTION AGAINST ANY PERSON OR ENTITY IDENTIFIED IN THE RETAINED CAUSES OF ACTION SCHEDULE, (II) SUBJECT TO THE TERMS OF, AS APPLICABLE, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT, OR ANY OTHER AZORRA TRANSACTION DOCUMENT, ANY RIGHTS, CLAIMS OR CAUSES OF ACTION OF THE PURCHASER, THE GUARANTOR, OR THE PARTICIPANT, AS APPLICABLE, UNDER THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT, OR ANY OTHER AZORRA TRANSACTION DOCUMENT, OR (III) SUBJECT TO THE TERMS OF THE RESTRUCTURING SUPPORT AGREEMENT, ANY RIGHTS, CLAIMS OR CAUSES OF ACTION OF THE REQUIRED CONSENTING STAKEHOLDERS UNDER THE RESTRUCTURING SUPPORT AGREEMENT.    IN ALL RESPECTS THE EXCULPATED PARTIES SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES.    THE EXCULPATED PARTIES HAVE, AND UPON CONSUMMATION OF THE PLAN SHALL BE DEEMED TO HAVE, PARTICIPATED IN GOOD FAITH AND IN COMPLIANCE WITH THE APPLICABLE LAWS WITH REGARD TO THE SOLICITATION OF VOTES AND DISTRIBUTION OF CONSIDERATION PURSUANT TO THE PLAN AND, THEREFORE, ARE NOT, AND ON ACCOUNT OF SUCH DISTRIBUTIONS SHALL NOT BE, LIABLE AT ANY TIME FOR THE VIOLATION OF ANY APPLICABLE LAW, RULE, OR REGULATION GOVERNING THE SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PLAN OR SUCH DISTRIBUTIONS MADE PURSUANT TO THE PLAN.

**Section X.E of the Plan provides for an injunction (the "Injunction"):**

EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES THAT: (A) ARE SUBJECT TO COMPROMISE AND SETTLEMENT PURSUANT TO THE TERMS OF THE PLAN; (B) HAVE BEEN RELEASED PURSUANT TO THE "RELEASES BY THE

DEBTORS" SET FORTH IN THE PLAN; (C) HAVE BEEN RELEASED PURSUANT TO "RELEASES BY THE HOLDERS OF CLAIMS OR INTERESTS" SET FORTH IN THE PLAN; (D) ARE SUBJECT TO EXCULPATION PURSUANT TO THE PLAN; (E) ARE AGAINST THE AZORRA TRANSACTION ASSETS, THE PURCHASER, OR THE PARTICIPANT; OR (F) ARE OTHERWISE DISCHARGED, SATISFIED, STAYED, OR TERMINATED PURSUANT TO THE TERMS OF THE PLAN, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE, FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY ACTION OR OTHER PROCEEDING, INCLUDING ON ACCOUNT OF ANY CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES THAT HAVE BEEN COMPROMISED OR SETTLED AGAINST THE DEBTORS, THE WINDDOWN DEBTORS, OR ANY ENTITY SO RELEASED OR EXCULPATED (OR THE PROPERTY OR ESTATE OF ANY ENTITY, DIRECTLY OR INDIRECTLY, SO RELEASED OR EXCULPATED) ON ACCOUNT OF, OR IN CONNECTION WITH OR WITH RESPECT TO, ANY DISCHARGED, RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES.  UPON ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND THEIR RESPECTIVE CURRENT AND FORMER DIRECTORS, MANAGERS, EXECUTIVES, OFFICERS, PRINCIPALS, PREDECESSORS, SUCCESSORS, EMPLOYEES, AGENTS, AND DIRECT AND INDIRECT AFFILIATES SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN.  EACH HOLDER OF AN ALLOWED CLAIM OR ALLOWED INTEREST, AS APPLICABLE, BY ACCEPTING, OR BEING ELIGIBLE TO ACCEPT, DISTRIBUTIONS UNDER THE PLAN, SHALL BE DEEMED TO HAVE CONSENTED TO THESE INJUNCTION PROVISIONS.

\* \* \* \* \*

PLEASE TAKE NOTICE THAT SECTION X OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS.  YOU MAY OPT OUT OF THE THIRD-PARTY RELEASE PROVISIONS BY CHECKING THE BOX IN ITEM 3 BELOW AND NOT VOTING IN ITEM 4 TO ACCEPT THE PLAN.

For the avoidance of doubt, the only parties that are bound by the Release set forth in Section X.D.2 of the Plan are: (a) the Released Parties; (b) parties who vote in favor of the Plan and do not opt out of the release provided in Section X.D.2 of the Plan in a timely and properly submitted ballot; (c) parties who vote to reject the Plan and do not opt out of the release provided in Section X.D.2 of the Plan in a timely and properly submitted ballot; (d) parties who are entitled to vote but do not vote and do not opt out of the release provided in Section X.D.2 of the Plan in a timely and properly submitted ballot; (e) parties who are deemed to reject the Plan and do not opt out of the release provided in Section X.D.2 of the Plan by submitting a duly completed Opt-Out Form; and (f) parties who are deemed to accept the Plan and do not opt out of the release provided in Section X.D.2 of the Plan by submitting a duly completed Opt-Out Form.

Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any individual from any claims or causes of action related to an act or omission

that is determined in a final order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence.

**If you reject the Plan or abstain from voting on the Plan in Item 2 above and want to opt out of the Third-Party Release, you should check the box below:**

☐    By checking this box, the undersigned elects to **opt out** of the Third-Party Release.

**Item 4.**    **Certification.** By returning this Ballot, the holder of the Class 5 Claim identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Class 5 Claim identified in Item 1, (b) it has full power and authority to vote to accept or reject the Plan for the Class 5 Claim identified in Item 1, (c) it was the holder of the Class 5 Claim identified in Item 1 as of September 13, 2023, and (d) it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes on the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and the Plan.

**THE FACT THAT YOUR RECEVED THIS BALLOT DOES NOT MEAN THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED**.

Name of Creditor: _____
(Print or Type)
Social Security or Federal Tax ID No.:_____
Signature:_____
Print Name:_____
Title:_____
(If Appropriate)
Street Address:
_____

City, State, Zip
Code:_____

Telephone Number: ()_____

Email Address:
_____

Date Completed: _____
_____

Please check one or both of the below boxes if the above address is a change of address for the purpose(s) of:

☐            Future notices in these Chapter 11 Cases; and/or

☐            Distributions in these Chapter 11 Cases.

This Ballot shall not constitute or be deemed a Proof of Claim, an assertion of a Claim, or the allowance of a Claim.

---

**YOUR VOTE MUST BE SENT IN AMPLE TIME TO BE RECEIVED BY THE SOLICITATION AGENT, KURTZMAN CARSON CONSULTANTS LLC, BY 4:00 P.M. (PREVAILING EASTERN TIME) ON OCTOBER 25, 2023, OR YOUR VOTE WILL NOT BE COUNTED.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ANOTHER BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER MATERIALS, PLEASE CONTACT THE SOLICITATION AGENT AT (877) 634-7163 (U.S./CANADA) OR +1 (424) 236-7219 (INTERNATIONAL), OR BY VISITING: HTTPS://WWW.KCCLLC.NET/VOYAGERAVIATION .**

**PLEASE NOTE THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**<u>Exhibit 3</u>**

**Unimpaired Non-Voting Status Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Voyager Aviation Holdings, LLC *et al.*, | ) | Case No. 23-11177 (JPM) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF NON-VOTING STATUS OF UNIMPAIRED CLAIMS

**PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the Southern District of New York entered the order [Docket No. [●]] (the "Disclosure Statement Order") approving the Disclosure Statement filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") and authorized the Debtors to solicit votes to accept or reject the *Joint Chapter 11 Plan of Voyager Aviation Holdings, LLC et al.* (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "Plan").

**PLEASE TAKE FURTHER NOTICE THAT** UNDER THE TERMS OF THE PLAN, YOUR CLAIM AGAINST THE DEBTORS IS NOT IMPAIRED AND, THEREFORE, PURSUANT TO SECTION 1126(F) OF THE BANKRUPTCY CODE, YOU ARE (1) CONCLUSIVELY PRESUMED TO HAVE ACCEPTED THE PLAN AND (2) NOT ENTITLED TO VOTE ON THE PLAN.

**PLEASE TAKE FURTHER NOTICE THAT** additional copies of the Plan, the Disclosure Statement, or any other materials (except for Ballots) are available free of charge (i) on the Debtors' case information website (https://www.kccllc.net/voyageraviation) or (ii) from the Debtors' Solicitation Agent either (a) by contacting them at (877) 634-7163 (U.S./Canada) or +1 (424) 236-7219 (International) or (b) by writing to Attn: Voyager Aviation Holdings, LLC et al. Ballot Processing, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, 3rd Floor, El Segundo, CA 90245. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Voyager Aviation Holdings, LLC (8601); A330 MSN 1432 Limited (N/A); A330 MSN 1579 Limited (N/A); Aetios Aviation Leasing 1 Limited (N/A); Aetios Aviation Leasing 2 Limited (N/A); Cayenne Aviation LLC (9861); Cayenne Aviation MSN 1123 Limited (N/A); Cayenne Aviation MSN 1135 Limited (N/A); DPM Investment LLC (5087); Intrepid Aviation Leasing, LLC (N/A); N116NT Trust (N/A); Panamera Aviation Leasing IV Limited (N/A); Panamera Aviation Leasing VI Limited (N/A); Panamera Aviation Leasing XI Limited (N/A);   Panamera Aviation Leasing XII Designated Activity Company (N/A); Panamera Aviation Leasing XIII Designated Activity Company (N/A); Voyager Aircraft Leasing, LLC (2925); Voyager Aviation Aircraft Leasing, LLC (3865); Voyager Aviation Management Ireland Designated Activity Company (N/A); and Voyager Finance Co. (9652). The service address for each of the Debtors in these cases is 301 Tresser Boulevard, Suite 602, Stamford, CT 06901.

**PLEASE TAKE FURTHER NOTICE THAT** Section X.D.2 of the Plan contains the following release (the "Third-Part Release"). You are advised and encouraged to carefully review and consider the Third-Party Release as your rights might be affected thereby. If you wish to opt out of the Third-Party Release, you must fill out and timely submit an Opt-Out Form, attached hereto as **Exhibit A**.

**Third-Party Release:**

**EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH, UNDER, OR FOR THE FOREGOING ENTITIES, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE RESTRUCTURING SUPPORT AGREEMENT AND/OR THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE SECURED NOTES, THE AIRCRAFT FINANCING FACILITIES, THE ASSERTION OR ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE DEBTORS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR OR THE COMPANY MANAGED ENTITIES, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT, THE TRANSACTION DOCUMENTS, OR ANY RESTRUCTURING TRANSACTIONS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT OR THE TRANSACTION DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND**

**IMPLEMENTATION OF THE RESTRUCTURING TRANSACTIONS, THE CONSUMMATION OF THE TRANSACTIONS CONTEMPLATED BY THE PURCHASE AGREEMENT OR THE PARTICIPATION AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE; *PROVIDED* THAT, NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE SHALL NOT RELEASE, PREJUDICE, LIMIT, IMPACT, OR OTHERWISE IMPAIR (I) ANY RETAINED CAUSE OF ACTION AGAINST ANY PERSON OR ENTITY IDENTIFIED IN THE RETAINED CAUSES OF ACTION SCHEDULE, (II) SUBJECT TO THE TERMS OF, AS APPLICABLE, THE PURCHASE AGREEMENT OR THE PARTICIPATION AGREEMENT, ANY RIGHTS, CLAIMS, OR CAUSES OF ACTION OF THE DEBTORS, THE WINDDOWN DEBTORS OR THE PURCHASER OR THE GUARANTOR UNDER THE PURCHASE AGREEMENT OR THE DEBTORS, THE WINDDOWN DEBTORS OR THE PARTICIPANT UNDER THE PARTICIPATION AGREEMENT, OR (III) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE RESTRUCTURING SUPPORT AGREEMENT, ANY DEFINITIVE DOCUMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT), OR OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN.**

**For the avoidance of doubt, the only parties that are bound by the Release set forth in Section X.D.2 of the Plan are: (a) the Released Parties; (b) parties who vote in favor of the Plan <u>and</u> do not opt out of the release provided in Section X.D.2 of the Plan in a timely and properly submitted ballot; (c) parties who vote to reject the Plan <u>and</u> do not opt out of the release provided in Section X.D.2 of the Plan in a timely and properly submitted ballot; (d) parties who are entitled to vote but do not vote <u>and</u> do not opt out of the release provided in Section X.D.2 of the Plan in a timely and properly submitted ballot; (e) parties who are deemed to reject the Plan <u>and</u> do not opt out of the release provided in Section X.D.2 of the Plan by submitting a duly completed Opt-Out Form; and (f) parties who are deemed to accept the Plan <u>and</u> do not opt out of the release provided in Section X.D.2 of the Plan by submitting a duly completed Opt-Out Form.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any individual from any claim or causes of action related to an act or omission that is determined in a final order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence.**

Dated: [●], 2023
New York, New York

/s/ DRAFT
Samuel A. Khalil, Esq.
Lauren C. Doyle, Esq.
Brian Kinney, Esq.
Edward R. Linden, Esq.
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone:     (212) 530-5000
Facsimile:      (212) 530-5219
Email:           skhalil@milbank.com
                     ldoyle@milbank.com
                     bkinney@milbank.com
                     elinden@milbank.com

*Proposed Counsel to all Debtors and Debtors in
Possession other than the Participation Debtors*

/s/ DRAFT
Cameron A. Gee, Esq.
Michael J. Edelman, Esq.
William W. Thorsness, Esq. (*pro hac vice pending*)
**VEDDER PRICE P.C.**
1633 Broadway, 31st Floor
New York, NY 10019
Telephone:     (212) 407-7700
Facsimile:      (212) 407-7799
Email:           cgee@vedderprice.com
                     mjedelman@vedderprice.com
                     wthorsness@vedderprice.com

*Proposed Counsel to the Participation Debtors*

4

## Exhibit 4

**Impaired Non-Voting Status Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Voyager Aviation Holdings, LLC *et al.*, | ) | Case No. 23-11177 (JPM) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered |
| | ) | |

## NOTICE OF NON-VOTING STATUS FOR IMPAIRED CLAIMS

    **PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the Southern District of New York entered the order [Docket No. [●]] (the "Disclosure Statement Order") approving the Disclosure Statement filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") and directed the Debtors to solicit votes to accept or reject the *Joint Chapter 11 Plan of Voyager Aviation Holdings, LLC et al*. (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "Plan") .

    **PLEASE TAKE FURTHER NOTICE THAT** UNDER THE TERMS OF THE PLAN, YOU ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF YOUR CLAIM(S) AGAINST, OR INTEREST(S) IN, THE DEBTORS AND, THEREFORE, PURSUANT TO SECTION 1126(G) OF THE BANKRUPTCY CODE, YOU ARE (1) DEEMED TO HAVE REJECTED THE PLAN AND (2) NOT ENTITLED TO VOTE ON THE PLAN.

    **PLEASE TAKE FURTHER NOTICE THAT** additional copies of the Plan, Disclosure Statement, or any other solicitation materials (except for Ballots) are available free of charge (i) on the Debtors' case information website (https://www.kccllc.net/voyageraviation) or (ii) from the Debtors' Solicitation Agent that may be contacted  at (a) (877) 634-7163 (U.S./Canada) or +1 (424) 236-7219 (International) or (b) Attn: Voyager Aviation Holdings, LLC et al. Ballot Processing, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, 3rd Floor, El Segundo, CA 90245.  You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Voyager Aviation Holdings, LLC (8601); A330 MSN 1432 Limited (N/A); A330 MSN 1579 Limited (N/A); Aetios Aviation Leasing 1 Limited (N/A); Aetios Aviation Leasing 2 Limited (N/A); Cayenne Aviation LLC (9861); Cayenne Aviation MSN 1123 Limited (N/A); Cayenne Aviation MSN 1135 Limited (N/A); DPM Investment LLC (5087); Intrepid Aviation Leasing, LLC (N/A); N116NT Trust (N/A); Panamera Aviation Leasing IV Limited (N/A); Panamera Aviation Leasing VI Limited (N/A); Panamera Aviation Leasing XI Limited (N/A);  Panamera Aviation Leasing XII Designated Activity Company (N/A); Panamera Aviation Leasing XIII Designated Activity Company (N/A); Voyager Aircraft Leasing, LLC (2925); Voyager Aviation Aircraft Leasing, LLC (3865); Voyager Aviation Management Ireland Designated Activity Company (N/A); and Voyager Finance Co. (9652). The service address for each of the Debtors in these cases is 301 Tresser Boulevard, Suite 602, Stamford, CT 06901.

**PLEASE TAKE FURTHER NOTICE THAT** Section X of the Plan contains the following Release, Exculpation, and Injunction provisions. You are advised and encouraged to carefully review and consider the plan, including the release, exculpation and injunction provisions, as your rights might be affected. If you wish to opt out of the Releases, you must fill out and timely submit an Opt-Out Form, attached hereto as **Exhibit A**.

**Third-Party Release**

**EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH, UNDER, OR FOR THE FOREGOING ENTITIES, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE RESTRUCTURING SUPPORT AGREEMENT AND/OR THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE SECURED NOTES, THE AIRCRAFT FINANCING FACILITIES, THE ASSERTION OR ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE DEBTORS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR OR THE COMPANY MANAGED ENTITIES, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT, THE TRANSACTION DOCUMENTS, OR ANY RESTRUCTURING TRANSACTIONS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT OR THE TRANSACTION DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND**

**IMPLEMENTATION OF THE RESTRUCTURING TRANSACTIONS, THE CONSUMMATION OF THE TRANSACTIONS CONTEMPLATED BY THE PURCHASE AGREEMENT OR THE PARTICIPATION AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE; *PROVIDED* THAT, NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE SHALL NOT RELEASE, PREJUDICE, LIMIT, IMPACT, OR OTHERWISE IMPAIR (I) ANY RETAINED CAUSE OF ACTION AGAINST ANY PERSON OR ENTITY IDENTIFIED IN THE RETAINED CAUSES OF ACTION SCHEDULE, (II) SUBJECT TO THE TERMS OF, AS APPLICABLE, THE PURCHASE AGREEMENT OR THE PARTICIPATION AGREEMENT, ANY RIGHTS, CLAIMS, OR CAUSES OF ACTION OF THE DEBTORS, THE WINDDOWN DEBTORS OR THE PURCHASER OR THE GUARANTOR UNDER THE PURCHASE AGREEMENT OR THE DEBTORS, THE WINDDOWN DEBTORS OR THE PARTICIPANT UNDER THE PARTICIPATION AGREEMENT, OR (III) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE RESTRUCTURING SUPPORT AGREEMENT, ANY DEFINITIVE DOCUMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT), OR OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN.**

**For the avoidance of doubt, the only parties that are bound by the Release set forth in Section X.D.2 of the Plan are: (a) the Released Parties; (b) parties who vote in favor of the Plan <u>and</u> do not opt out of the release provided in Section X.D.2 of the Plan in a timely and properly submitted ballot; (c) parties who vote to reject the Plan <u>and</u> do not opt out of the release provided in Section X.D.2 of the Plan in a timely and properly submitted ballot; (d) parties who are entitled to vote but do not vote <u>and</u> do not opt out of the release provided in Section X.D.2 of the Plan in a timely and properly submitted ballot; (e) parties who are deemed to reject the Plan <u>and</u> do not opt out of the release provided in Section X.D.2 of the Plan by submitting a duly completed Opt-Out Form; and (f) parties who are deemed to accept the Plan <u>and</u> do not opt out of the release provided in Section X.D.2 of the Plan by submitting a duly completed Opt-Out Form.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any individual from any claim or causes of action related to an act or omission that is determined in a final order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence.**

Dated: [●], 2023
New York, New York

/s/ DRAFT
Samuel A. Khalil, Esq.
Lauren C. Doyle, Esq.
Brian Kinney, Esq.
Edward R. Linden, Esq.
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219
Email:    skhalil@milbank.com
    ldoyle@milbank.com
    bkinney@milbank.com
    elinden@milbank.com

*Proposed Counsel to all Debtors and Debtors in Possession other than the Participation Debtors*

/s/ DRAFT
Cameron A. Gee, Esq.
Michael J. Edelman, Esq.
William W. Thorsness, Esq. (*pro hac vice pending*)
**VEDDER PRICE P.C.**
1633 Broadway, 31st Floor
New York, NY 10019
Telephone:    (212) 407-7700
Facsimile:    (212) 407-7799
Email:    cgee@vedderprice.com
    mjedelman@vedderprice.com
    wthorsness@vedderprice.com

*Proposed Counsel to the Participation Debtors*

## **Exhibit 5**

**Opt-Out Form**

## THIRD-PARTY RELEASE OPT-OUT ELECTION FORM

**On [●], 2020, the United States Bankruptcy Court for the Southern District of New York approved the Disclosure Statement filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") and directed the Debtors to solicit votes to accept or reject the *Joint Chapter 11 Plan of Voyager Aviation Holdings, LLC et al.* (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, the "Plan").**

**As set forth more fully in the Plan and Disclosure Statement, the Plan provides that holders of Claims against and Interests in the Debtors will grant, among other things, releases of parties other than the Debtors (the "Third-Party Release"). However, you have the right to opt out of granting the Third-Party Release by utilizing this election form (this "Opt-Out Form").**[1]

**The following parties are proposed to grant Releases under the Plan (the "Releasing Parties"),** in each case solely in its capacity as such: (a) each Debtor; (b) each Winddown Debtor; (c) each non-Debtor Affiliate, including any non-Debtor Company Managed Entity; (d)  each Consenting Noteholder; (e) each Consenting Equityholder; (f) the Purchaser; (g) the Participant; (h) the Guarantor; (i) all holders of Claims that vote to accept the Plan; (j) all holders of Claims that are deemed to accept the Plan who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable notice of non-voting status indicating that they opt not to grant the releases provided in the Plan; (k) all holders of Claims that abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt not to grant the releases provided in the Plan; (l) all holders of Claims or Interests that vote to reject the Plan or are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot or notice of non voting status indicating that they opt not to grant the releases provided in the Plan; (m) each current and former Affiliate of each Entity in clauses (a) through (k); and (n) each Related Party of each Entity in clauses (a) through (m) for which such Entity is legally entitled to bind such Related Party to the releases contained in the Plan under applicable law; *provided* that each Consenting Equityholder and each Consenting Noteholder shall be deemed a Releasing Party.

**The following parties are proposed to be the beneficiaries of the Plan releases  (the "Released Parties"),** in each case in its capacity as such: (a) each Debtor; (b) each Winddown Debtor; (c) each non-Debtor Affiliate, including any non-Debtor Company Managed Entity; (d) each Consenting Noteholder; (e) each Consenting Equityholder; (f) the Purchaser; (g) the Participant; (h) the Guarantor; (i) each current and former Affiliate of each Entity in clause (a) through clause (h); and (j) each Related Party of each Entity in clause (a) through clause (i); *provided* that in each case, an Entity shall not be a Released Party if it: (x) elects to opt out of the release contained in Section IX.D of the Plan; or (y) timely objects to the releases contained in Section XI.D of the Plan, either by means of (i) a formal objection filed on the docket of these cases or (ii) an informal objection provided to the Debtors in writing, including by electronic mail, and such objection is not withdrawn before confirmation of the Plan; *provided, further*, that

---

[1]    Capitalized terms used but not otherwise defined here have the meanings ascribed to them in the Plan.

each Consenting Noteholder and each Consenting Equityholder may not object or opt-out of the release contained in Section X.D of the Plan.

**Section X.E.2 of the Plan provides as follows:**

EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH, UNDER, OR FOR THE FOREGOING ENTITIES, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE RESTRUCTURING SUPPORT AGREEMENT AND/OR THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE SECURED NOTES, THE AIRCRAFT FINANCING FACILITIES, THE ASSERTION OR ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE DEBTORS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE TRANSACTION DOCUMENTS, OR ANY RESTRUCTURING TRANSACTIONS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT OR THE TRANSACTION DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE RESTRUCTURING TRANSACTIONS, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION,

**AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.**

**FOR THE AVOIDANCE OF DOUBT, THE ONLY PARTIES THAT ARE BOUND BY THE RELEASE SET FORTH IN SECTION X.E.2 ARE: (A) THE RELEASED PARTIES; (B) PARTIES WHO VOTE IN FAVOR OF THE PLAN AND DO NOT OPT OUT OF THE RELEASE PROVIDED IN SECTION X.D.2 OF THE PLAN IN A TIMELY AND PROPERLY SUBMITTED BALLOT; (C) PARTIES WHO VOTE TO REJECT THE PLAN AND DO NOT OPT OUT OF THE RELEASE PROVIDED IN SECTION X.E.2 OF THE PLAN IN A TIMELY AND PROPERLY SUBMITTED BALLOT; (D) PARTIES WHO ARE ENTITLED TO VOTE BUT DO NOT VOTE AND DO NOT OPT OUT OF THE RELEASE PROVIDED IN SECTION X.D.2 OF THE PLAN IN A TIMELY AND PROPERLY SUBMITTED BALLOT; (E) PARTIES WHO ARE DEEMED TO REJECT THE PLAN AND DO NOT OPT OUT OF THE RELEASE PROVIDED IN SECTION X.D.2 OF THE PLAN BY SUBMITTING A DULY COMPLETED OPT-OUT FORM; AND (F) PARTIES WHO ARE DEEMED TO ACCEPT THE PLAN AND DO NOT OPT OUT OF THE RELEASE PROVIDED IN SECTION X.D.2 OF THE PLAN BY SUBMITTING A DULY COMPLETED OPT-OUT FORM.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY INDIVIDUAL FROM ANY CLAIM OR CAUSES OF ACTION RELATED TO AN ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER BY A COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE.**

You are receiving this Opt-Out Form because the Debtor believes you may be a holder of a Claim or Interest in a Class that is not entitled to vote on the Plan either because the Claims or Interests in such Class are not Impaired or because such Class is conclusively presumed to have rejected the Plan.  Unless you opt out of granting the Third-Party Release, you  will be deemed to be a Releasing Party and to have granted a release set forth above to all Released Parties.

If you do not consent to granting the Third-Party Release, you should check the box below. If you do not check the box, or if you otherwise do not correctly complete and return this Opt-Out Form, you will be deemed to consent to the Third-Party Release.

☐ The undersigned does not consent to the Third-Party Release and elects not to be a Releasing Party.

**By signing this Opt-Out Form, the undersigned certifies that the undersigned has the power and authority to elect whether to grant the Third-Party Release contained in Section X.D.2. of the Plan and whether to be a Releasing Party under the Plan.**

_____

Name of Holder

_____

Signature

_____

Street Address

_____

City, State, Zip Code

_____

Telephone Number

_____

Email Address

_____

Date Completed

Return of Opt-Out Form

A completed Opt-Out Form must be returned to the Solicitation Agent either by hand delivery, first class, or overnight mail at the following address: Ballot Processing, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, 3rd Floor, El Segundo, CA 90245, **such that it is <u>received</u> by the Solicitation Agent on or before October 25, 2023 at 4:00 p.m. (prevailing Eastern Time)**.

**<u>Exhibit 6</u>**

**Cover Letter**

**Voyager Aviation Holdings, LLC**
301 Tresser Boulevard, Suite 602,
Stamford, CT 06901
August [___], 2023

**Via First Class Mail**

Re:    *In re Voyager Aviation Holdings, LLC et al.*, Chapter 11 Case No. 23-11177 (JPM) (Bankr. S.D.N.Y.)

TO ALL HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN:

On July 27, 2023, Voyager Aviation Holdings, LLC and the other above-captioned debtors and debtors in possession (collectively, the "Debtors")[1] each filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

You have received this letter and the enclosed Solicitation Package because the Debtors believe your rights may be affected by the proposed *Joint Chapter 11 Plan of Voyager Aviation Holdings, LLC et al.* (as modified, amended, or supplemented from time to time, the "Plan")[2] described in the Court-approved *Disclosure Statement for Joint Chapter 11 Plan of Voyager Aviation Holdings, LLC et al.* (the "Disclosure Statement"). On [___], 2023, the Court authorized the Debtors to solicit votes on the Plan in accordance with the Court-approved procedures.

```
Therefore, you should read this letter carefully and discuss it with your
attorney.  If you do not have an attorney, you may wish to consult one.
```

In addition to this letter, your Solicitation Package should include the following:

a.   the Disclosure Statement[3], as approved by the Court (and exhibits thereto, including the Plan);

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Voyager Aviation Holdings, LLC (8601); A330 MSN 1432 Limited (N/A); A330 MSN 1579 Limited (N/A); Aetios Aviation Leasing 1 Limited (N/A); Aetios Aviation Leasing 2 Limited (N/A); Cayenne Aviation LLC (9861); Cayenne Aviation MSN 1123 Limited (N/A); Cayenne Aviation MSN 1135 Limited (N/A); DPM Investment LLC (5087); Intrepid Aviation Leasing, LLC (N/A); N116NT Trust (N/A); Panamera Aviation Leasing IV Limited (N/A); Panamera Aviation Leasing VI Limited (N/A); Panamera Aviation Leasing XI Limited (N/A);  Panamera Aviation Leasing XII Designated Activity Company (N/A); Panamera Aviation Leasing XIII Designated Activity Company (N/A); Voyager Aircraft Leasing, LLC (2925); Voyager Aviation Aircraft Leasing, LLC (3865); Voyager Aviation Management Ireland Designated Activity Company (N/A); and Voyager Finance Co. (9652). The service address for each of the Debtors in these cases is 301 Tresser Boulevard, Suite 602, Stamford, CT 06901.

[2]   Capitalized terms not otherwise defined here have the meanings set forth in the Plan.

[3]   In in lieu of distributing paper copies of the Disclosure Statement Order, Disclosure Statement, and Plan, the Debtors propose to include in the Solicitation Packages instructions on how to obtain copies of such documents.

b.  the Order approving the Disclosure Statement (excluding exhibits thereto);

c.  either (i) a Ballot, together with detailed voting instructions and a pre-addressed, postage pre-paid return envelope or (ii) a Non-Voting Status Notice;

d.  the Confirmation Hearing Notice;

e.  the Opt-Out Form; and

f.  such other materials as the Court may direct.

If you have a Claim in Classes 3b, 4 or 5, you are entitled to vote to accept or reject the Plan. The Debtors believe that the acceptance of the Plan is in the best interests of their estates and their stakeholders.  Moreover, the Debtors believe that any alternative other than Confirmation of the Plan could result in extensive delays, increase administrative expenses, and a greater number of unsecured claims against them.

**If you are entitled to vote on the Plan, the Debtors strongly urge you to properly and timely submit your Ballot casting a vote to accept the Plan in accordance with the instructions set forth in your Ballot. The Voting Deadline is <u>October 25, 2023, at 4:00 P.M., prevailing Eastern Time.</u>**

As set forth more fully in the Disclosure Statement, the Plan provides that holders of Claims against and Interests in the Debtors will grant releases of parties other than the Debtors (the "<u>Third-Party Release</u>").  However, unless you vote to accept the Plan, you have the right to opt out of granting the Third-Party Release by utilizing the election form (this "<u>Opt-Out Form</u>") included herewith.  A completed Opt-Out Form must be returned to the Solicitation Agent either by hand delivery, first class, or overnight mail at the following address: Ballot Processing, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, 3rd Floor, El Segundo, CA 90245, such that it is received by the Solicitation Agent on or before October 25, 2023 at 4:00 p.m. (prevailing Eastern Time).

The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions, however, please feel free to contact Kurtzman Carson Consultants LLC, the Debtors' Solicitation Agent (the "<u>Solicitation Agent</u>"), by: (a) calling the Debtors' restructuring hotline (877) 634-7163 (U.S./Canada) or +1 (424) 236-7219 (International); (b) visiting the Debtors' restructuring website at: https://www.kccllc.net/voyageraviation; and/or (c) writing to Ballot Processing, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, 3rd Floor, El Segundo, CA 90245.  You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.  Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan or provide any other legal advice.

Sincerely,

_____
Voyager Aviation Holdings, LLC on its own
behalf and for each of the other Debtors

**<u>Exhibit 7a</u>**

**Confirmation Hearing Notice**

Samuel A. Khalil, Esq.
Lauren C. Doyle, Esq.
Brian Kinney, Esq.
Edward R. Linden, Esq.
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:     (212) 530-5000
Facsimile:     (212) 530-5219

Cameron A. Gee, Esq.
Michael J. Edelman, Esq.
William W. Thorsness, Esq. (*pro hac vice pending*)
**VEDDER PRICE P.C.**
1633 Broadway, 31st Floor
New York, New York 10019
Telephone:     (212) 407-7700
Facsimile:     (212) 407-7799

*Proposed Counsel to all Debtors and Debtors in Possession other than the Participation Debtors[1]*

*Proposed Counsel to the Participation Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Voyager Aviation Holdings, LLC *et al.*, | Case No. 23-11177 (JPM) |
| Debtors.[2] | (Jointly Administered) |

**NOTICE OF ENTRY OF ORDER (I) APPROVING
(A) THE DISCLOSURE STATEMENT AND (B) SOLICITATION
AND NOTICE MATERIALS; (II) ESTABLISHING (A) SOLICITATION
AND VOTING PROCEDURES, (B) PROCEDURES FOR ALLOWING
CLAIMS FOR VOTING PURPOSES AND (C) NOTICE AND OBJECTION
PROCEDURES; AND (III) SCHEDULING CONFIRMATION HEARING**

---

[1]   "Participation Debtors" means, collectively, Aetios Aviation Leasing 1 Limited, Aetios Aviation Leasing 2 Limited, Panamera Aviation Leasing XII Designated Activity Company, and Panamera Aviation Leasing XIII Designated Activity Company.

[2]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Voyager Aviation Holdings, LLC (8601); A330 MSN 1432 Limited (N/A); A330 MSN 1579 Limited (N/A); Aetios Aviation Leasing 1 Limited (N/A); Aetios Aviation Leasing 2 Limited (N/A); Cayenne Aviation LLC (9861); Cayenne Aviation MSN 1123 Limited (N/A); Cayenne Aviation MSN 1135 Limited (N/A); DPM Investment LLC (5087); Intrepid Aviation Leasing, LLC (N/A); N116NT Trust (N/A); Panamera Aviation Leasing IV Limited (N/A); Panamera Aviation Leasing VI Limited (N/A); Panamera Aviation Leasing XI Limited (N/A);   Panamera Aviation Leasing XII Designated Activity Company (N/A); Panamera Aviation Leasing XIII Designated Activity Company (N/A); Voyager Aircraft Leasing, LLC (2925); Voyager Aviation Aircraft Leasing, LLC (3865); Voyager Aviation Management Ireland Designated Activity Company (N/A); and Voyager Finance Co. (9652). The service address for each of the Debtors in these cases is 301 Tresser Boulevard, Suite 602, Stamford, CT 06901.

**PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (i) approving (a) the *Disclosure Statement for Joint Chapter 11 Plan of Voyager Aviation Holdings, LLC et al.* filed contemporaneously herewith (as it may be amended, supplemented or otherwise modified from time to time, the "Disclosure Statement"), (b) the solicitation packages to be sent to the holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Packages") and (c) forms of various notices to be sent to various parties in interest in connection with the Confirmation Hearing, (ii) establishing (a) solicitation and notice procedures, (b) procedures for temporarily allowing claims for voting purposes, and (c) noticing and objection procedures, and (iii) scheduling the Confirmation Hearing.

**PLEASE TAKE FURTHER NOTICE THAT the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on November 8, 2023, at 10:00 a.m. prevailing Eastern Time before the Honorable John P. Mastando III, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, NY 10004-1408.**

**PLEASE TAKE FURTHER NOTICE THAT** the Confirmation Hearing may be continued from time to time without further notice other than by such adjournment being announced in open Court or by a notice filed on the Court's docket and served on all parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** the Plan may be modified, if necessary, pursuant to section 1127 of the Bankruptcy Code, before, during or as a result of the Confirmation Hearing without further notice to interested parties.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Confirmation of the Plan is **October 27, 2023, at 4:00 p.m.** prevailing Eastern Time] (the "Plan Objection Deadline").  All objections to the relief sought at the Confirmation Hearing must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Court and shall be filed with the Court electronically in accordance with any case management order entered in these Chapter 11 Cases, and served upon the following parties **such that it is actually received by such parties on or before the Plan Objection Deadline**:

(a) co-counsel to the Debtors, Milbank LLP, 55 Hudson Yards, New York, New York 10001, Attn: Samuel A. Khalil, Lauren C. Doyle, Brian Kinney, and Edward R. Linden (skhalil@milbank.com, ldoyle@milbank.com, bkinney@milbank.com and elinden@milbank.com);

(b) co-counsel to the Debtors, Vedder Price LLP, 1633 Broadway, 31st Floor, New York, New York 10001, Attn: Cameron A. Gee, Michael J. Edelman, and William W. Thorsness, (cgee@vedderprice.com, mjedelman@vedderprice.com, and wthorsness@vedderprice.com,);

(c) the Office of the U.S. Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York 10014, Attn: Annie Wells, Victor Abriano, Brian Masumoto, and Daniel Rudewicz (Annie.Wells@usdoj.gov,

      Victor.Abriano@usdoj.gov,        Brian.Masumoto@usdoj.gov,        and Daniel.Rudewicz@usdoj.gov)

(d) counsel to the Purchaser, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas New York, NY, 10019, Attn: Brian S. Hermann, Jacob A. Adlerstein, Brian Bolin, Diane Meyers, and Lara Luo (bhermann@paulweiss.com, jadlerstein@paulweiss.com, bbolin@paulweiss.com, dmeyers@paulweiss.com, and lluo@paulweiss.com); and Pillsbury Winthrop Shaw Pittman LLP, 31 West 52nd Street New York, NY 10019. Attn: Mark W. Eckard, Attn: Nina Bakhtina, Mark Lessard, Jason Greenberg, Chris Knight, and Harsha Reddy (nina.bakhtina@pillsburylaw.com, mark.lessard@pillsburylaw.com, jason.greenberg@pillsburylaw.com chris.knight@pillsburylaw.com, and harsha.reddy@pillsburylaw.com)

(e) counsel to Secured Notes Agent., Reed Smith, 1201 Market Street, Suite 1500 Wilmington, DE, 19801, Attn: Mark W. Eckard (MEckard@reedsmith.com)

(f) all other parties entitled to notice pursuant to Bankruptcy Rule 2002.

      **PLEASE TAKE FURTHER NOTICE THAT** holders of Claims entitled to vote on the Plan will receive this notice and the appropriate Ballot, together with a pre-addressed and pre-paid envelope and postage to be used by them in voting to accept or to reject the Plan. Failure to follow the instructions set forth on the Ballot may disqualify that Ballot and the vote represented thereby.

      **PLEASE TAKE FURTHER NOTICE THAT** the date for determining which holders of Claims are entitled to vote on the Plan is September 13, 2023 (the "Voting Record Date").

      **PLEASE TAKE FURTHER NOTICE THAT** the deadline for voting on the Plan is on October 25, 2023, at 4:00 p.m. prevailing Eastern Time (the "Voting Deadline"). If you received a Solicitation Package and intend to vote on the Plan you must carefully follow the instructions on the Ballot and execute and return your completed Ballot so that it is actually received by the Debtors' Solicitation Agent, Kurtzman Carson Consultants LLC (the "Solicitation Agent") on or before the Voting Deadline.

      **PLEASE TAKE FURTHER NOTICE THAT** the Opt-Out Forms must be completed, executed, and returned in accordance with the Opt-Out Form instructions so that they are actually received by the Solicitation Agent on or before the Voting Deadline.

      **PLEASE TAKE FURTHER NOTICE THAT** copies of the Plan, Disclosure Statement, Disclosure Statement Order or any other solicitation materials are available free of charge on the Debtors' case information website (https://www.kccllc.net/voyageraviation) or by contacting the Debtors' Solicitation Agent at (877) 634-7163 (U.S./Canada) or +1 (424) 236-7219 (International) or by writing the Solicitation Agent, Attn: Voyager Aviation Holdings, LLC et al. Ballot Processing, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, 3rd Floor, El Segundo, CA 90245. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** holders of (i) Unimpaired Claims and Interests and (ii) Claims or Interests that will receive no distribution under the Plan are not entitled to vote on the Plan and, therefore, will receive a notice of non-voting status in lieu of a Ballot.

**PLEASE TAKE FURTHER NOTICE THAT i**f you have not received a Ballot (or you have received a Ballot in an amount you believe to be incorrect) but believe that you should be entitled to vote on the Plan (or vote in an amount different than the amount listed on your Ballot), you must serve on the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") temporarily allowing your Claim (or allowing it in a different amount) for purposes of voting to accept or reject the Plan on or before the later of (i) **October 12, 2023, at 4:00 p.m.**, and (ii) the fourteenth (14th) day after the date of service of an objection, if any, to such Claim, but in no event later than the Voting Deadline. In accordance with Bankruptcy Rule 3018, as to any creditor that has filed a Rule 3018(a) Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Court for voting purposes after notice and a hearing. Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.

**PLEASE TAKE FURTHER NOTICE THAT** Section X of the Plan contains the following release, exculpation, and injunction provisions. You are advised and encouraged to carefully review and consider these Plan provisions, as your rights might be affected.

<u>**Exculpation**</u>

**EFFECTIVE AS OF THE EFFECTIVE DATE, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW AND WITHOUT AFFECTING OR LIMITING EITHER THE "RELEASES BY THE DEBTORS" OR THE "RELEASES BY HOLDERS OF CLAIMS OR INTERESTS", AND EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN, NO EXCULPATED PARTY SHALL HAVE OR INCUR, AND EACH EXCULPATED PARTY IS RELEASED AND EXCULPATED FROM ANY CAUSE OF ACTION FOR ANY ACT OR OMISSION IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, THESE CHAPTER 11 CASES, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, ANY PLAN DOCUMENTS, ANY RESTRUCTURING TRANSACTION, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION OF THE PLAN, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE SOLICITATION OF VOTES ON THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT (INCLUDING, FOR THE AVOIDANCE OF DOUBT, PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY EXCULPATED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION), EXCEPT FOR CAUSES OF ACTION RELATED TO ANY ACT OR**

4

OMISSION THAT IS DETERMINED IN A FINAL ORDER OF A COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE; *PROVIDED* THAT, NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE EXCULPATION AND RELEASES SET FORTH ABOVE DO NOT APPLY TO (I) ANY RETAINED CAUSE OF ACTION AGAINST ANY PERSON OR ENTITY IDENTIFIED IN THE RETAINED CAUSES OF ACTION SCHEDULE, (II) SUBJECT TO THE TERMS OF, AS APPLICABLE, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT, OR ANY OTHER AZORRA TRANSACTION DOCUMENT, ANY RIGHTS, CLAIMS OR CAUSES OF ACTION OF THE PURCHASER, THE GUARANTOR, OR THE PARTICIPANT, AS APPLICABLE, UNDER THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT, OR ANY OTHER AZORRA TRANSACTION DOCUMENT, OR (III) SUBJECT TO THE TERMS OF THE RESTRUCTURING SUPPORT AGREEMENT, ANY RIGHTS, CLAIMS OR CAUSES OF ACTION OF THE REQUIRED CONSENTING STAKEHOLDERS UNDER THE RESTRUCTURING SUPPORT AGREEMENT.    IN ALL RESPECTS THE EXCULPATED PARTIES SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES.    THE EXCULPATED PARTIES HAVE, AND UPON CONSUMMATION OF THE PLAN SHALL BE DEEMED TO HAVE, PARTICIPATED IN GOOD FAITH AND IN COMPLIANCE WITH THE APPLICABLE LAWS WITH REGARD TO THE SOLICITATION OF VOTES AND DISTRIBUTION OF CONSIDERATION PURSUANT TO THE PLAN AND, THEREFORE, ARE NOT, AND ON ACCOUNT OF SUCH DISTRIBUTIONS SHALL NOT BE, LIABLE AT ANY TIME FOR THE VIOLATION OF ANY APPLICABLE LAW, RULE, OR REGULATION GOVERNING THE SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PLAN OR SUCH DISTRIBUTIONS MADE PURSUANT TO THE PLAN.

<u>Releases</u>

1. **Releases by the Debtors**

EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE DEBTORS, THE WINDDOWN DEBTORS, AND THEIR ESTATES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH, UNDER, OR FOR THE FOREGOING ENTITIES, FROM ANY AND ALL CAUSES OF ACTION, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, THAT THE DEBTORS WOULD

HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM/INTEREST THAT IS TREATED IN THE RESTRUCTURING SUPPORT AGREEMENT AND/OR IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE CHAPTER 11 CASES, THE SECURED NOTES, THE AIRCRAFT FINANCING FACILITIES, THE ASSERTION OR ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE DEBTORS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR OR THE COMPANY MANAGED ENTITIES, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT, OR ANY OF THE TRANSACTION DOCUMENTS, OR ANY RESTRUCTURING TRANSACTIONS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT OR THE TRANSACTION DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE RESTRUCTURING TRANSACTIONS, THE CONSUMMATION OF THE TRANSACTIONS CONTEMPLATED BY THE PURCHASE AGREEMENT OR THE PARTICIPATION AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE; *PROVIDED* THAT, NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE SHALL NOT RELEASE, PREJUDICE, LIMIT, IMPACT, OR OTHERWISE IMPAIR (I) ANY RETAINED CAUSE OF ACTION AGAINST ANY PERSON OR ENTITY IDENTIFIED IN THE RETAINED CAUSES OF ACTION SCHEDULE, (II) SUBJECT TO THE TERMS OF THE PURCHASE AGREEMENT OR THE PARTICIPATION AGREEMENT, AS APPLICABLE, ANY RIGHTS, CLAIMS, OR CAUSES OF ACTION OF THE DEBTORS, THE WINDDOWN DEBTORS, OR THEIR ESTATES UNDER THE PURCHASE AGREEMENT OR THE PARTICIPATION AGREEMENT, AS APPLICABLE, OR (III) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE RESTRUCTURING SUPPORT AGREEMENT, ANY DEFINITIVE DOCUMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT), OR OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN.

     **2. Releases by Holders of Claims**

EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN, EFFECTIVE ON THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH, UNDER, OR FOR THE FOREGOING ENTITIES, FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR INTEREST IN, A DEBTOR OR OTHER ENTITY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE RESTRUCTURING SUPPORT AGREEMENT AND/OR THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE SECURED NOTES, THE AIRCRAFT FINANCING FACILITIES, THE ASSERTION OR ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE DEBTORS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR OR THE COMPANY MANAGED ENTITIES, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT, THE TRANSACTION DOCUMENTS, OR ANY RESTRUCTURING TRANSACTIONS, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RESTRUCTURING SUPPORT AGREEMENT, THE PURCHASE AGREEMENT, THE PARTICIPATION AGREEMENT OR THE TRANSACTION DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE RESTRUCTURING TRANSACTIONS, THE CONSUMMATION OF THE TRANSACTIONS CONTEMPLATED BY THE PURCHASE AGREEMENT OR THE PARTICIPATION AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE; *PROVIDED* THAT, NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE SHALL NOT RELEASE,

PREJUDICE, LIMIT, IMPACT, OR OTHERWISE IMPAIR (I) ANY RETAINED CAUSE OF ACTION AGAINST ANY PERSON OR ENTITY IDENTIFIED IN THE RETAINED CAUSES OF ACTION SCHEDULE, (II) SUBJECT TO THE TERMS OF, AS APPLICABLE, THE PURCHASE AGREEMENT OR THE PARTICIPATION AGREEMENT, ANY RIGHTS, CLAIMS, OR CAUSES OF ACTION OF THE DEBTORS, THE WINDDOWN DEBTORS OR THE PURCHASER OR THE GUARANTOR UNDER THE PURCHASE AGREEMENT OR THE DEBTORS, THE WINDDOWN DEBTORS OR THE PARTICIPANT UNDER THE PARTICIPATION AGREEMENT, OR (III) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE RESTRUCTURING SUPPORT AGREEMENT, ANY DEFINITIVE DOCUMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT), OR OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN.

For the avoidance of doubt, the only parties that are bound by the Release set forth in Section X.D.2 of the Plan are: (a) the Released Parties; (b) parties who vote in favor of the Plan **and** do not opt out of the release provided in Section X.D.2 of the Plan in a timely and properly submitted ballot; (c) parties who vote to reject the Plan **and** do not opt out of the release provided in Section X.D.2 of the Plan in a timely and properly submitted ballot; (d) parties who are entitled to vote but do not vote **and** do not opt out of the release provided in Section X.D.2 of the Plan in a timely and properly submitted ballot; (e) parties who are deemed to reject the Plan **and** do not opt out of the release provided in Section X.D.2 of the Plan by submitting a duly completed Opt-Out Form; and (f) parties who are deemed to accept the Plan **and** do not opt out of the release provided in Section X.D.2 of the Plan by submitting a duly completed Opt-Out Form.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any individual from any claim or causes of action related to an act or omission that is determined in a final order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence.

### Injunction

EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES THAT: (A) ARE SUBJECT TO COMPROMISE AND SETTLEMENT PURSUANT TO THE TERMS OF THE PLAN; (B) HAVE BEEN RELEASED PURSUANT TO THE "RELEASES BY THE DEBTORS" SET FORTH IN THE PLAN; (C) HAVE BEEN RELEASED PURSUANT TO "RELEASES BY THE HOLDERS OF CLAIMS OR INTERESTS" SET FORTH IN THE PLAN; (D) ARE SUBJECT TO EXCULPATION PURSUANT TO THE PLAN; (E) ARE AGAINST THE AZORRA TRANSACTION ASSETS, THE PURCHASER, OR THE PARTICIPANT; OR (F) ARE OTHERWISE DISCHARGED, SATISFIED, STAYED, OR TERMINATED PURSUANT TO THE TERMS OF THE PLAN, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE, FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY ACTION OR OTHER PROCEEDING, INCLUDING ON ACCOUNT OF ANY CLAIMS, INTERESTS, CAUSES

**OF ACTION, OR LIABILITIES THAT HAVE BEEN COMPROMISED OR SETTLED AGAINST THE DEBTORS, THE WINDDOWN DEBTORS, OR ANY ENTITY SO RELEASED OR EXCULPATED (OR THE PROPERTY OR ESTATE OF ANY ENTITY, DIRECTLY OR INDIRECTLY, SO RELEASED OR EXCULPATED) ON ACCOUNT OF, OR IN CONNECTION WITH OR WITH RESPECT TO, ANY DISCHARGED, RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES. UPON ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND THEIR RESPECTIVE CURRENT AND FORMER DIRECTORS, MANAGERS, EXECUTIVES, OFFICERS, PRINCIPALS, PREDECESSORS, SUCCESSORS, EMPLOYEES, AGENTS, AND DIRECT AND INDIRECT AFFILIATES SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN. EACH HOLDER OF AN ALLOWED CLAIM OR ALLOWED INTEREST, AS APPLICABLE, BY ACCEPTING, OR BEING ELIGIBLE TO ACCEPT, DISTRIBUTIONS UNDER THE PLAN, SHALL BE DEEMED TO HAVE CONSENTED TO THESE INJUNCTION PROVISIONS.**

Dated: [●], 2023
New York, New York

*/s/ DRAFT* _____
Samuel A. Khalil, Esq.
Lauren C. Doyle, Esq.
Brian Kinney, Esq.
Edward R. Linden, Esq.
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219
Email:    skhalil@milbank.com
    ldoyle@milbank.com
    bkinney@milbank.com
    elinden@milbank.com

*Proposed Counsel to all Debtors and Debtors in Possession other than the Participation Debtors*

/s/ DRAFT
Cameron A. Gee, Esq.
Michael J. Edelman, Esq.
William W. Thorsness, Esq. (*pro hac vice pending*)
**VEDDER PRICE P.C.**
1633 Broadway, 31st Floor
New York, NY 10019
Telephone:      (212) 407-7700
Facsimile:      (212) 407-7799
Email:            cgee@vedderprice.com
                    mjedelman@vedderprice.com
                    wthorsness@vedderprice.com

*Proposed Counsel to the Participation Debtors*

## **Exhibit 7b**

**Publication Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Voyager Aviation Holdings, LLC *et al.*, | Case No. 23-11177 (JPM) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF ENTRY OF ORDER (I) APPROVING
(A) THE DISCLOSURE STATEMENT AND (B) SOLICITATION
AND NOTICE MATERIALS; (II) ESTABLISHING (A) SOLICITATION
AND VOTING PROCEDURES, (B) PROCEDURES FOR ALLOWING
CLAIMS FOR VOTING PURPOSES AND (C) NOTICE AND OBJECTION
PROCEDURES; AND (III) SCHEDULING CONFIRMATION HEARING**

**PLEASE TAKE NOTICE THAT:**

On [●], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (i) approving (a) the *Disclosure Statement for Joint Chapter 11 Plan of Voyager Aviation Holdings, LLC et al.* filed contemporaneously herewith (as it may be amended, supplemented or otherwise modified from time to time, the "Disclosure Statement"), (b) the solicitation packages to be sent to the holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Packages") and (c) forms of various notices to be sent to various parties in interest in connection with the Confirmation Hearing, (ii) establishing (a) solicitation and notice procedures, (b) procedures for temporarily allowing claims for voting purposes, and (c) noticing and objection procedures, and (iii) scheduling the Confirmation Hearing.

Copies of the Plan, Disclosure Statement, or any other solicitation materials are available free of charge on the Debtors' case information website (https://www.kccllc.net/voyageraviation) or by contacting the Debtors' Solicitation Agent at (877) 634-7163 (U.S./Canada) or +1 (424) 236-7219 (International) or by writing the Solicitation Agent, Attn: Voyager Aviation Holdings, LLC et al. Ballot Processing, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway,

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Voyager Aviation Holdings, LLC (8601); A330 MSN 1432 Limited (N/A); A330 MSN 1579 Limited (N/A); Aetios Aviation Leasing 1 Limited (N/A); Aetios Aviation Leasing 2 Limited (N/A); Cayenne Aviation LLC (9861); Cayenne Aviation MSN 1123 Limited (N/A); Cayenne Aviation MSN 1135 Limited (N/A); DPM Investment LLC (5087); Intrepid Aviation Leasing, LLC (N/A); N116NT Trust (N/A); Panamera Aviation Leasing IV Limited (N/A); Panamera Aviation Leasing VI Limited (N/A); Panamera Aviation Leasing XI Limited (N/A);  Panamera Aviation Leasing XII Designated Activity Company (N/A); Panamera Aviation Leasing XIII Designated Activity Company (N/A); Voyager Aircraft Leasing, LLC (2925); Voyager Aviation Aircraft Leasing, LLC (3865); Voyager Aviation Management Ireland Designated Activity Company (N/A); and Voyager Finance Co. (9652). The service address for each of the Debtors in these cases is 301 Tresser Boulevard, Suite 602, Stamford, CT 06901.

3rd Floor El Segundo, CA 90245.  You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.

The hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on November 8, 2023, at 10:00 a.m. prevailing Eastern Time before the Honorable John P. Mastando III, in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, NY 10004-1408. The Confirmation Hearing may be continued from time to time without further notice other than by such adjournment being announced in open Court or by a notice filed on the Court's docket and served on all parties entitled to notice.  The Plan may be modified, if necessary, pursuant to section 1127 of the Bankruptcy Code, before, during or as a result of the Confirmation Hearing without further notice to interested parties.

Objections or responses to confirmation of the Plan, if any, must (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (c) state with particularity the basis and nature of any objection or proposed modification to the Plan, and (d) be filed, together with proof of service, with the Court no later than 4:00 p.m. prevailing Eastern Time, on October 27, 2023.  Failure to file and serve any objection to the Plan in conformity with the foregoing procedures may result in the objecting party not being heard at the hearing.

YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

For more information about the solicitation procedures, or if you would like to obtain a copy of any Plan Document, you should contact Kurtzman Carson Consultants LLC, the Solicitation Agent retained by the Debtors in these chapter 11 cases (the "Solicitation Agent"), by: (a) calling the Debtors' restructuring hotline at (877) 634-7163 (U.S./Canada) or +1 (424) 236-7219 (International); (b) visiting the Debtors' restructuring website at: https://www.kccllc.net/voyageraviation; and/or (c) writing to Ballot Processing, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, 3rd Floor El Segundo, CA 90245. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.

Dated: [●], 2023
     New York, New York

**Exhibit 8**

**Plan Supplement Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Voyager Aviation Holdings, LLC *et al.*, | ) | Case No. 23-11177 (JPM) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE OF THE FILING OF THE PLAN SUPPLEMENT

    **PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] approving the *Disclosure Statement for Joint Chapter 11 Plan of Voyager Aviation Holdings, LLC et al.* filed contemporaneously herewith (the "Disclosure Statement Order") and granting certain related relief.

    **PLEASE TAKE FURTHER NOTICE THAT,** as contemplated by the Plan and the Disclosure Statement Order, the Debtors filed the Plan Supplement on [●], 2023 [Docket No. [●]]. The Plan Supplement includes the following materials: (a) the Assumption Schedule, (b) the Rejection Schedule, (c) the Retained Causes of Action Schedule, (d) the Transition Services Agreement, and (e) either (i) the Plan Administrator Agreement or (ii) the Liquidating Trust Agreement.  Subject to the provisions of the Restructuring Support Agreement, the Purchase Agreement and/or the Participation Agreement, the Debtors will have the right to alter, amend, modify, or supplement the documents contained in the Plan Supplement through the Effective Date.

    **PLEASE TAKE FURTHER NOTICE THAT** the Debtors reserve the right to amend, revise or supplement any of the Plan Documents at any time on or before the Effective Date or such other date as may be permitted by the Plan or by order of the Court.

    **PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on **November 8,**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Voyager Aviation Holdings, LLC (8601); A330 MSN 1432 Limited (N/A); A330 MSN 1579 Limited (N/A); Aetios Aviation Leasing 1 Limited (N/A); Aetios Aviation Leasing 2 Limited (N/A); Cayenne Aviation LLC (9861); Cayenne Aviation MSN 1123 Limited (N/A); Cayenne Aviation MSN 1135 Limited (N/A); DPM Investment LLC (5087); Intrepid Aviation Leasing, LLC (N/A); N116NT Trust (N/A); Panamera Aviation Leasing IV Limited (N/A); Panamera Aviation Leasing VI Limited (N/A); Panamera Aviation Leasing XI Limited (N/A);  Panamera Aviation Leasing XII Designated Activity Company (N/A); Panamera Aviation Leasing XIII Designated Activity Company (N/A); Voyager Aircraft Leasing, LLC (2925); Voyager Aviation Aircraft Leasing, LLC (3865); Voyager Aviation Management Ireland Designated Activity Company (N/A); and Voyager Finance Co. (9652). The service address for each of the Debtors in these cases is 301 Tresser Boulevard, Suite 602, Stamford, CT 06901.

**2023], at 10:00 a.m., prevailing Eastern Time**, before the Honorable John P. Mastando III, in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, NY 10004-1408.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **October 27, 2023, at 4:00 p.m., prevailing Eastern Time** (the "Plan Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **October 27, 2023, at 4:00 p.m., prevailing Eastern Time**:

| *Counsel to the Debtors* | |
|---|---|
| MILBANK LLP<br>55 Hudson Yards<br>New York, New York 10001<br>Telephone:  (212) 530-5000<br>Facsimile:  (212) 530-5219<br>Samuel A. Khalil, Esq.<br>Lauren C. Doyle, Esq.<br>Brian Kinney, Esq.<br>Edward R. Linden, Esq.<br>skhalil@milbank.com<br>ldoyle@milbank.com<br>bkinney@milbank.com<br>elinden@milbank.com | VEDDER PRICE P.C.<br>1633 Broadway, 31st Floor<br>New York, New York 10019<br>Telephone:      (212) 407-7700<br>Facsimile:      (212) 407-7799<br>Cameron A. Gee<br>Michael J. Edelman<br>William W. Thorsness<br>cgee@vedderprice.com<br>mjedelman@vedderprice.com<br>wthorsness@vedderprice.com |
| *Counsel to the Purchaser* | |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY, 10019<br>Telephone: (212) 373-3000<br>Brian S. Hermann<br>Jacob A. Adlerstein<br>Brian Bolin<br>Diane Meyers<br>Lara Luo<br>bhermann@paulweiss.com<br>jadlerstein@paulweiss.com<br>bbolin@paulweiss.com<br>dmeyers@paulweiss.com<br>lluo@paulweiss.com<br><br>Pillsbury Winthrop Shaw Pittman LLP<br>31 West 52nd Street | |

| New York, NY 10019. Attn: Mark W. Eckard |
|---|
| Telephone: (212) 858-1000 |
| Nina Bakhtina |
| Mark Lessard |
| Jason Greenberg |
| Chris Knight |
| Harsha Reddy |
| nina.bakhtina@pillsburylaw.com |
| mark.lessard@pillsburylaw.com |
| jason.greenberg@pillsburylaw.com |
| chris.knight@pillsburylaw.com |
| harsha.reddy@pillsburylaw.com |
| ***Counsel to the Secured Notes Agent*** |
| Reed Smith |
| 1201 Market Street, Suite 1500 |
| Wilmington, DE, 19801 |
| Telephone: (302) 778-7546 |
| Mark W. Eckard |
| E-mail: MEckard@reedsmith.com |
| ***U.S. Trustee*** |
| United States Department of Justice |
| OFFICE OF THE UNITED STATES TRUSTEE |
| 201 Varick Street, Room 1006 |
| New York, NY 10014 |
| Telephone: (212) 510-0500 |
| Facsimile:  (212) 668-2361 |
| Annie Wells |
| Victor Abriano |
| Brian Masumoto |
| Daniel Rudewicz |
| Annie.Wells@usdoj.gov |
| Victor.Abriano@usdoj.gov> |
| Brian.Masumoto@usdoj.gov |
| Daniel.Rudewicz@usdoj.gov |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of any document in the Plan Supplement, you should contact Kurtzman Carson Consultants LLC, the Solicitation Agent retained by the Debtors in these cases (the "Solicitation Agent"), by: (a) calling the Debtors' restructuring hotline at (877) 634-7163 (U.S./Canada) or +1 (424) 236-7219 (International); (b) visiting the Debtors' restructuring website at: https://www.kccllc.net/voyageraviation; and/or (c) writing to Ballot Processing, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, 3rd Floor El Segundo, CA 90245. You

may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at:
http://www.nysb.uscourts.gov.

## **Exhibit 9**

## **Assumption Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Voyager Aviation Holdings, LLC *et al.*, | ) | Case No. 23-11177 (JPM) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE OF ASSUMPTION

**PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (i) approving (a) the *Disclosure Statement for Joint Chapter 11 Plan of Voyager Aviation Holdings, LLC et al.* filed contemporaneously herewith (as it may be amended, supplemented or otherwise modified from time to time, the "Disclosure Statement"), (b) the solicitation packages to be sent to the holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Packages") and (c) forms of various notices to be sent to various parties in interest in connection with the Confirmation Hearing, (ii) establishing (a) solicitation and notice procedures, (b) procedures for temporarily allowing claims for voting purposes, and (c) noticing and objection procedures, and (iii) scheduling the Confirmation Hearing.

**PLEASE TAKE FURTHER NOTICE THAT** on [●] 2023, the Court entered the *Order (A) Conditionally Scheduling a Sale Hearing and (B) Approving the Form and Manner of Notice Thereof* [Docket No. ] *(*the "Sale Scheduling Order"), establishing certain deadlines and conditionally scheduling a hearing (the "Sale Hearing") to consider the sale of the Target Assets to the Purchaser (the "Sale").

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors are proposing to assume the Executive Contract(s) and Unexpired Lease(s) listed on **Exhibit A**, attached hereto, which you are a party.[2]  The Debtors will serve supplemental notices of the assumption of Assumed Contracts on or before [●], 2023.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Voyager Aviation Holdings, LLC (8601); A330 MSN 1432 Limited (N/A); A330 MSN 1579 Limited (N/A); Aetios Aviation Leasing 1 Limited (N/A); Aetios Aviation Leasing 2 Limited (N/A); Cayenne Aviation LLC (9861); Cayenne Aviation MSN 1123 Limited (N/A); Cayenne Aviation MSN 1135 Limited (N/A); DPM Investment LLC (5087); Intrepid Aviation Leasing, LLC (N/A); N116NT Trust (N/A); Panamera Aviation Leasing IV Limited (N/A); Panamera Aviation Leasing VI Limited (N/A); Panamera Aviation Leasing XI Limited (N/A);   Panamera Aviation Leasing XII Designated Activity Company (N/A); Panamera Aviation Leasing XIII Designated Activity Company (N/A); Voyager Aircraft Leasing, LLC (2925); Voyager Aviation Aircraft Leasing, LLC (3865); Voyager Aviation Management Ireland Designated Activity Company (N/A); and Voyager Finance Co. (9652). The service address for each of the Debtors in these cases is 301 Tresser Boulevard, Suite 602, Stamford, CT 06901.

[2]    Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Assumption Schedule, nor anything contained in the Plan or each Debtor's schedule of assets and liabilities, constitutes an admission by

> **PLEASE TAKE FURTHER NOTICE THAT you are receiving this Notice because the Debtors' records reflect that you are a party to an Executory Contract or Unexpired Lease identified on the Assumption Schedule.  Therefore, you are advised to review carefully the related provisions of the Plan (Section V).**

**PLEASE TAKE FURTHER NOTICE THAT** any Cure Claims shall be satisfied for the purposes of section 365(b)(1) of the Bankruptcy Code, by payment in Cash, on the Effective Date of either the Plan or Sale or as soon as reasonably practicable thereafter, of the cure amount set forth on the Schedule of Assumed Contracts for the applicable contract or Unexpired Lease, or on such other terms as the parties to such Executory Contracts or Unexpired Leases and the Debtors may otherwise agree.  Any Cure Claim shall be deemed fully satisfied, released, and discharged upon the payment of the Cure Claim.  The Debtors may settle any Cure Claim without any further notice to or action, order, or approval of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **October 27, 2023, at 4:00 p.m., prevailing Eastern Time** (the "Plan Objection Deadline").  Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **October 27, 2023, at 4:00 p.m., prevailing Eastern Time**:

| *Counsel to the Debtors* | |
|---|---|
| MILBANK LLP<br>55 Hudson Yards<br>New York, New York 10001<br>Telephone:  (212) 530-5000<br>Facsimile:  (212) 530-5219<br>Samuel A. Khalil, Esq.<br>Lauren C. Doyle, Esq.<br>Brian Kinney, Esq.<br>Edward R. Linden, Esq.<br>skhalil@milbank.com<br>ldoyle@milbank.com<br>bkinney@milbank.com<br>elinden@milbank.com | VEDDER PRICE P.C.<br>1633 Broadway, 31st Floor<br>New York, New York 10019<br>Telephone:     (212) 407-7700<br>Facsimile:     (212) 407-7799<br>Cameron A. Gee<br>Michael J. Edelman<br>William W. Thorsness<br>cgee@vedderprice.com<br>mjedelman@vedderprice.com<br>wthorsness@vedderprice.com |
| *Counsel to the Purchaser* | |

---

the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease capable of assumption, that any Debtor(s) has any liability thereunder, or that such Executory Contract or Unexpired Lease is necessarily a binding and enforceable agreement.  Further, the Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Assumption Schedule and reject such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, up until the Effective Date and (b) contest any Claim (or cure amount) asserted in connection with assumption of any Executory Contract or Unexpired Lease.

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY, 10019
Telephone: (212) 373-3000
Brian S. Hermann
Jacob A. Adlerstein
Brian Bolin
Diane Meyers
Lara Luo
bhermann@paulweiss.com
jadlerstein@paulweiss.com
bbolin@paulweiss.com
dmeyers@paulweiss.com
lluo@paulweiss.com

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, NY 10019. Attn: Mark W. Eckard
Telephone: (212) 858-1000
Nina Bakhtina
Mark Lessard
Jason Greenberg
Chris Knight
Harsha Reddy
nina.bakhtina@pillsburylaw.com
mark.lessard@pillsburylaw.com
jason.greenberg@pillsburylaw.com
chris.knight@pillsburylaw.com
harsha.reddy@pillsburylaw.com

| *Counsel to the Secured Notes Agent* |
|---|

Reed Smith
1201 Market Street, Suite 1500
Wilmington, DE, 19801
Telephone: (302) 778-7546
Mark W. Eckard
E-mail: MEckard@reedsmith.com

| *U.S. Trustee* |
|---|

United States Department of Justice
OFFICE OF THE UNITED STATES TRUSTEE
201 Varick Street, Room 1006
New York, NY 10014

3

Telephone: (212) 510-0500
Facsimile:  (212) 668-2361
Annie Wells
Victor Abriano
Brian Masumoto
Daniel Rudewicz
Annie.Wells@usdoj.gov
Victor.Abriano@usdoj.gov
Brian.Masumoto@usdoj.gov
Daniel.Rudewicz@usdoj.gov

**PLEASE TAKE FURTHER NOTICE THAT** any objection to the assumption of an Executory Contract or Unexpired Lease under the Plan or in connection with the Sale must be filed, served and actually received by the Debtors no later than seven (7) days prior to the Confirmation Hearing or Sale Hearing; *provided*, that, if the Debtors file an amended Schedule of Assumed Contracts (the "Amended Schedule of Assumed Contracts"), then, with respect to any lessor or counterparty affected by such Amended Schedule of Assumed Contracts, objections to the assumption of the relevant Executory Contract or Unexpired Lease must be filed by the earlier of (i) seven (7) days from the date the Amended Schedule of Assumed Contracts is filed and (ii) the Confirmation Hearing or Sale Hearing.  Any counterparty to an Executory Contract or Unexpired Lease that fails to timely object to the proposed assumption of any Executory Contract or Unexpired Lease will be deemed to have consented to such assumption.

**PLEASE TAKE FURTHER NOTICE THAT** in the event of a timely filed objection regarding (i) the amount of any Cure Claim; (ii) the ability of the Debtors to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under an Executory Contract or Unexpired Lease to be assumed; or (iii) any other matter pertaining to assumption or the cure of defaults required by section 365(b)(1) of the Bankruptcy Code (each, an "Assumption Dispute"), such dispute shall be resolved by a Final Order of the Bankruptcy Court (which may be the Confirmation Order or the Sale Order) or as may be agreed upon by the Debtors and the counterparty to the Executory Contract or Unexpired Lease. During the pendency of an Assumption Dispute, the applicable counterparty shall continue to perform under the applicable Executory Contract or Unexpired Lease.

**PLEASE TAKE FURTHER NOTICE THAT** assumption of any Executory Contract or Unexpired Lease pursuant to the Plan or Sale shall result in the full release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any such Executory Contract or Unexpired Lease at any time before the date that the Debtors assume or assume and assign such Executory Contract or Unexpired Lease. Subject to the resolution of any timely objections in accordance with the Plan or Sale, any Proofs of Claim filed with respect to an Executory Contract or Unexpired Lease that has been assumed or assumed and assigned shall be deemed Disallowed and expunged, without further notice to or action, order, or approval of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of any Plan Document, you should contact Kurtzman Carson Consultants LLC, the Solicitation Agent retained by the Debtors in these chapter 11 cases (the "Solicitation Agent"), by: (a) calling the Debtors' restructuring hotline at (877) 634-7163 (U.S./Canada) or +1 (424) 236-7219 (International); (b) visiting the Debtors' restructuring website at: https://www.kccllc.net/voyageraviation; and/or (c) writing to Ballot Processing, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, 3rd Floor El Segundo, CA 90245. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.

Dated: [●], 2023
     New York, New York

*/s/ DRAFT*
Samuel A. Khalil, Esq.
Lauren C. Doyle, Esq.
Brian Kinney, Esq.
Edward R. Linden, Esq.
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219
Email:      skhalil@milbank.com
        ldoyle@milbank.com
        bkinney@milbank.com
        elinden@milbank.com

*Proposed Counsel to all Debtors and Debtors in Possession other than the Participation Debtors*

*/s/ DRAFT*
Cameron A. Gee, Esq.
Michael J. Edelman, Esq.
William W. Thorsness, Esq. (*pro hac vice pending*)
**VEDDER PRICE P.C.**
1633 Broadway, 31st Floor
New York, NY 10019
Telephone:    (212) 407-7700
Facsimile:    (212) 407-7799
Email:      cgee@vedderprice.com
        mjedelman@vedderprice.com
        wthorsness@vedderprice.com

*Proposed Counsel to the Participation Debtors*

## **Exhibit 10**

**Rejection Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Voyager Aviation Holdings, LLC *et al.*, | ) | Case No. 23-11177 (JPM) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

<div align="center">

**NOTICE OF REJECTION**

</div>

     **PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (i) approving (a) the *Disclosure Statement for Joint Chapter 11 Plan of Voyager Aviation Holdings, LLC et al.* filed contemporaneously herewith (as it may be amended, supplemented or otherwise modified from time to time, the "Disclosure Statement"), (b) the solicitation packages to be sent to the holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Packages") and (c) forms of various notices to be sent to various parties in interest in connection with the Confirmation Hearing, (ii) establishing (a) solicitation and notice procedures, (b) procedures for temporarily allowing claims for voting purposes, and (c) noticing and objection procedures, and (iii) scheduling the Confirmation Hearing.

     **PLEASE TAKE FURTHER NOTICE THAT** on [●] 2023, the Court entered the *Order (A) Conditionally Scheduling a Sale Hearing and (B) Approving the Form and Manner of Notice Thereof* [Docket No. ] *(*the "Sale Scheduling Order"), establishing certain deadlines and conditionally scheduling a hearing to consider the sale of the Target Assets to the Purchaser (the "Sale").

     **PLEASE TAKE FURTHER NOTICE THAT** on [●], 2023, in accordance with the Plan Debtors, the Debtors filed the list of Executory Contracts and Unexpired Leases that they may be rejecting under the Plan (the "Rejection Schedule"). The Debtors will serve supplemental notices of the rejection of Executory Contracts and Unexpired Leases on or before [●], 2023.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Voyager Aviation Holdings, LLC (8601); A330 MSN 1432 Limited (N/A); A330 MSN 1579 Limited (N/A); Aetios Aviation Leasing 1 Limited (N/A); Aetios Aviation Leasing 2 Limited (N/A); Cayenne Aviation LLC (9861); Cayenne Aviation MSN 1123 Limited (N/A); Cayenne Aviation MSN 1135 Limited (N/A); DPM Investment LLC (5087); Intrepid Aviation Leasing, LLC (N/A); N116NT Trust (N/A); Panamera Aviation Leasing IV Limited (N/A); Panamera Aviation Leasing VI Limited (N/A); Panamera Aviation Leasing XI Limited (N/A); Panamera Aviation Leasing XII Designated Activity Company (N/A); Panamera Aviation Leasing XIII Designated Activity Company (N/A); Voyager Aircraft Leasing, LLC (2925); Voyager Aviation Aircraft Leasing, LLC (3865); Voyager Aviation Management Ireland Designated Activity Company (N/A); and Voyager Finance Co. (9652). The service address for each of the Debtors in these cases is 301 Tresser Boulevard, Suite 602, Stamford, CT 06901.

> **PLEASE TAKE FURTHER NOTICE THAT you are receiving this Notice because the Debtors' records reflect that you are a party to an Executory Contract or Unexpired Lease identified on the Rejection Schedule.  Therefore, you are advised to review carefully the related provisions of the Plan (Section V).**

PLEASE TAKE FURTHER NOTICE THAT the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on **November 8, 2023, at 10:00 a.m. prevailing Eastern Time,** before the Honorable John P. Mastando III, in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, NY 10004-1408.

PLEASE TAKE FURTHER NOTICE THAT the deadline for filing objections to the Plan is **October 12, 2023, at 4:00 p.m., prevailing Eastern Time** (the "Plan Objection Deadline").  Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **October 27, 2023, at 4:00 p.m., prevailing Eastern Time**:

| *Counsel to the Debtors* | |
|---|---|
| MILBANK LLP<br>55 Hudson Yards<br>New York, New York 10001<br>Telephone:  (212) 530-5000<br>Facsimile:  (212) 530-5219<br>Samuel A. Khalil, Esq.<br>Lauren C. Doyle, Esq.<br>Brian Kinney, Esq.<br>Edward R. Linden, Esq.<br>skhalil@milbank.com<br>ldoyle@milbank.com<br>bkinney@milbank.com<br>elinden@milbank.com | VEDDER PRICE P.C.<br>1633 Broadway, 31st Floor<br>New York, New York 10019<br>Telephone:     (212) 407-7700<br>Facsimile:     (212) 407-7799<br>Cameron A. Gee<br>Michael J. Edelman<br>William W. Thorsness<br>cgee@vedderprice.com<br>mjedelman@vedderprice.com<br>wthorsness@vedderprice.com |
| *Counsel to the Purchaser* | |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY, 10019<br>Telephone: (212) 373-3000<br>Brian S. Hermann<br>Jacob A. Adlerstein<br>Brian Bolin<br>Diane Meyers<br>Lara Luo | |

bhermann@paulweiss.com
jadlerstein@paulweiss.com
bbolin@paulweiss.com
dmeyers@paulweiss.com
lluo@paulweiss.com

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, NY 10019. Attn: Mark W. Eckard
Telephone: (212) 858-1000
Nina Bakhtina
Mark Lessard
Jason Greenberg
Chris Knight
Harsha Reddy
nina.bakhtina@pillsburylaw.com
mark.lessard@pillsburylaw.com
jason.greenberg@pillsburylaw.com
chris.knight@pillsburylaw.com
harsha.reddy@pillsburylaw.com

| *Counsel to the Secured Notes Agent* |
|---|

Reed Smith
1201 Market Street, Suite 1500
Wilmington, DE, 19801
Telephone: (302) 778-7546
Mark W. Eckard
E-mail: MEckard@reedsmith.com

| *U.S. Trustee* |
|---|

United States Department of Justice
OFFICE OF THE UNITED STATES TRUSTEE
201 Varick Street, Room 1006
New York, NY 10014
Telephone: (212) 510-0500
Facsimile:  (212) 668-2361
Annie Wells
Victor Abriano
Brian Masumoto
Daniel Rudewicz
Annie.Wells@usdoj.gov
Victor.Abriano@usdoj.gov>
Brian.Masumoto@usdoj.gov
Daniel.Rudewicz@usdoj.gov

**PLEASE TAKE FURTHER NOTICE THAT** all Proofs of Claim on account of rejection damages claims arising from the rejection of Executory Contracts or Unexpired Leases, if any, must be filed with the Court within **30 days** after the date of service of the order of the Court approving such rejection (which may be the Confirmation Order or the Sale Order). Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not filed within such time will be automatically disallowed, forever barred from assertion (without the need for any objection or further notice to, or action, order, or approval of the Court) and shall not be enforceable against the Debtors, their Estates, the Winddown Debtors (or the Liquidating Trust, as applicable), or their respective properties.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of any Plan Document, you should contact Kurtzman Carson Consultants LLC, the Solicitation Agent retained by the Debtors in these chapter 11 cases (the "Solicitation Agent"), by: (a) calling the Debtors' restructuring hotline at (877) 634-7163 (U.S./Canada) or +1 (424) 236-7219 (International); (b) visiting the Debtors' restructuring website at: https://www.kccllc.net/voyageraviation; and/or (c) writing to Ballot Processing, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, 3rd Floor El Segundo, CA 90245. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.

Dated: [●], 2023
    New York, New York

    */s/ DRAFT*
    Samuel A. Khalil, Esq.
    Lauren C. Doyle, Esq.
    Brian Kinney, Esq.
    Edward R. Linden, Esq.
    **MILBANK LLP**
    55 Hudson Yards
    New York, NY 10001
    Telephone:    (212) 530-5000
    Facsimile:    (212) 530-5219
    Email:    skhalil@milbank.com
        ldoyle@milbank.com
        bkinney@milbank.com
        elinden@milbank.com

    *Proposed Counsel to all Debtors and Debtors in Possession other than the Participation Debtors*

/s/ DRAFT
Cameron A. Gee, Esq.
Michael J. Edelman, Esq.
William W. Thorsness, Esq. (*pro hac vice pending*)
**VEDDER PRICE P.C.**
1633 Broadway, 31st Floor
New York, NY 10019
Telephone:     (212) 407-7700
Facsimile:     (212) 407-7799
Email:          cgee@vedderprice.com
                mjedelman@vedderprice.com
                wthorsness@vedderprice.com


*Proposed Counsel to the Participation Debtors*