John G. McCarthy, Esq.
Morgan V. Manley, Esq.
SMITH, GAMBRELL & RUSSELL, LLP
1301 Avenue of the Americas, 21st Floor
New York, New York 10019
Tel: (212) 907-9700
Fax: (212) 907-9800
*Attorneys for Creditor*
*Aviator Capital Fund V Global Master, LP.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

In re          :     Case No. 23-11177 (JPM)

Voyager Aviation Holdings, LLC, *et al*,     Chapter 11

                   Debtor.  :

------------------------------------X

## AVIATOR'S MOTION TO SHORTEN THE TIME FOR NOTICE OF THE HEARING ON ITS APPLICATION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 DIRECTING DEBTORS TO PRODUCE DOCUMENTS AND FOR RELATED RELIEF

Aviator Capital Fund V Global Master, LP. ("Aviator"), a creditor in this bankruptcy case, submits this motion (the "Motion"), by and through its undersigned counsel, pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for entry of an order substantially in the form attached hereto as **Exhibit A**, shortening the notice period for Aviator's application (the "Application") for an Order pursuant to Bankruptcy Rule 2004 directing the Debtors to produce documents regarding that certain Aircraft Sale and Purchase Agreement dated March 15, 2023 by and between Aviator and Panamera Aviation Leasing VI Limited and Panamera Aviation Leasing XI Limited, filed on even date herewith, and setting a hearing thereon, if necessary, for October 3, 2023 at 10:00 a.m., Prevailing Eastern Time, or as soon thereafter as the

Court is available.  In support of the Motion, Aviator respectfully states as follows:

### Jurisdiction

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Rules 9006(c) and Local Rule 9006-1(b).

### Background

3. On July 27, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4. Aviator is a limited partnership formed under the laws of the Cayman Islands, having its registered office at 94 Solaris Avenue, Camana Bay, Grand Cayman, Cayman Islands Ky1-1108.  Aviator, through its affiliated entities, is engaged primarily in the business of owning and leasing (as lessor) commercial aircraft on a global basis.

5. On March 15, 2023, Aviator and two of the Debtors, Panamera Aviation Leasing VI Limited and Panamera Aviation Leasing XI Limited (the "Sellers"), entered into that certain Aircraft Sale and Purchase Agreement (the "SPA") pursuant to which the Sellers agreed to sell to Aviator two (2) Airbus A330-343 Aircraft with MSNs 1554 and 1635 (the "Aircraft") [Exhibit A to the Application].  The Aircraft are on lease to, and are operated by, Turk Hava Yollari A.O. ("Turkish Airlines") under separate lease agreements between the respective Sellers, as "lessor", and Turkish Airlines, as "lessee" (collectively, the "Aircraft Leases").

6. After the filing of these bankruptcy cases, Aviator was informed that the Sellers intended to comply with their obligations under the SPA and close the transaction described therein.

Aviator diligently worked towards compliance with its obligations under the SPA and the Sellers in communications throughout the month of August, 2023 indicated that they were also diligently working towards closing.

7. An important condition to the SPA was the entry into lease transfer/novation agreements among each Seller, Aviator and Turkish Airlines. Under these agreements, Turkish Airlines would acknowledge the sale of the Aircraft, and agree to the transfer/novation of the Aircraft Leases. Obtaining Turkish Airlines' consent and entry into the lease transfer/novation agreements, and to provide certain other agreements and documents described in the Sale Agreement, was the responsibility of the Sellers, and Section 4.3 of the SPA required the Sellers to use "commercially reasonable efforts" to satisfy its conditions precedent. Section 4.3 of the SPA imposed the same obligation upon Aviator with respect to its conditions precedent.

8. The SPA allowed the parties to terminate if the sale was not accomplished by the "Final Transfer Date" which had been extended by agreement of the parties to August 31, 2023. On September 4, 2023, the Sellers sent a Notice of Termination to Aviator asserting that the SPA was terminated pursuant to Section 7.4.2(a) of the SPA [Exhibit B to the Application].

9. On August 30, 2023, prior to the Final Transfer Date, the Debtors filed the *SUPPLEMENTAL DECLARATION OF MICHAEL MASTERSON IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF ORDERS (I) (A) CONDITIONALLY SCHEDULING A SALE HEARING AND (B) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; (II) (A) AUTHORIZING THE PRIVATE SALE OF THE TARGET ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES PURSUANT TO THE PURCHASE AGREEMENT AND (B) GRANTING RELATED RELIEF [Docket No. 130]* which indicated that Azzora Explorer Holdings Limited (the

"Stalking Horse") would be purchasing the Aircraft for a total of $58,000,000. The purchase price in the SPA was $54,000,000.

10. Aviator believes that the Sellers did not comply with their obligations under the SPA to use their commercially reasonable efforts to satisfy their conditions precedent. Specifically, Aviator alleges that the Sellers intended to sell the Aircraft to the Stalking Horse at the higher price and purposefully and deliberately failed to pursue the consents and other documents from Turkish Airlines.

11. Aviator does not intend to bid at any auction of the Debtor's assets. The purpose of this 2004 examination is to determine the priority and amount of Aviator's claim against the Debtors.

12. For the reasons stated above, and because the General Claims Bar Date is scheduled for October 26, 2023 (the "Bar Date"), it is critical that Aviator both be heard and obtain relief on the Application in advance of the next Omnibus Hearing Date, and that Aviator have sufficient time to obtain the requested documents so as to analyze its claim against Debtors and, if necessary, submit a proof of claim in advance of the Bar Date.

## Basis for Relief

13. Local Rule 9006-1(b) provides that "[e]xcept as otherwise ordered by the Court, or required by the Bankruptcy Rules, all . . . motion papers shall be served at least fourteen (14) days before the return date." In addition, rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure authorizes the Court, for cause shown, to reduce the notice period required under Local Bankruptcy Rule 9006-1(b). Aviator submits that ample cause exists to shorten the notice period with respect to the Application.

14. Aviator submits that any reduction of time to file an Objection will not prejudice the rights of any party in interest. Aviator will serve the Application in accordance with the *Order*

*Establishing Certain Notice, Case Management, and Administrative Procedures* [ECF No. 146], which directs service on the Master Service List, including on the Debtors and their counsel, via email and first class mail. In addition, in advance of making this Motion and filing the Application, Aviator emailed a copy of the proposed order submitted on the Application to Debtors' counsel.

15.  Based on the foregoing, Aviator submits that cause exists to shorten the notice period with respect to the Application so that it can, if necessary, be heard on October 3, 2023, and that the objection deadline for the Application be October 2, 2023.

## Notice

16.  Pursuant to Bankruptcy Rule 9006(c)(1), the Court may shorten time without notice. Accordingly, no notice of this Motion has been given.

17.  No previous request for the relief sought herein has been made by Aviator to this or any other Court.

**WHEREFORE** Aviator respectfully requests that the Court approve the shortened notice period requested herein and grant such other and further relief as is just.

Dated: New York, New York
September 26, 2023

SMITH, GAMBRELL & RUSSELL, LLP

By: /s/ John G. McCarthy
John G. McCarthy
Morgan V. Manley
1301 Avenue of the Americas, 21st Floor
New York, New York 10019
Tel: (212) 907-9700
Fax: (212) 907-9800
jmccarthy@sgrlaw.com
mmanley@sgrlaw.com
*Attorneys for Creditor*
*Aviator Capital Fund V Global Master, LP*

5