**Hearing Date and Time: February 27, 2024 at 10:00 AM (ET)**
**Objection Deadline: February 12, 2024 at 4:00 PM (ET)**

Samuel A. Khalil, Esq.
Lauren C. Doyle, Esq.
Brian Kinney, Esq.
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219

Michael J. Edelman, Esq.
William W. Thorsness, Esq. (admitted *pro hac vice*)
**VEDDER PRICE P.C.**
1633 Broadway, 31st Floor
New York, New York 10019
Telephone:    (212) 407-7700
Facsimile:    (212) 407-7799

*Counsel to all Debtors and Debtors in Possession other than the Participation Debtors*[1]

*Counsel to the Participation Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) ) | Chapter 11 |
| Voyager Aviation Holdings, LLC *et al.,* | ) ) | Case No. Case No. 23-11177 (JPM) |
| Debtors.[2] | ) ) ) | (Jointly Administered) |

**NOTICE OF DEBTORS' FIRST OMNIBUS MOTION**
**FOR ENTRY OF AN ORDER (I) AUTHORIZING THE**
**REJECTION OF CERTAIN EXECUTORY CONTRACTS AND**
**UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF**

---

[1]    "Participation Debtors" means, collectively, Aetios Aviation Leasing 1 Limited, Aetios Aviation Leasing 2 Limited, Panamera Aviation Leasing XII Designated Activity Company, and Panamera Aviation Leasing XIII Designated Activity Company.

[2]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Voyager Aviation Holdings, LLC (8601); A330 MSN 1432 Limited (N/A); A330 MSN 1579 Limited (N/A); Aetios Aviation Leasing 1 Limited (N/A); Aetios Aviation Leasing 2 Limited (N/A); Cayenne Aviation LLC (9861); Cayenne Aviation MSN 1123 Limited (N/A); Cayenne Aviation MSN 1135 Limited (N/A); DPM Investment LLC (5087); Intrepid Aviation Leasing, LLC (N/A); N116NT Trust (N/A); Panamera Aviation Leasing IV Limited (N/A); Panamera Aviation Leasing VI Limited (N/A); Panamera Aviation Leasing XI Limited (N/A); Panamera Aviation Leasing XII Designated Activity Company (N/A); Panamera Aviation Leasing XIII Designated Activity Company (N/A); Voyager Aircraft Leasing, LLC (2925); Voyager Aviation Aircraft Leasing, LLC (3865); Voyager Aviation Management Ireland Designated Activity Company (N/A); and Voyager Finance Co. (9652). The service address for each of the Debtors in these cases is 301 Tresser Boulevard, Suite 602, Stamford, CT 06901.

## <u>IMPORTANT NOTICE TO COUNTERPARTIES</u>

> **All counterparties that receive this Motion have contracts or leases that are the subject of this Motion and you should locate your name and all applicable contracts or leases on Schedule 1 to this Motion.**

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") have filed a motion (the "<u>Motion</u>") for entry of an order, substantially in the form attached to the Motion as **<u>Exhibit A</u>**, authorizing the rejection of certain executory contracts and unexpired leases of personal property and granting certain related relief.

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "<u>Hearing</u>") to consider the Debtors' Motion will be held at **10:00 a.m. (prevailing Eastern Time) on February 27, 2024** before the Honorable John P. Mastando III, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 501, New York, NY 10004.

**PLEASE TAKE FURTHER NOTICE** that any objections or responses to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 146]; (c) be filed electronically with this Court on the docket of *In re Voyager Aviation Holdings, LLC*, Case 23-11177 (JPM) by registered users of this Court's electronic filing system and in accordance with the General Order M-399 (which is available on this Court's website at http://www.nysb.uscourts.gov) by **February 12, 2024 at 4:00 p.m. (prevailing Eastern Time)** (the "<u>Objection Deadline</u>"); and (d) be promptly served on the following parties: (i) the Chambers of the Honorable John P. Mastando III, United States Bankruptcy Court for the Southern

District of New York, One Bowling Green, New York, NY 10004; (ii) the Debtors, c/o Robert A.

Del Genio (robert.delgenio@fticonsulting.com); (iii) Milbank LLP, 55 Hudson Yards, New York,

NY 10001 (Attn: Samuel A. Khalil, Esq., Lauren C. Doyle, Esq., and Brian Kinney, Esq.

(skhalil@milbank.com, ldoyle@milbank.com, and bkinney@milbank.com), counsel for the

Debtors other than the Participation Debtors; (iv) Vedder Price, 1633 Broadway, 31st Floor, New

York, NY 10019 (Attn: Michael J. Edelman, Esq. and William W. Thorsness, Esq.

(mjedelman@vedderprice.com and wthorsness@vedderprice.com)), counsel for the Participation

Debtors; and (v) William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee,

201 Varick Street, Room 1006, New York, NY 10014 (Attn: Annie Wells, Esq., Daniel Rudewicz,

Esq., and Brian Masumoto, Esq.).

      **PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings for

subsequent hearings can be viewed and/or obtained by: (i) accessing the Court's website at

www.nysb.uscourts.gov, or (ii) on the website of the Debtors' claims and noticing agent, Kurtzman

Carson Consultants LLC ("KCC"), at www.kccllc.net/voyageraviation or by contacting KCC

directly at (877) 634-7163 (for callers within the United States and Canada) or +1 (424) 236-7219

(for international callers).

      **PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned

from time to time without further notice other than an announcement of the adjourned date or dates

at the Hearing or at a later hearing.

      **PLEASE TAKE FURTHER NOTICE** that you need not appear at the Hearing if you do

not object to the relief requested in the Motion.

      *[Remainder of page intentionally left blank]*

**PLEASE TAKE FURTHER NOTICE** that if you do not want the Court to grant the relief requested in the Motion, or if you want the Court to consider your view on the Motion, then you or your attorney must attend the Hearing.  If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting the relief requested in the Motion with no further notice or opportunity to be heard.

Dated: January 29, 2024
New York, New York

/s/ Lauren C. Doyle
Samuel A. Khalil, Esq.
Lauren C. Doyle, Esq.
Brian Kinney, Esq.
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219
Email:         skhalil@milbank.com
              ldoyle@milbank.com
              bkinney@milbank.com

*Counsel to all Debtors and Debtors in Possession other than the Participation Debtors*

/s/ Michael J. Edelman
Michael J. Edelman, Esq.
William W. Thorsness, Esq. (admitted *pro hac vice*)
**VEDDER PRICE P.C.**
1633 Broadway, 31st Floor
New York, NY 10019
Telephone:    (212) 407-7700
Facsimile:    (212) 407-7799
Email:         mjedelman@vedderprice.com
              wthorsness@vedderprice.com

*Counsel to the Participation Debtors*

**Hearing Date and Time: February 27, 2024 at 10:00 AM (ET)**
**Objection Deadline: February 12, 2024 at 4:00 PM (ET)**

Samuel A. Khalil, Esq.
Lauren C. Doyle, Esq.
Brian Kinney, Esq.
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:     (212) 530-5000
Facsimile:     (212) 530-5219

*Counsel to all Debtors and Debtors in*
*Possession other than the Participation*
*Debtors[1]*

Michael J. Edelman, Esq.
William W. Thorsness, Esq. (admitted *pro hac vice*)
**VEDDER PRICE P.C.**
1633 Broadway, 31st Floor
New York, New York 10019
Telephone:     (212) 407-7700
Facsimile:     (212) 407-7799

*Counsel to the Participation Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Voyager Aviation Holdings, LLC *et al.*, | Case No. 23-11177 (JPM) |
| Debtors.[2] | (Jointly Administered) |

**DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN**
**ORDER (I) AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY**
**CONTRACTS AND UNXPIRED LEASES AND (II) GRANTING RELATED RELIEF**

---

[1]   "Participation Debtors" means, collectively, Aetios Aviation Leasing 1 Limited, Aetios Aviation Leasing 2 Limited, Panamera Aviation Leasing XII Designated Activity Company, and Panamera Aviation Leasing XIII Designated Activity Company.

[2]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Voyager Aviation Holdings, LLC (8601); A330 MSN 1432 Limited (N/A); A330 MSN 1579 Limited (N/A); Aetios Aviation Leasing 1 Limited (N/A); Aetios Aviation Leasing 2 Limited (N/A); Cayenne Aviation LLC (9861); Cayenne Aviation MSN 1123 Limited (N/A); Cayenne Aviation MSN 1135 Limited (N/A); DPM Investment LLC (5087); Intrepid Aviation Leasing, LLC (N/A); N116NT Trust (N/A); Panamera Aviation Leasing IV Limited (N/A); Panamera Aviation Leasing VI Limited (N/A); Panamera Aviation Leasing XI Limited (N/A);  Panamera Aviation Leasing XII Designated Activity Company (N/A); Panamera Aviation Leasing XIII Designated Activity Company (N/A); Voyager Aircraft Leasing, LLC (2925); Voyager Aviation Aircraft Leasing, LLC (3865); Voyager Aviation Management Ireland Designated Activity Company (N/A); and Voyager Finance Co. (9652).  The service address for each of the Debtors in these cases is 301 Tresser Boulevard, Suite 602, Stamford, CT 06901.

1.      By this motion (the "Motion"), Voyager Aviation Holdings, LLC and its jointly administered debtors and debtors in possession (collectively, the "Debtors" and, together with their non-Debtor affiliates, the "Company") seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), approving the rejection of certain executory contracts and unexpired leases set forth in **Schedule 1** attached hereto.  In support of the requested relief, the Debtors respectfully state as follows:

## Background

2.      On July 27, 2023 (the "Petition Date"), each Debtor commenced a case under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), by filing a voluntary petition for relief in this Court (the "Chapter 11 Cases").  The Chapter 11 Cases are being jointly administered pursuant to the *Order Directing Joint Administration of These Chapter 11 Cases* [Docket No. 26].  The Debtors continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated.[3]

3.      On September 28, 2023, the Court entered the *Order (I) Authorizing (A) the Sale of the Target Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, and (B) the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (II) Granting Related Relief* [Docket No. 286] (the "Sale Order"), authorizing the sale of substantially all of the Debtors' operating assets to Azorra Explorer Holdings Limited (the "Purchaser"), pursuant to the agreement dated as of July 17, 2023 (the "Purchase Agreement").  As part of the sale to the

---

[3]    Further information regarding the Debtors' business, capital structure, the circumstances leading to the commencement of these cases, and the facts and circumstances supporting the relief requested in this Motion is set forth in the *Declaration of Robert A. Del Genio, Chief Restructuring Officer of Voyager Aviation Holdings, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 16].

Purchaser, the Debtors' employees were transferred to the Purchaser on January 1, 2024 (the "Handover Date"). In addition, the Debtors' principal operations were transferred to the Plan Administrator, Fexco, on the Handover Date. At present, the Debtors continue to complete the individual closings of the sale of the Target Assets in accordance with the terms of the Purchase Agreement and the Sale Order.

4. As of the Petition Date, the Debtors were parties to hundreds of contracts, including executory contracts with vendors, service providers, and employees, as well as leases for real and personal property. In general, these contracts provided goods and services necessary for the Debtors' day-to-day operations, particularly with respect to the management of the Debtors' offices in Stamford, Connecticut and Dublin, Ireland. For instance, certain Debtors are parties to a service agreement for payroll management, as well as office equipment leases for telephones and office amenities. However, in light of the occurrence of the Handover Date, the majority of these agreements are no longer necessary to support the Debtors' operations. Accordingly, the Debtors, with the assistance of their advisors, have undertaken a preliminary review to determine which of these executory contracts and unexpired leases impose ongoing burdens on the Debtors' estates, for which the Debtors are no longer in need of such goods and services.

5. On January 19, 2024, the Court entered orders authorizing the rejection of the Debtors' Dublin office lease and two office equipment leases.[4] The Debtors have since identified ten additional executory contracts and unexpired leases, each of which is described in **Schedule 1** attached hereto (collectively, the "Agreements"), which have become burdensome to their estates in light of the occurrence of the Handover Date. Eight of the Agreements are executory contracts,

---

[4]    *See Order (I) Authorizing Rejection of Unexpired Leases of Personal Property and (II) Granting Related Relief* [Docket No. 673] (authorizing rejection of conferencing equipment and office printer leases); *Order (I) Authorizing Rejection of an Unexpired Lease of Real Property and (II) Granting Related Relief* [Docket No. 674] (authorizing rejection of the Dublin office lease).

providing for, among other services, telephone service, business periodical subscriptions, and business travel benefits.  The remaining two Agreements are unexpired leases of office telephones and office water cooler equipment (the "Leased Equipment").  The Debtors have no further use for the Agreements and the Purchaser has expressed that it has not interest in the assignment of the Agreements.  Therefore, the Debtors seek authority to reject the Agreements, effective as of the date hereof.

6.      The Debtors will provide notice to the counterparties to the Agreements and arrange to return the Leased Equipment.  The Debtors assert that any potential termination fees, to the extent payable under the Agreements, would flow from the rejection of the Agreements and would not provide a benefit to the Debtors or their estates.

## Relief Requested

7.      The Debtors seek entry of an order authorizing (i) the rejection of the Agreements, effective as of January 29, 2024, and (ii) granting certain related relief.

8.      The statutory bases for the relief requested herein are section 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, rules 6004(h), 6006, 9006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 6006-1 and 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## Jurisdiction and Venue

9.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.  The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties,

cannot enter final orders or judgments in connection herewith consistent with Article III of the

United States Constitution. This matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2).

10.    Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Basis for Relief

**I.    Rejecting the Agreements Constitutes a Sound Exercise of the Debtors' Business Judgment.**

11.    Section 365(a) of the Bankruptcy Code provides that, subject to court approval, a

debtor in possession may reject "any executory contract or unexpired lease of the debtor."

11 U.S.C. § 365(a). Courts generally authorize debtors to reject executory contracts and unexpired

leases where the decision to do so is the result of the debtors' "business judgment." *See Orion*

*Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1098 (2d

Cir. 1993) ("The purpose behind allowing the . . . rejection of executory contracts is to permit the

trustee or debtor-in-possession to . . . renounce title to and abandon burdensome property."); *In re*

*Old Carco LLC*, 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009) ("The business judgment standard is

employed by courts in determining whether to permit a debtor to assume or reject a contract."); *In*

*re Republic Airways Holdings Inc.*, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (same); *In re Delta*

*Air Lines, Inc.*, 359 B.R. 468, 476 (Bankr. S.D.N.Y 2006) (same).

12.    The "business judgment" standard merely requires that the rejection of an executory

contract or unexpired lease will benefit the debtor's estate in some way. *See, e.g.*, *NLRB v. Bildisco*

*& Bildisco* (*In re Bildisco*), 682 F.2d 72, 79 (3d Cir. 1982), *aff'd*, 465 U.S. 513 (1984) ("The usual

test for rejection of an executory contract is simply whether rejection would benefit the estate");

*In re Enron Corp.*, No. 01 B 16034 (AJG), 2006 WL 898033, at *4 (Bankr. S.D.N.Y. Mar. 24,

2006) ("In determining whether to approve a [debtor's] decision to reject . . . [a] contract, a court

applies the 'business judgment' test which is met if the rejection is beneficial to the estate."); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992) (same); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 673 (Bankr. S.D.N.Y. 1989) (same).

13.     Under the business judgment standard, a debtor's decision to reject an executory contract or unexpired lease should be approved unless it "derives from bad faith, whim or caprice." *In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006) (quoting *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 183 (Bankr. D.N.J. 2002) (internal quotations omitted)); *In re Grubb & Ellis Co.*, No. 12-10685 (MG), 2012 WL 1036071, at *4 (Bankr. S.D.N.Y Mar. 27, 2012) ("Courts should not generally interfere with business decisions absent a showing of 'bad faith, self-interest, or gross negligence.'") (citation omitted); *In re MF Glob. Holdings Ltd.*, 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012) (same); *In re Balco Equities Ltd., Inc.*, 323 B.R. 85, 98 (Bankr. S.D.N.Y. 2005) (same); *see also Lubrizol Enters., Inc. v. Richmond Metal Finishes, Inc.* (*In re Richmond Metal Finishes, Inc.*), 756 F.2d 1043, 1047 (4th Cir. 1985).  Accordingly, if the debtor has exercised its sound business judgment in determining that rejection is in the best interests of the estate, the court should approve the rejection "as a matter of course," except in extraordinary situations.  *In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981).

14.     Here, the Debtors believe that rejection of the Agreements is well within their sound business judgment and in the best interests of their estates.  The Agreements no longer benefit the estates because, following the Handover Date, the Debtors no longer have employees or offices. Likewise, the Plan Administrator has assumed responsibility for the Debtors' remaining operations and has no use for the goods and services provided pursuant to the Agreements.  As such, any obligation imposed upon the Debtors by the Agreements will necessarily harm the estates without

any concomitant benefit. Thus, rejection of the Agreements is within the Debtors' sound business judgment and is necessary to avoid depletion of the Debtors' remaining assets.

**II.    The Court Should Authorize Rejection of the Agreements as of January 29, 2024.**

15.    Although section 365 of the Bankruptcy Code does not address whether a court may deem a rejection effective prior to the date that it enters an order authorizing such rejection, bankruptcy courts may, in their discretion, authorize retroactive rejections under principles of equity. *In re Jamesway Corp.,* 179 B.R. 33, 38 (S.D.N.Y. 1995); *see also In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028 (1st Cir. 1995) ("In the section 365 context, . . . bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); *In re CCI Wireless, LLC*, 297 B.R. 133, 140 (Bankr. D. Colo. 2003) ("because section 365 does not, as a matter of law, prohibit selection of a retroactive date for rejection, [a] bankruptcy court has authority under section 365(d)(3) to set the effective date of rejection *at least as early as the filing date of the motion to reject*.") (emphasis added); *BP Energy Co. v. Bethlehem Steel Corp.*, No. 02 CIV. 6419 (NRB), 2002 WL 31548723, at *4 (S.D.N.Y. Nov. 15, 2002) (same).

16.    A bankruptcy court's determination regarding the appropriateness of retroactive rejection is fact-specific and depends on a number of factors, including the costs that a delayed rejection would otherwise impose on a debtor. *See Jamesway*, 179 B.R. at 38. Courts also may consider whether the debtor has provided sufficient notice of its intent to reject an agreement. *See In re GCP CT School Acquisition LLC*, 429 B.R. 817, 832 (B.A.P. 1st Cir. 2010). Furthermore, a debtor's timely surrender of leased property weighs in favor of retroactive rejection because it enables the lessor to relet the property in an expeditious manner. *See In re Adelphia Bus. Solutions*, 482 F.3d 602, 608–09 (2d Cir. 2007).

7

17.    In the present case, the balance of the equities strongly favors approval of retroactive rejection of the Agreements.  First, the counterparties will not be unduly prejudiced. The Debtors have already informed LNRS that they will not continue to perform under the applicable Agreement.  Because this Motion will be filed and served on January 29, 2024, the remaining counterparties will have received notice of the rejections on or before the proposed rejection date.  Moreover, the Debtors will arrange for the prompt turnover of the Leased Equipment to the respective lessors so that the lessors can seek new lessees in an expeditious manner, in accordance with *In re Adelphia*, 408 F.3d at 608–09.

18.    Second, if the Debtors are unable to reject the Agreements retroactive to the date hereof, they may continue to incur unnecessary administrative expenses without any commensurate benefit to the Debtors or their estates especially where the Debtors' obligations are incurred monthly at the start of a new month.  Such an outcome would be unfair and prejudicial to the Debtors, their estates, and their creditors.  *See In re Ames Dep't Stores, Inc.*, 306 B.R. 43, 51-52 (Bankr. S.D.N.Y. 2004) ("[t]he right of a debtor-in-possession to reject certain contracts is fundamental to the bankruptcy system because it "provides the . . . debtor-in-possession with the means to relieve the estate of the duty to perform on burdensome obligations at the expense of all of the estate's other creditors, and to avoid the incurrence of additional administrative expenses which lack a corresponding benefit to the estate.").

19.    Based on the foregoing, the Debtors submit that the relief requested in this Motion, including the proposed rejection of the Agreements as of the date of filing this Motion, is necessary and appropriate, in the best interests of the Debtors' estates, and should be granted.

8

**Compliance With Bankruptcy Rule 6006(f)**

20.    Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple

executory contracts or unexpired leases that are not between the same parties, stating, in relevant

part, that such motion shall:

(a)    state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

(b)    list parties alphabetically and identify the corresponding contract or lease;

(c)    be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

(d)    be limited to no more than 100 executory contracts or unexpired leases.

21.    The Debtors respectfully submit that the relief requested in this Motion complies

with the requirements of Bankruptcy Rule 6006(f), as outlined above.

**Motion Practice**

22.    This Motion includes citations to the applicable rules and statutory authorities upon

which the relief requested herein is predicated and a discussion of their application to this Motion.

Accordingly, the Debtors submit that this Motion satisfies Local Bankruptcy Rule 9013-1(a).

**Relief Under Bankruptcy Rule 6004(h)**

23.    Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease

of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court

orders otherwise."  The Debtors further request that the Order approving the relief sought herein

be made effective immediately, and that the Court waive the automatic fourteen-day stay that

would otherwise apply under Bankruptcy Rule 6004(h).

**Notice**

24.    The Debtors will provide notice of this Motion to (a) the Office of the United States

Trustee for the Southern District of New York; (b) counsel to the Required Consenting

Noteholders, Clifford Chance US LLP; (c) counsel to the Aircraft Facility Lenders; (d) counsel to

the Indenture Trustee of the Secured Notes; (e) counsel to the Purchaser, Paul, Weiss, Rifkind,

Wharton & Garrison LLP and Pillsbury Winthrop Shaw Pittman LLP; (f) the Securities and

Exchange Commission; (g) the Internal Revenue Service; (h) the Office of Foreign Assets Control

of the United States Department of Treasury; (i) the United States Attorney's Office for the

Southern District of New York; (j) the office of the attorneys general for the states in which the

Debtors operate; (k) each of the counterparties for each of the Agreements set forth in **Schedule 1**

to this Motion; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002

(collectively, the "Notice Parties"). The Debtors submit that, in view of the facts and

circumstances, such notice is sufficient and no other or further notice need be provided.

### No Previous Request

25.    No prior request for the relief sought in this Motion has been made to this or any

other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the requested relief and such other relief as the Court may deem just and proper.

Dated: January 29, 2024
     New York, New York

                              */s/ Lauren C. Doyle*
                              Samuel A. Khalil, Esq.
                              Lauren C. Doyle, Esq.
                              Brian Kinney, Esq.
                              **MILBANK LLP**
                              55 Hudson Yards
                              New York, NY 10001
                              Telephone:    (212) 530-5000
                              Facsimile:    (212) 530-5219
                              Email:         skhalil@milbank.com
                                              ldoyle@milbank.com
                                              bkinney@milbank.com

                              *Counsel to all Debtors and Debtors in Possession*
                              *other than the Participation Debtors*

                              */s/ Michael J. Edelman*
                              Michael J. Edelman, Esq.
                              William W. Thorsness, Esq. (admitted *pro hac vice*)
                              **VEDDER PRICE P.C.**
                              1633 Broadway, 31st Floor
                              New York, New York 10019
                              Telephone:    (212) 407-7700
                              Facsimile:    (212) 407-7799
                              Email:         mjedelman@vedderprice.com
                                              wthorsness@vedderprice.com

                              *Counsel to the Participation Debtors*

## Schedule 1

### Rejected Contracts and Leases

| Agreement | Description | Non-Debtor Counterparty | Debtor Party |
|---|---|---|---|
| Avaya Cloud Office Amended Agreement (Dated as of January 31, 2022) | Lease and service of office phones and related software[1] | Avaya Inc. 1 Pennsylvania Plaza 16th Floor New York, New York 10119 United States - and - RingCentral, Inc. 20 Davis Drive Belmont, California 94002 United States | Voyager Aviation Holdings, LLC |
| AVITAS Service Agreement (Dated as of December 27, 2022) | Online aircraft appraisals with portfolio service | AVITAS, Inc. 14520 Avion Parkway Suite 300 Chantilly, Virginia 20151 United States | Voyager Aviation Management Ireland DAC |
| BDO Service Agreement (Dated as of June 11, 2019) | Payroll management service | BDO Ireland Block 3, Miesian Plaza, 50-58 Baggot Street Lower, Dublin 2, D02 Y754 Ireland | Voyager Aviation Management Ireland DAC |
| Business Wire Special Pricing Agreement (Dated as of July 26, 2021) | Press release and news distribution service | Business Wire, Inc. 101 California Street 20th Floor San Francisco, California 94111 United States | Voyager Aviation Holdings, LLC |
| Conrad Dublin Discount Corporate Rate Agreement (Dated as of January 1, 2023) | Discounted hotel accommodations for business travel guests | Conrad Dublin Earlsfort Terrace, Saint Kevin's, Dublin 2, D02 V562 Ireland | Voyager Aviation Holdings, LLC |
| Crystal Clear Lease and Service Agreement (Dated as of January 10, 2022) | Lease and service of office cooler system and associated supplies[2] | Crystal Clear Springs Enterprises Limited, Co. Moneen South, Meelick, Co. Clare, V94 X2FK Ireland | Voyager Aviation Management Ireland DAC |

---

[1]    Includes leases for three (3) Avaya IX Conference Phone B199 units and fifteen (15) Avaya IX IP Phone J159 units.  The Debtors will arrange for the return of this property to the lessor as soon as practicable.

[2]    Includes the lease of one (1) Standard Office Water Cooler with Integrated Cup Holder and "Kalix Autodrain" system.  The Debtors will arrange for the return of this property to the lessor as soon as practicable.

| Agreement | Description | Non-Debtor Counterparty | Debtor Party |
|---|---|---|---|
| IBA Insight License Agreement (Dated as of December 19, 2022) | Global aviation data and intelligence service | IBA Group Limited IBA House 7, The Crescent, Leatherhead, Surrey, KT22 8DY United Kingdom | Voyager Aviation Holdings, LLC |
| LNRS License Agreement (Cirium Aviation Analytics) (Dated as of April 24, 2023) | Online aircraft appraisals with portfolio service | LNRS Data Services, Inc. Reed Business Information Credit Services, Wellesley Road Sutton, Surrey, SM2 5NP United Kingdom | Voyager Aviation Holdings, LLC |
| Tiralis Subscription Agreement (Dated as of September 9, 2019) | Airline credit risk management service | Tiralis Global Consulting (UK) Ltd International House, Cromwell Road, London, Kensington SW7 United Kingdom | Voyager Aviation Management Ireland DAC |
| T-Mobile Utilities Agreement | Mobile communications service | T-Mobile Bankruptcy Team P.O. Box 53410 Bellevue, Washington 98015 United States | Voyager Aviation Holdings, LLC |

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| Voyager Aviation Holdings, LLC *et al.*, | ) Case No. 23-11177 (JPM) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |

### ORDER (I) AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

Upon the motion [Docket No. [●]] (the "Motion")[2] of the above-captioned debtors and

debtors in possession (the "Debtors") for entry of an order (i) authorizing the Debtors to reject the

Agreements, effective as of January 29, 2024 and (ii) granting related relief, as more fully set forth

in the Motion; and the Court having reviewed the Motion and having heard the statements of

counsel regarding the relief requested in the Motion at a hearing before the Court, if any (the

"Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant

to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated

January 31, 2012 (Preska, C.J.); (b) this is a core proceeding pursuant to 28 U.S.C. §§ 157(a)-(b)

and 1334(b); (c) venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and (d)

due and proper notice of the Motion and the Hearing was sufficient under the circumstances and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Voyager Aviation Holdings, LLC (8601); A330 MSN 1432 Limited (N/A); A330 MSN 1579 Limited (N/A); Aetios Aviation Leasing 1 Limited (N/A); Aetios Aviation Leasing 2 Limited (N/A); Cayenne Aviation LLC (9861); Cayenne Aviation MSN 1123 Limited (N/A); Cayenne Aviation MSN 1135 Limited (N/A); DPM Investment LLC (5087); Intrepid Aviation Leasing, LLC (N/A); N116NT Trust (N/A); Panamera Aviation Leasing IV Limited (N/A); Panamera Aviation Leasing VI Limited (N/A); Panamera Aviation Leasing XI Limited (N/A); Panamera Aviation Leasing XII Designated Activity Company (N/A); Panamera Aviation Leasing XIII Designated Activity Company (N/A); Voyager Aircraft Leasing, LLC (2925); Voyager Aviation Aircraft Leasing, LLC (3865); Voyager Aviation Management Ireland Designated Activity Company (N/A); and Voyager Finance Co. (9652). The service address for each of the Debtors in these cases is 301 Tresser Boulevard, Suite 602, Stamford, CT 06901.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

that no other notice need be provided; and the Court having determined that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that

the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and

other parties-in-interest; and upon all of the proceedings had before the Court and after due

deliberation and sufficient cause appearing therefor;

       **IT IS HEREBY ORDERED THAT**:

1.      The Motion is granted as set forth herein.

2.      The Agreements set forth in **<u>Schedule 1</u>** to the Motion are hereby rejected, as of

January 29, 2024 (the "<u>Rejection Date</u>").

3.      Notwithstanding the relief granted in this Order and any actions taken pursuant to

such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim

against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute

any claim of any party arising from or relating to the Agreements on any grounds; (c) a promise

or requirement to pay any claim; (d) the assumption by the Debtors of any obligations or liabilities

of any other party arising from or relating to the Agreements; (e) an implication or admission that

any particular claim is of a type specified or defined in the Motion or this Order; (f) a request or

authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of

the Bankruptcy Code; or (g) a waiver of the Debtors' or any other party in interest's rights under

the Bankruptcy Code or any other applicable law.

4.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order

shall be immediately effective and enforceable upon its entry.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order in accordance with the Motion

   6.  This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, or enforcement of this Order.

New York, New York
Dated: _____, 2024

        _____

        HONORABLE JOHN P. MASTANDO III
        UNITED STATES BANKRUPTCY JUDGE